UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST FED BANK, a Washington state commercial bank,<br><br>       Plaintiff,<br><br> vs.<br><br>BLC WATER COMPANY LLC, a Nevada Limited Liability Company, Brian S. Chu, an individual, and Larina H. Chu, an individual,<br><br>       Defendants. | No. 3:24-cv-05729-JHC<br><br>**MOTION TO CONSOLIDATE AND STAY SIX DECLARATORY JUDGMENT ACTIONS FILED BY FIRST FED**<br><br>**NOTING DATE: OCTOBER 1, 2024**<br><br>3:24-cv-05729-JHC<br>3:24-cv-05730-JNW<br>3:24-cv-05731-DGE<br>3:24-cv-05732-BHS<br>3:24-cv-05736-BHS<br>2:24-cv-01389-KKE |

## I. RESERVATION OF RIGHTS

The moving defendants have not been served with this lawsuit. They do not waive service and are making a limited appearance in this suit at this time to file this motion. The purpose of this limited appearance is to consolidate this lawsuit with other similar lawsuits and stay that consolidated action pending the lawsuit currently pending in King County Superior Court, which subsumes all of the issues raised in this action.

MOTION TO CONSOLIDATE AND STAY ACTIONS – 1
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## II. RELIEF REQUESTED

First Fed preemptively initiated several declaratory judgment actions in this Court against First Fed borrowers in anticipation of those borrowers' recently filed suit for damages in King County Superior Court. Those borrowers (hereinafter the "First Fed Borrowers") now move this Court to consolidate the several declaratory judgment actions into this action and stay the proceedings, pending a resolution in state court.

First Fed was a substantial contributor to a water vending company, WST, that was recently exposed as a Ponzi scheme. In addition to loaning WST $28 million directly, First Fed also hedged its investment by loaning additional funds to WST through unsuspecting borrowers. WST would pitch inexperienced investors on its scheme and encourage them to get small business loans from First Fed to invest in WST. First Fed would then enter into loan agreements with the unsuspecting borrowers, take security interests in their personal assets, and deliver the loan proceeds directly to WST. In this way, First Fed was able to shore up the bet it had made on WST with the plaintiffs' assets and inject newfound liquidity into the Ponzi scheme.

Not only did First Fed have superior access and knowledge regarding the Ponzi scheme, but First Fed never disclosed to borrowers that the bank had an inherent conflict of interest in loaning to both WST and its potential investors. While it churned and burned through the perfunctory loan approval process for its special WST loan program, First Fed's senior loan officer, Kasi O'Leary, was in constant communication via text message with insiders of the Ponzi scheme.

Now that the Ponzi scheme has inevitably become insolvent, First Fed is aggressively seeking to enforce the fraudulently obtained loans. As discovery has unfolded in proceedings against the Ponzi scheme, an increasingly clear picture is being painted regarding First Fed's

MOTION TO CONSOLIDATE AND STAY ACTIONS – 2
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

involvement. As such, First Fed Borrowers asserted affirmative claims for damages including CPA violations, securities fraud, and other claims under Washington law against First Fed and other defendants. The claims against First Fed were part of a larger action against multiple banks. After First Fed removed that entire action to federal court, the seven plaintiffs with claims against First Fed voluntarily dismissed those claims without prejudice in part to facilitate settlement discussions.

After initially suing borrower-investors in King County Superior Court in June, First Fed simultaneously brought individual declaratory judgment actions against six of the First Fed Borrowers in this Court and one separate action against the seventh First Fed Borrower in King County Superior Court. To promote judicial economy, seven First Fed Borrowers, plus one additional borrower represented by different counsel, have brought a single action in King County Superior Court re-asserting their claims against First Fed. First Fed's declaratory actions seek a limited declaratory judgment about the validity of the loan agreements. The action brought by the borrowers in state court advances several affirmative claims and seeks damages. First Fed's conduct, coupled with the anticipatory filing of the several declaratory actions in anticipation of borrowers' lawsuit, makes declaratory relief inappropriate. The enforceability of the subject loans should be litigated within the context of the state law claims advanced by the First Fed borrowers—and within the confines of the state court actions commenced by both the First Fed Borrowers and First Fed itself.

In light of the totality of the circumstances, the First Fed Borrowers respectfully request that this Court exercise its discretion to consolidate and stay (or dismiss) the six declaratory judgment actions filed by First Fed in this Court, pending a decision in state court.

MOTION TO CONSOLIDATE AND STAY ACTIONS – 3
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### III. STATEMENT OF FACTS

As set forth in the First Fed Borrowers' action filed in King County Superior Court on September 6, 2024 under Cause No. 24-2-20247-1 SEA (the "Consolidated Superior Court Action"), the First Fed Borrowers allege that First Fed violated its state law statutory and common law duties to First Fed Borrowers in connection with business loans they were issued to invest in a water vending company founded and operated by an individual named Ryan Wear ("WST").[1] Unbeknownst to the First Fed Borrowers at the time, they were induced to invest with business loans from First Fed in what has turned out to be a Ponzi scheme.[2] This alleged Ponzi scheme has since unraveled and produced litigation in multiple forums throughout the state.[3]

On March 25, 2024, First Fed filed a first lawsuit against one of the First Fed Borrowers in King County Superior Court in the matter captioned as First Fed Bank v. Deren Flesher, King County Cause No. 24-2-06473-7 SEA (the "Flesher Action").[4] First Fed asserted that the borrower-investor Royal Reservoirs, LLC, had failed to make monthly payments.[5] As a result, it commenced an action against Flesher as the guarantor of the loan and sued for the accelerated balance of $282,994.53.[6]

On April 16, 2024, investors, including two of the First Fed Borrowers in this action, commenced litigation against Wear and his entities in Snohomish County Superior Court (the

---

[1] Declaration of John T. Bender in Support of Motion to Consolidate and Stay Six Declaratory Judgment Actions Filed by First Fed dated September 10, 2024 ("Bender Decl."), ¶2, Ex. A at ¶¶80-116.
[2] Bender Decl., ¶2, Ex. A at ¶3.
[3] *Id.*, ¶3.
[4] *Id.*, ¶4, Ex. B.
[5] *Id.*, ¶4, Ex. B at ¶3.2.
[6] *Id.*, ¶4, Ex. B at ¶4.2.

MOTION TO CONSOLIDATE AND STAY ACTIONS – 4
(3:24-cv-05729-JHC)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

"Snohomish Action").[7] On April 26, 2024, those investors obtained a Temporary Restraining Order against Wear and his entities preventing the dissipation of assets.[8]

On April 17, 2024, First Fed filed a petition to appoint a general receiver over Ideal Property Investments, LLC ("Ideal") in King County Superior Court; Ideal is one of Ryan Wear's entity that was named as defendant in the Snohomish Action.[9] The Court entered an order appointing a general receiver in the Ideal case on May 3, 2024.[10]

On May 14, 2024, First Fed filed a petition to appoint a general receiver of another Wear entity in King County Superior Court.[11] That petition was granted on or about May 15, 2024.[12]

In the receivership proceedings, and the Ideal receivership proceedings in particular, the investors in the Snohomish Action, including the First Fed Borrowers, objected to the distribution of proceeds to First Fed on the basis that First Fed played a key role in facilitating the Ponzi scheme.[13]

On June 5, 2024, First Fed filed a Complaint for Monies Due in King County Superior Court against borrowers Tyler and Natalie Sadek, and their related entity, Founders Mosaic Partners, LLC.[14]

On or about June 13, 2024, upon agreement by the parties, under which Royal Reservoirs agreed to make past due and future payments under a reservation of rights, the parties stipulated to the dismissal of the Flesher Action filed by First Fed in King County without prejudice.[15]

---

[7] Bender Decl., ¶5, Ex. C.
[8] *Id*. ¶6, Ex. D.
[9] *Id*. ¶7, Ex. E.
[10] *Id*. ¶8, Ex. F.
[11] *Id*. ¶9, Ex. G.
[12] *Id*. ¶10, Ex. H.
[13] *Id*. ¶11, Ex. I.
[14] *Id*. ¶28, Ex. W.
[15] *Id*. ¶12, Ex. J.

MOTION TO CONSOLIDATE AND STAY ACTIONS – 5
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

On June 20, 2024, the investors in the Snohomish Action amended their complaint to add several dozen other Wear investors.[16] The added investors included the First Fed Borrowers in these proceedings, who also asserted claims against First Fed ("First Fed Borrowers").[17] The First Fed Borrowers subsequently served First Fed with numerous requests for production.[18]

On August 1, 2024, First Fed removed the Snohomish Action to the Western District of Washington, in violation of the automatic stay entered in connection with the Ideal Property receivership proceedings. The Hon. Judge Tana Lin was assigned to the case.[19]

On August 6, 2024, the First Fed Borrowers filed a notice of voluntary dismissal without prejudice of the First Fed parties in the now-removed Snohomish Action.[20] In connection with doing so, undersigned counsel notified counsel for First Fed that it was doing so in part to facilitate a cooling off period that would hopefully facilitate meaningful settlement discussions.[21]

On or about August 27, 2024, certain unrelated creditors filed an involuntary bankruptcy petition against the Wear entities in Texas, triggering an automatic stay of the Snohomish Action.[22]

On August 30, 2024, the First Fed Borrowers renewed their previous request for remand to Snohomish County Superior Court, with a "TBD" noting date to preserve their rights to remand.[23] Among the basis for remand was the fact that First Fed's removal of the Snohomish

---

[16] Bender Decl. ¶13, Ex. K.
[17] Bender Decl., ¶13, Ex. K at ¶¶211-286.
[18] *Id*. ¶14, Ex. L.
[19] *Id*. ¶15, Ex. M.
[20] *Id*. ¶16, Ex. N.
[21] *Id*. ¶17.
[22] *Id*. ¶18, Ex. O.
[23] *Id*. ¶19, Ex. P.

MOTION TO CONSOLIDATE AND STAY ACTIONS – 6
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Action violated the automatic stay imposed in the Ideal Property receivership and was therefore void.[24] (First Fed's bad faith litigation conduct is alleged as a basis for relief in the First Fed Borrowers' Consolidated Superior Court Action currently pending in King County Superior Court.[25]).

On September 3, 2024, First Fed preemptively commenced seven separate declaratory judgment actions against the First Fed Borrowers.[26] One of the declaratory judgment actions was filed in King County Superior Court against Kwansoo Lee and related entities and was served on or about September 5, 2024.[27] The other six declaratory judgment actions were filed in the Western District of Washington.[28]

On September 6, 2024, the First Fed Borrowers filed their Consolidated Superior Court Action in King County Superior Court, which was served on First Fed, its parent company, and several of its control people that same day.[29] The Consolidated Superior Court Action attached, as appendices, evidence supporting their claims, including text messages dating back to 2022 between one of First Fed's senior loan officers (Kasi O'Leary) and an insider at Wear's companies.[30]

On September 7 and 8, 2024, one of the First Fed Borrowers was harassed by a process server apparently working for First Fed to serve one of the federal declaratory judgment actions, prompting the borrower so submit a police report regarding the interaction.[31]

---

[24] *Id*. ¶19, Ex. P at ¶¶5, 12.
[25] *Id*. ¶2, Ex. A at ¶¶72-79.
[26] Bender Decl. ¶20, Ex. Q; *See also* Complaints for Declaratory Relief, Dkts. 1 in the following actions: 3:24-CV-05729; 24-CV-05736-BHS; 3:24-CV-05732-BHS; 3:24-CV-05730-JNW; 2:24-CV-01389; and 3:24-CV-05731.
[27] Bender Decl. ¶¶20-21, Ex. Q.
[28] *See* Complaints for Declaratory Relief, Dkts. 1 in the following actions: 3:24-CV-05729; 24-CV-05736-BHS; 3:24-CV-05732-BHS; 3:24-CV-05730-JNW; 2:24-CV-01389; and 3:24-CV-05731.
[29] Bender Decl. ¶2, Ex. A, and ¶22, Ex. R.
[30] *Id*. ¶2, Ex. A, Appendix B.
[31] *Id*. ¶23, Ex. S.

MOTION TO CONSOLIDATE AND STAY ACTIONS – 7
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

On September 9, 2024, the First Fed Borrowers issued another set of requests for production to First Fed in the Consolidated Superior Court Action.[32] The First Fed Borrowers also issued a subpoena for a deposition and documents of Kasi O'Leary, setting the deposition for October 25, 2024.[33]

In addition, on September 9, 2024, the First Fed Borrowers filed a motion to consolidate the Lee and Sadek actions commenced by First Fed and the Consolidated Superior Court Action commenced by the First Fed Borrowers.[34]

Further, on September 9, 2024, the First Fed Borrowers convened a call with counsel for First Fed.[35] Counsel for the First Fed Borrowers asked that First Fed agree to adjudicate the parties' disputes in King County, where three proceedings were already commenced (two of which were filed and served by First Fed, one of which was filed and served by First Fed Borrowers) and discovery had begun.[36] Counsel for First Fed said that they believed the state court matters should yield to the federal actions despite the fact that they had not been served.[37] Counsel for the First Fed Borrowers asked if First Fed's counsel had any authority to support the proposition that a federal court had authority to stay actions properly commenced and proceeding in state court.[38] First Fed's counsel said that it did have such authority, but that it was not willing to share it.[39]

---

[32] *Id.* ¶24, Ex. T.
[33] *Id.* ¶25, Ex. U.
[34] *Id.* ¶26, Ex. V.
[35] *Id.* ¶27.
[36] *Id.* ¶23, Ex. S.
[37] *Id.*
[38] *Id.*
[39] *Id.*

MOTION TO CONSOLIDATE AND STAY ACTIONS – 8
(3:24-cv-05729-JHC)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## IV. STATEMENT OF ISSUE

Should this Court consolidate First Fed's six declaratory judgment actions and exercise its discretion to stay the consolidated action pending resolution of the Superior Court actions? Yes.

## V. EVIDENCE RELIED UPON

This motion is based on the concurrently filed Declaration of John Bender and exhibits thereto, the records filed in the above-captioned lawsuit, and the records contained within the relevant state court actions.

## VI. AUTHORITY

**A. The Court should consolidate the six declaratory judgment actions because they all arise from similar facts and feature many identical legal issues.**

Under CR 42(a), the district court may consolidate cases that contain common questions of law or fact. This Court's discretion under CR 42(a) is broad. *O'Donahue v. Tuugiiboss Trans Inc.*, 2024 WL 1533612, at *2 (W.D. Wash. Apr. 8, 2024) (citing *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008)); *In re Adams Apple, Inc.*, 829 F.2d 1484 (9th Cir. 1987). Based on the liberal standard applied under CR 42, consolidation of cases arising from the same operative facts or events has become the norm, even when brought by different plaintiffs against different defendants alleging different theories. *See, e.g., Mariani v. United Air Lines, Inc.*, No. 01 CIV-11628 (S.D.N.Y. July 24, 2002) (consolidating all actions "currently pending or hereinafter filed" against any airline "for wrongful death, personal injury, and property damage or business loss" resulting from or relating to September 11, 2001).

The six cases filed by First Fed in this Court should be consolidated. They all arise out of loans made close in time, on similar terms, for the purpose of funding the same venture. The allegations in the six complaints closely track each other. The arguments against declaratory relief that would be made by the defendants in the six declaratory relief cases would involve

MOTION TO CONSOLIDATE AND STAY ACTIONS – 9
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

similar facts and overlapping issues of law. None of the cases is more advanced than any other. Leaving the six cases as separate actions would create a risk of inconsistent results and would needlessly occupy judicial time and resources.

**B.  When facing parallel lawsuits in state and federal court, the proper inquiry for the Court is whether it should stay or dismiss the federal case in favor of the state proceedings.**

Parallel litigation involving the same issues in both state and federal court is a fact of life in a duel court system. The Ninth Circuit has long recognized that "[t]he rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system." *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003). The Ninth Circuit has explained that "'one of the costs of our dual court system'" is the periodic existence of "'simultaneous litigation in state and federal courts on the same issue[,]'" *id*. (*quoting Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 524-25, 106 S.Ct. 768 (1986)), but that these costs "are mitigated by a number of abstention doctrines that permit, and often require, a federal court to abstain in favor of state court litigation." *Id*. at 1159.

Accordingly, the Ninth Circuit has instructed that when faced with parallel lawsuits in state and federal court "the proper inquiry for the district court [is] whether to abstain from the case." *Henderson v. Bonaventura*, 659 F. App.'x 639, 641 (9th Cir. 2016).

Here, First Fed Borrowers submit at least two abstention doctrines (or equivalent) justify an order by this Court staying or dismissing First Fed's six declaratory judgment actions in favor of the Consolidated Superior Court Action: (1) the Court's discretion to stay actions seeking declaratory judgment where there is parallel state court litigation under *Wilton* and its progeny and (2) the Court's discretion to say or dismiss a federal case where is parallel state court litigation under *Colorado River*.

MOTION TO CONSOLIDATE AND STAY ACTIONS – 10
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**C. Whether or not the Court consolidates these cases, the Court should stay these declaratory judgment actions in favor of the substantive Superior Court action pursuant to *Wilton* and its progeny.**

Federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction. *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L.Ed. 1620 (1942). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1231–32 (9th Cir. 1998) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)). "In the declaratory judgment context, the normal principal that federal courts should adjudicate claims within their jurisdiction yield to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

In *Wilton*, the Supreme Court adopted several factors to determine whether a district should resolve – or stay – a declaratory action: 1) whether there is a pending state action in which all of the matters in a controversy may be fully litigated; 2) whether the plaintiff filed suit in anticipation of the lawsuit filed by the defendant; 3) whether the plaintiff engaged in forum shopping; 4) whether inequities exist; 5) whether the federal court is a convenient forum; and 6) whether retaining the lawsuit would serve purposes of judicial economy. *Id.* at 287; *see also Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (explaining that countervailing interests in state actions may constitute exceptional circumstances for a federal court to abstain from declaratory relief); *Ivy-Mar Co., Inc. v. Weber-Stephen Products, Co.*, 1993 WL 535166 (S.D.N.Y. Dec. 22, 1993) (parties advancing affirmative claims for damages, rather than for declaratory judgment, are "true plaintiffs").

Here, nearly all of the reasons that a court might and should abstain from hearing a declaratory action are present.

MOTION TO CONSOLIDATE AND STAY ACTIONS – 11
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*First*, there is a pending state action in which all of the matters in controversy may be fully litigated.

*Second*, the six lawsuits pending in this Court were all filed in anticipation of the borrowers re-filing their affirmative claims against First Fed. Indeed, First Fed was on notice that state action may be brought against it, as the borrowers had voluntarily dismissed previously filed state actions to facilitate settlement negotiations. Instead of engaging in negotiations, First Fed filed for declaratory relief in an attempt to preempt a renewed Superior Court action and thereby skirt borrowers' affirmative state law claims.

*Third*, First Fed engaged in forum shopping. First Fed was originally sued by seven borrowers in Superior Court. One of them is a Washington resident. First Fed removed the claims against it under the Class Action Fairness Act in order to be in this Court—an act that violated the automatic stay imposed by state court receivership proceedings initiated by First Fed. After the seven borrowers voluntarily dismissed their claims against First Fed in an effort to facilitate settlement discussions, First Fed filed individual declaratory actions so it could have six cases heard in federal court and one in state court.

*Fourth*, inequity would result from allowing a bank to needlessly increase the litigation costs of a group of individual investors – none of whom can be expected to have the financial means needed to match that of a bank or to litigate these cases by themselves – by forcing them to litigate separately.

*Fifth*, the Western District of Washington is no more convenient of a forum for any party than King County Superior Court.

*Sixth*, retaining this lawsuit would not serve the purposes of judicial economy because it would result in this Court deciding issues that are also being heard in and are subsumed in a more complex case pending in Superior Court.

MOTION TO CONSOLIDATE AND STAY ACTIONS – 12
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

This Court should not allow First Fed to procedurally fence itself off from having to defend against borrowers' claims for affirmative relief in state court, especially where doing so increases litigation costs and needlessly occupies this Court's resources.

First Fed Borrowers respectfully submit that an order staying or dismissing these declaratory actions is warranted.

**D.     As an alternative, the Court should stay the federal cases under the *Colorado River* abstention doctrine.**

The Ninth Circuit applies a flexible eight-factor balancing test to determine if a stay or dismissal of a federal action is warranted under *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976). *See Mendocino Railway v. Ainsworth*, --- F.4th ---, 2024 WL 3978586 (9th Cir. August 29, 2024). The Court considers:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id*. at *4 (*quoting R.R. Street Co. v. Transport Ins. Co.*, 656 F. 3d 966, 978-79 (9th Cir. 2011)).

Here, the first factor is inapplicable and the second factor is neutral because both state and federal courthouses are located within the same city.

As for the third factor, "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir.1988). "A general preference for avoiding piecemeal litigation is insufficient to warrant abstention,

MOTION TO CONSOLIDATE AND STAY ACTIONS – 13
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

however." *Seneca Insurance Company, Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017). Here, with cases involving the same subject matter pending in state and federal courts, this factor supports stay or dismissal of the federal action. *Mendocino*, --- F.4th ---, at *4-5.

In considering the fourth factor, "district courts are instructed not simply to compare filing dates, but to analyze the progress made in each case 'in a pragmatic, flexible manner with a view to the realities of the case at hand.'" *Seneca*, 862 F.3d at 843 (citation omitted). Here, although the Consolidated Superior Court Action has just been filed, and was filed a few days after First Fed's filing of seven declaratory judgment actions, including six with this Court, the First Fed Borrowers have served discovery requests, noticed a deposition, and moved for consolidation of parallel litigation commenced by First Fed. In addition, the King County court has been the central forum for WST litigation since April and May 2024, when First Fed sued several borrowers and filed its receivership petitions against WST. First Fed subsequently commenced a lawsuit against one of the Plaintiffs in the recently-filed King County case in June 2024—a case that raises the exact same issues. From a pragmatic standpoint, this factor favors abstention.

The fifth and sixth factors also favor a dismissal or stay of the federal action because the action does not turn on any federal issues and King County Superior Court is a competent forum of general jurisdiction that can adequately protect the rights of the litigants. *See, e.g.*, *Mendocino*, --- F.4th ---, at *5.

The seventh factor likewise favors abstention here. Although the declaratory actions were filed first, they were filed after a voluntary dismissal of the first lawsuit against First Fed. First Fed was on notice that the affirmative claims against it would be renewed barring settlement. The six pending declaratory actions were filed in anticipation of those new claims

MOTION TO CONSOLIDATE AND STAY ACTIONS – 14
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

in an effort to procure a preferred forum for those claims. These maneuvers favor a dismissal or stay of the federal actions. *See Mendocino*, --- F.4th ---, at *6 (analyzing seventh factor).

Last but not least, the eighth factor favors abstention because the six declaratory judgment actions pending in this Court qualify as "substantially similar" to the Consolidated Superior Court Action—in that adjudication and resolution of the Consolidated Superior Court Action will wholly resolve each of the First Fed declaratory judgment actions.

First Fed Borrowers respectfully submit that the Court should enter an order staying or dismissing the First Fed actions under Colorado River is warranted.

## VII. CONCLUSION

Federal courts are courts of limited jurisdiction and limited judicial resources. First Fed has launched six different lawsuits on the same day on the same issue and very similar facts, seeking limited declaratory relief in each one. CR 42, case law pertaining to declaratory judgment actions, the *Colorado River* abstention doctrine, and good sense all suggest that this Court should not accept First Fed's invitation to hear these six lawsuits. The Superior Court has jurisdiction over all parties and the ability to deliver complete relief on all parties' claims in a single combined lawsuit. Allowing the Superior Court to do so would be the most practical and just result.

DATED this 10th day of September, 2024.

CORR CRONIN LLP

*s/John T. Bender*
John T. Bender, WSBA No. 49658
Jack Lovejoy, WSBA No. 36962
Kristen Barnhart, WSBA No. 51135
Jakob C. Goldfarb, WSBA No. 62165
CORR CRONIN LLP
1015 Second Avenue, Floor 10

MOTION TO CONSOLIDATE AND STAY ACTIONS – 15
(3:24-cv-05729-JHC)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Seattle, WA 98104-1001
Telephone: 206-625-8600
jbender@corrcronin.com,
jlovejoy@corrcronin.com
kbarnhart@corrcronin.com
jgoldfarb@corrcronin.com
*Attorneys for Defendants*

*I certify that this memorandum contains 4,182 words, incompliance with the local Civil Rules.*

MOTION TO CONSOLIDATE AND STAY ACTIONS – 16
(3:24-cv-05729-JHC)

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All parties (if any) shall be served in accordance of the Federal Civil Rules of Procedure.

DATED September 10, 2024, at Seattle, Washington.

*s/ Paige Plassmeyer*
Paige Plassmeyer, Legal Assistant
pplassmeyer@corrcronin.com

MOTION TO CONSOLIDATE AND STAY ACTIONS – 17
(3:24-cv-05729-JHC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900