**EXHIBIT C**

ELECTRONICALLY FILED
4/16/2024 8:30 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 24-2-02887-31

1

2

3

4

5

6

7 SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY

8

| | |
|---|---|
| PACIFIC WATER TECHNOLOGY, LLC, SPRUCE WATERS INVESTMENTS, LLC, INDIANA WATER TECHNOLOGY, LLC, AR WATER SUPPLY, LLC, BLC WATER COMPANY, GRANITE STREET VENTURES, LLC, RUMSON WELLNESS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN R. WEAR and REBECCA A. SWAIN, and the marital community comprised thereof, CREATIVE TECHNOLOGIES, LLC d/b/a WATERSTATION TECHNOLOGY, WST FRANCHISE SYSTEMS, LLC, WATER STATION MANAGEMENT, LLC, KEVIN NOONEY and ELIZABETH NOONEY, and the marital community comprised thereof, REFRESHING USA LLC, SUMMIT MANAGEMENT SERVICES, LLC, IDEAL PROPERTY INVESTMENTS, LLC, REFRESHING CALIFORNIA L.L.C., REFRESHING MONTANA, LLC, REFRESHING MID-ATLANTIC, LLC, REFRESHING CAROLINES, LLC, REFRESHING GREAT LAKES, LLC, WATERSTATION FINANCE COMPANY, LLC, REFRESHING GEORGIA, LLC, CREATIVE TECHNOLOGIES FLORIDA, LLC, REFRESHING FLORIDA, LLC, 2129 ANDREA LANE, LLC, 3209 VAN BUREN LLC, ICE & WATER VENDORS, LLC, | 24-2-02887-31<br><br>No.<br><br>COMPLAINT  FOR DAMAGES AND INJUNCTIVE RELIEF |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  IDEAL INDUSTRIAL PARK, LLC, IDEAL
   AZ PROPERTY INVESTMENTS, LLC, K-2
2  ACQUISITION, LLC, EMERY
   DEVELOPMENT, LLC, ARIZONA WATER
3  VENDORS INCORPORATED, WST AZ
   PROPERTIES LLC, 1118 VIRGINIA
4  STREET, LLC, 11519 SOUTH PETROPARK,
   LLC, TCR PLUMBING, LLC, 3422 W
5  CLARENDON AVE LLC, 1206 HEWITT
   AVE, LLC, WATERSTATION
6  TECHNOLOGY II, LLC, PISTOL, INC.,
   SMOKEY POINT HOLDINGS, LLC, 602
7  SOUTH MEAN, LLC,

8           Defendants.

9

10          Pacific Water Technology, LLC, Spruce Waters Investments, LLC, Indiana Water

11  Technology, LLC, AR Water Supply, LLC, BLC Water Company, Granite Street Ventures,

12  LLC, and Rumson Wellness, LLC ("Plaintiffs") by and through their undersigned attorney,

13  John T. Bender of Corr Cronin LLP, for their Complaint against Defendants Ryan Wear and

14  Rebecca A. Swain, and the marital community comprised thereof, Creative Technologies,

15  LLC, WST Franchise Systems, LLC, Water Station Management, LLC, and Kevin Nooney

16  and Elizabeth Nooney, and the marital community comprised thereof, and the various other

17  Entity Defendants identified in ¶¶22-51 below ( "WST" or "Defendants"), allege as follows:

18                              **<u>NATURE OF ACTION</u>**

19          1.      This suit arises out of Defendants' fraud, civil conspiracy, violations of the

20  Securities Act of Washington and Washington's Consumer Protection Act, and other serious

21  misconduct.

22          2.      WST, under the direction and control of Defendant Ryan Wear, has raised over

23  $150 million for investment in what WST touted as a growing and profitable water

24  manufacturing and distribution business.

25

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

3.     WST predominantly raised these funds by using the small business lending system to its advantage, sourcing the funds from small or regional banks who issued loans to WST's investors. WST induced Plaintiffs and hundreds of other investors to invest on the basis of false and misleading assurances about the security and profitability of the investments, and the nature and scope of WST's assets, growth, liquidity, and operations.

4.     WST told investors that the capital sourced from banks would be used to purchase water dispensary machines that would be installed at retail locations throughout the U.S. WST told investors that each machine would generate steady monthly returns ranging from 12-20%. WST assured Plaintiffs that the revenues generated from their machines would offset the monthly payments necessary to service their loans.

5.     In all Ponzi schemes, at some point the organizer stops making payments, and weaves a complex web of lies to keep investors at bay. In late 2022 and early 2023, WST stopped making the monthly revenue payments it had assured Plaintiffs they would receive and that would offset the monthly loan payments. Dating back to the outset of the investment, WST has also concealed the true facts from investors to keep them from asserting their rights.

6.     As it turns out, most if not all of WST's assurances have been false, misleading, or both. WST has engaged in a deliberate pattern of activity to conceal the true state of its operations and the reasons for its persistent shortfall of cash. While Defendants had long touted that it had over 17,000 revenue-generating locations throughout the country, the number of machines in operation is actually far lower. And Plaintiffs' investigation has revealed problematic transactions involving real property assets held by Defendant Wear's many LLCs. Plaintiffs have strong reason to believe that time is limited before all of WST's assets are drained or dissipated completely.

7.     Every victim of investment fraud faces financial catastrophe; but the double-

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

edged nature of this catastrophe makes the harm especially pronounced. Plaintiffs, like many others, have lost all or part of their savings—and the cessation of payments has meant the lack of funds to service the loans WST induced them to obtain. Thus far, the lenders have made clear that, regardless of their own role or participation in facilitating WST's fraud, they intend to collect on the loans and will even pursue Plaintiffs' personal property if necessary.

8.      The position Plaintiffs have been placed in is simply unconscionable. Plaintiffs have been severely damaged by WST and others—and their injuries are continuing. Defendants have robbed Plaintiffs of their financial security and have put them at great risk of losing their homes.

9.      Accordingly, Plaintiffs now bring this action to hold WST accountable, to recover their investments and other monetary damages to which they are entitled, and to seek all available equitable and or injunctive relief that this Court deems necessary and appropriate.

## PARTIES

10.     Pacific Water Technology, LLC, is a limited liability registered in Washington and an investor in WST.

11.     Spruce Waters Investments, LLC, is a limited liability company registered in Florida and an investor in WST.

12.     Indiana Water Technology, LLC, is a limited liability company registered in Indiana and an investor in WST.

13.     AR Water Supply, LLC, is a limited liability company registered in Texas and an investor in WST.

14.     BLC Water Company, is a limited liability company registered in Nevada and an investor in WST.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

15.     Granite Street Ventures, LLC, is a limited liability company registered in California and

16.     Rumson Wellness, LLC, is a limited liability company registered in New Jersey and an investor in WST.

17.     Ryan Wear and his marital community reside in Snohomish County, Washington. He is a principal, owner, managing agent, and/or control person of various entity-Defendants named in this action. At all times relevant herein, Defendant Wear acted for the benefit of his marital community.

18.     Creative Technologies, LLC, d/b/a WaterStation Technology, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

19.     WST Franchise Systems, LLC, upon information and belief, is a Washington limited liability company owned and controlled by Defendant Wear and his marital community.

20.     Water Station Management, LLC, upon information and belief, is a Washington limited liability company owned and controlled by Defendant Wear and his marital community.

21.     Kevin Nooney, upon information and belief, resides in King County, Washington, and is married to Elizabeth Nooney. At all relevant time, Defendant Nooney acted for the benefit of his marital community.

22.     Refreshing USA LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

23.     Summit Management Services, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

24.     Ideal Property Investments, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

25.     Refreshing California L.L.C. upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

26.     Refreshing Montana, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

27.     Refreshing Mid-Atlantic, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

28.     Refreshing Carolinas, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

29.     Refreshing Great Lakes, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

30.     WaterStation Finance Company, LLC, upon information and belief, is a limited liability company owned and controlled by Wear and his marital community.

31.     Refreshing Georgia LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

32.     Creative Technologies Florida, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

33.     Refreshing Florida LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

34.     2129 Andrea Lane, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

35.     3209 Van Buren LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

36.     602 South Mean LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

37.     Ice & Water Vendors LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

38.     Ideal Industrial Park LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

39.     Ideal AZ Property Investments, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

40.     K-2 Acquisition, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

41.     Emery Development, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

42.     Arizona Water Vendors Incorporated, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

43.     WST AZ Properties, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

44.     1118 Virginia Street, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

45.     11519 South Petropark, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

46.     TCR Plumbing LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

47.     3422 W Clarendon Ave, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

48.     1206 Hewitt Ave LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

49.     WaterStation Technology II, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear and his marital community.

50.     Pistol, Inc., upon information and belief, is a Wyoming corporation owned and controlled by Defendant Wear and his marital community.

51.     Smokey Point Holdings, LLC, upon information and belief, is a limited liability company owned and operated by Defendant Wear and his marital community.

## JURISDICTION AND VENUE

52.     This Court has subject matter jurisdiction pursuant to RCW 2.08.010.

53.     Venue in this Court is appropriate pursuant to RCW 4.12.025 and RCW 4.12.010.

## FACTUAL ALLEGATIONS

**A. Wear created WST in or about 2013.**

54.     Defendant Wear formed Creative Technologies or "WaterStation Technology" WST in 2013. Defendant Wear subsequently organized other limited liability companies to operate various arms of the same business, while overseeing all operations and activities. He formed Water Station Management in 2016. He formed WST Franchise Systems in 2017. These companies have repeatedly become delinquent with the Washington Secretary of State.

55.     Defendant Wear is a prolific organizer of LLCs. Plaintiffs' investigation has t identified over 57 active LLCs, at least 20 of which in other states. Many are related to WST's business or hold other valuable assets, which, upon information and belief, are potential sources of recovery in this action. Wear formed WaterStation Technology II in late 2023.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**B. Wear and WST induced consumers to invest based upon false and misleading assurances about the security and profitability of the opportunity.**

56.     Dating back to at least 2017, WST has carried out a national campaign that successfully induced hundreds of people to invest in unregistered securities that WST marketed and sold as franchise opportunities.

57.     WST employed a number of tactics to solicit and induce Plaintiffs and hundreds of other people to invest in unregistered securities.

58.     WST's solicitations were carefully tailored to appeal to a broad range of potential investors, who for the most part had no prior experience in managing of investing in the type of business at issue. WST was able to take advantage of this investor base because they relied on WST's – and others' – superior knowledge and expertise with respect to how to structure and operate the investment.

59.     WST made false and misleading assurances to Plaintiffs and other investors that led them to believe that the investment would be more secure and profitable than it truly was.

60.     Among other things, WST touted itself as a "fast growing manufacturer" of "revolutionary" and "cutting edge" water dispensary machines. WST claimed that "creating the greatest returns" for investors was its "first priority." WST claimed that it operated a growing and profitable network of machines installed at retail locations throughout the U.S. and that it was uniquely positioned to capitalize on the multi-billion dollar water distribution industry.

61.     WST led Plaintiffs and other investors to believe that the heart of its business was its "patent pending" technology for providing consumers "healthy, alkaline, ionized water" "at a fraction of the cost of its bottled counterpart." WST assured investors that the combination of its proprietary technology and custom "business models" created a "low overhead, cash flow positive business with great, long-term growth potential."

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900



62.     WST led investors to believe that, if they invested, they would receive steady returns ranging between 12-20% disbursed in regular monthly payments for the life of the investment. WST assured investors they would be able to monitor the performance of their machines through applications and reports that would enable them to track every detail. WST touted to investors a "guaranteed buyback" of their machines in order to "mitigate risk" and

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

"improve ROI." WST also assured investors that it was "SBA approved" and that it had "financial institutions that we've worked with in securing loans for investors."



63. At bottom, Plaintiffs and other investors were assured that, in exchange for their investment, they would receive a turnkey business with low overhead and positive cash flow that would generate steady revenues each month. WST assured them that they would receive valuable rights and services in exchange for investing in its purported franchise opportunities. WST assured them that it would assist install and service revenue-generating machines. WST assured Plaintiffs that it would be the sole supplier of WaterStation machines and parts. WST

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

also guaranteed investors that if they were ever dissatisfied with the investment it would reimburse them for 100% of their principal. These assurances, of course, were false or misleading or both.

64.     To amplify its reach to investors all over the country, WST invested heavily in internet marketing and entered into commission agreements with investment advisors and business brokers. Under the commission agreements, brokers stood to receive commissions ranging between 2% and 10% of every dollar they sourced to WST. In many cases these arrangements were not disclosed. WST's sophisticated marketing strategy created multiple referral streams from which WST successfully converted new investment capital on the basis of these and other false and misleading representations.

### C. WST raised over $150 million sourced through consumer business loans that WST induced investors to obtain and collateralize with their personal assets.

65.     Upon information and belief, WST's fundraising efforts on the basis of the above assurances were remarkably successful. Upon information and belief, WST raised over $150 million through individual small business loans that it induced investors to obtain and collateralize with their personal assets. WST also guided Plaintiffs and other investors to obtain these loans from banks of WST's choosing, who ultimately paid the funds directly to WST.

66.     The following table summarizes the principal amounts invested by Plaintiffs based on WST's false and misleading assurances about the security and profitability of the investment and the reliability of WST's operations:

| Name | Principal Investment | Lending Bank(s) |
|------|----------------------|-----------------|
| Spruce Waters Investments, LLC | $994,500 | Celtic Bank |
| Indian Water Technology, LLC | $3,323,500 | Celtic Bank, First Federal |

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 12

| AR Water Supply, LLC | $3,272,500 | Celtic Bank |
|---|---|---|
| Pacific Water Technology, LLC | $3,172,000 | First Federal |
| BLC Water Company, LLC | $1,003,000 | First Federal |
| Granite Street Ventures, LLC | $3,017,000 | Community Bank/Fountainhead Bank |
| Rumson Wellness, LLC | $1,200,000 | Community Bank/Fountainhead Bank |

67.     Indeed, in soliciting new investments, WST guided Plaintiffs and other investors to banks with whom WST had remarkably close ties, including banks that, upon information and belief, had extended credit directly to WST itself.[1]

68.     Plaintiffs, like hundreds of other investors, were led to believe that the security and profitability of an investment in WST justified pledging their personal assets as collateral for the loans. WST assured investors that the monthly revenue payments from the water machines would more than offset the monthly expense of servicing these loans. Without question, WST was the ultimate beneficiary of these loans as the banks transferred the funds directly to WST, bypassing investors completely.

**D. While structured as franchise transactions, WST offered and sold unregistered securities and violated the law in a myriad of ways.**

69.     WST's successful fundraising efforts by facilitating hundreds of small business loans for investors from partner banks were made possible by the fact that WST structured the

---

[1] Upon information and belief, WST had preexisting relationships with First Federal and Celtic Bank and had secured financing itself directly from these banks in the past. The full nature and extent of WST's relationship with these and other banks, and the bank's role and potential economic motive in facilitating Plaintiffs' small business loans, will be fully explored in discovery. Plaintiffs further reserve the right to amend their complaint in this action to add any applicable third parties.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 13

investments, at least superficially, as the sale of franchise opportunities. WST also leveraged the fact that the investor pool it targeted lacked prior experience in both franchising and small business loans. While WST branded the investment as the sale of a "franchise opportunity" coupled with investor bank loans as a funding source, this consolidated transaction in reality constituted the illegal offer and sale of an unregistered security.

70.     The purported legal documentation accompanying the investments WST offered generally consisted of a so-called *"purchase order"* for a certain number of machines, coupled with a so-called *"franchise agreement"* and a so-called *"service agreement."* Under the service agreements, WST purported to agree to help install and service the investor's machines during the term of the investment and remit monthly revenue payments to investors in exchange for a share of the profits. WST's material misrepresentations and omissions also induced Plaintiffs and other investors to enter into loan agreements and security instruments with banks with ties to WST. The execution of these various documents – the agreements with WST and the banks – constituted a single unregistered securities transaction. Moreover, the agreements themselves were fraudulently induced and, in some cases, illusory.

71.     In connection with these securities transactions, WST also provided investors and others lists of the machines they purportedly purchased with the borrowed funds. Based on Plaintiffs' investigation, WST in some cases sold the same machines to multiple investors and the number of machines WST actually had in operation is far lower than the figures previously touted.

72.     In addition to selling unregistered securities, WST violated securities laws in a myriad of other ways, including by providing investment advice to investors though it was not a registered investment advisor in Washington. WST also failed to screen prospective investors to ensure they were qualified to make the investment.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 14

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

73.     Furthermore, WST was never "SBA approved." WST misled investors about the returns they would receive. WST misled Plaintiffs about the number of machines it had purchased, the location of the machines, and how long it would take until they were in operation. Despite touting franchise opportunities and signing franchise agreements, WST did not function like or provide the services of a franchisor. In many cases, WST never furnished the promised training, software, specifications and standards, or even an operations manual. WST never had valuable patent rights in its proprietary technology. WST misled Plaintiffs that they would have access to real time reporting on the performance of their machines through WST's "Cloud Portal" and timely and accurate "User Earnings Reports" – and when such information was purportedly provided it was dysfunctional, inaccurate, and incomplete. WST was not the sole manufacturer of the machines or parts. WST misled Plaintiffs and other investors about the number of revenue-generating machines that were actually in operation and in some cases sold the same equipment to two or more borrowers. Upon information and belief, WST furnished false documents. Creating the highest "investor returns" was never WST's first priority.

74.     Upon information and belief, in addition to the false and misleading representations outlined above, WST made the following non-exclusive list of material omissions that induced Plaintiffs and many other investors to invest:

     a.  WST did not disclose that it was not a registered financial advisor in Washington or any other state;

     b.  WST did not disclose that Plaintiffs were purchasing unregistered securities;

     c.  WST did not disclose that WST Franchise Systems, the alleged franchisor, in reality provided no value or services;

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 15

d. WST did not disclose the true risk that the water machines would not generate sufficient cash flow to cover expenses let alone the costs to service the loans it induced investors to take;

e. WST did not disclose the truth about its ability to manufacture, service, and place the machines;

f. WST did not disclose that the "guaranteed buyback" was actually contingent on the generating sufficient cash flow to fulfill the guaranty or that it could not fill all requests at a particular point in time;

g. WST did not disclose the truth about how investor funds would be used or that it was unable to meet its payment or reimbursement obligations to investors;

h. WST otherwise did not disclose the true risks of the undertaking and actual conditions on the ground;

i. WST did not disclose that the number of revenue-generating machines in operation was far lower than advertised;

j. WST did not disclose that it sold the same machines to multiple investors; and

k. WST also did not disclose that it encountered liquidity shortages as well as other performance factors that inhibited its ability to actually deliver on the many assurances to investors.

75. The misrepresentations and omissions alleged herein created a false sense that the investments were safer and more profitable than was actually the case. Plaintiffs relied on Defendants representations and omissions and were not aware of the true facts and risks when they decided to invest. Plaintiffs would not have invested but for these misrepresentations and omissions.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 16

**E. WST has not paid investors in months and has deliberately concealed the truth – in a case that presents all of the hallmarks of a Ponzi scheme.**

76. In connection with their investments, Plaintiffs were promised monthly revenue payments of tens of thousands of dollars – which they were told would offset the costs to service the loans that they were induced to take. These assurances were obviously material to their decision to invest. As of the filing of this Complaint, WST has been delinquent on payments for many, many months—in some cases over a year. WST has showed no intention or ability of resuming payments at any point in the future.

77. After most payments stopped in late 2022 and early 2023, WST initially misled investors further by convincing them it would "buyback" the machines on the basis of additional false and misleading assurances about WST's ability to perform; this, of course, never occurred. WST has repeatedly sent false and misleading correspondence to investors to further the deception. Plaintiffs in this case were ultimately forced to expend tens of thousands of dollars to engage legal counsel to investigate WST. The information they have uncovered to date paints a grim picture that WST is nothing more than a Ponzi scheme.

78. WST has engaged in a pattern and practice of concealing the true facts from Plaintiffs and other investors—facts that, had they been disclosed, would have alerted investors to assert their legal rights. Defendants have repeatedly and continuously failed to provide investors with material information necessary for them to protect their interest—even after promising the requested information would be transparent and forthcoming. Where WST has supplied Plaintiffs and other investors with information, the information has been false or misleading at best, and designed to deceive Plaintiffs and other investors about the condition of WST, the recoverability of their investments, and the prospect that critical monthly payments will resume. In reality, WST's efforts to deceive Plaintiffs have, on information and belief, been ongoing since Plaintiffs first invested and continue to present day.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 17

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

79.     Upon information and belief, WST's concerted effort to keep Plaintiffs and other investors at bay have been designed to prevent them from asserting their rights for as long as possible.

80.     WST and Wear are currently under investigation by Washington's Department of Financial Institutions. The company is insolvent. While taking active steps to mislead investors, Wear and WST have been engaging in a variety of transactions involving its assets that threaten to permanently prejudice the rights and interests of Plaintiffs and other investors. Among other things, in recent months Wear has engaged in a variety of real property transactions such as granting security interests for debts apparently owed by his other related entities, quit claiming property between his various entities, and even creating a new entity WaterStation Technology II—ostensibly to launch a new company to carry on the same business free of creditors.

81.     Plaintiffs now bring this action, to seek to recover their funds and all other available legal and equitable remedies, including without limitation equitable subordination, piercing of the corporate veil, and disgorgement or "clawing back" of funds diverted to other persons or entities or for personal gain.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### VIOLATIONS OF CHAPTER 21.20 RCW

82.     Plaintiffs reallege and incorporate all allegations of this Complaint.

83.     The transactions Plaintiffs were induced to enter into with WST and the banks constituted unregistered securities under Washington law. WST, Wear and Nooney's offer and sale to Plaintiffs of the franchise opportunities described herein constitute securities transactions under Washington law.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 18

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

84.     As alleged herein, WST, Wear and Nooney made untrue statements of material fact and/or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. In addition, WST employed devices, schemes, and artifices to defraud Plaintiffs and have engaged in acts, practices, and a course of conduct that operates as a fraud or deceit upon Plaintiffs in connection with the subject transaction(s) and after.

85.     WST, Wear and Nooney's statements, assurances, and omissions alleged herein induced Plaintiffs to apply for SBA loans and other financing from WST's hand-picked banks. Later, WST concealed their misconduct and induced Plaintiffs to delay seeking the full return of their funds and otherwise assert their legal rights. WST is responsible for perpetuating a continuing fraud and misrepresentation. Upon information and belief, WST worked in concert with and/or were aided and abetted by third parties.

86.     Among other things, and without limitation, WST, Wear and Nooney induced Plaintiffs to borrow money to purchase the alleged franchise opportunities based upon false or misleading assurances about the profitability and safety of the investments—as well as the nature and scope of WST's assets, growth, and operations. WST also induced Plaintiffs to enter into purported written agreements with WST and third parties (such as Celtic Bank, First Federal Bank, and UniBank) that are void on account of WST's fraud and should be rescinded for WST's failure to register. Plaintiffs reincorporate the express statements and omissions set forth above that induced Plaintiffs and other investors to invest, and maintain their investments, and every other material misrepresentation and omissions alleged herein, as well as those that will be identified in discovery.

87.     WST made the false or misleading statements and or omissions to induce Plaintiffs to invest and or with reason to expect that Plaintiffs would act or refrain from acting.

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

In addition, WST's acted with no intention to perform, without care or concern about whether performance would occur, and/or made the statements or omissions in reckless disregard of ascertaining the truth or falsity. WST's statements and omissions were material. WST, Wear, and Nooney sold unregistered securities and acted as unregistered securities brokers, advisors, and sales persons, and violated the suitability rule under RCW 21.20.

88. WST, Wear and Nooney's untrue statements and/or omissions induced Plaintiffs to invest in the securities at issue, and maintain their investments, or put off taking action to protect themselves, causing Plaintiffs to suffer damages in an amount to be proven at trial.

89. WST, Wear and Nooney acted knowingly or recklessly in that, among other things, they failed to ascertain and disclose the true facts to Plaintiffs even though those facts were available to Defendants. Plaintiffs actually and justifiably relied upon the statements and omissions made by Defendants in investing in WST and maintaining their investments in WST.

90. WST, Wear, and Nooney, and potentially other third parties, are primarily, secondarily, and jointly and severally liable for their acts and omissions, as applicable, and for the offer and sale of unregistered securities. Plaintiffs are entitled to all rights and remedies provided by Washington law and RCW 21.20, including, without limitation, rescission and return of their investment funds, legal and equitable subordination, together with interest, costs, and reasonable attorneys' fees. To the extent required, Plaintiffs hereby tender back to WST all securities purchased.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## SECOND CAUSE OF ACTION

## FRAUD / FRAUDULENT INDUCEMENT /

## FRAUDULENT CONCEALMENT / CONTINUING FRAUD

91.     Plaintiffs reallege and incorporate all allegations of this Complaint.

92.     WST, Wear, and Nooney made untrue statements of material fact and/or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. In addition, WST, Wear, and Nooney employed devices, schemes, and artifices to defraud Plaintiffs and have engaged in acts, practices, and a course of conduct that operates as a fraud or deceit upon Plaintiffs in connection with the subject transaction(s) and after.

93.     WST, Wear, and Nooney's statements, assurances, and omissions induced Plaintiffs to apply for SBA loans and other financing from Defendants' hand-picked banks. Later, Defendants concealed their misconduct and induced Plaintiffs to delay seeking the full return of their funds and otherwise assert their legal rights. Upon information and belief, WST, Wear, and Nooney committed a continuing fraud and misrepresentation and fraudulent concealment. Upon information and belief, WST, Wear, and Nooney worked in concert with and/or were aided and abetted by third parties.

94.     Among other things, and without limitation, Defendants induced Plaintiffs to enter into alleged franchise transactions based upon false or misleading assurances about the profitability and safety of the investments. WST, Wear, and Nooney also induced Plaintiff to enter into purported written agreements with WST and third parties that are void on account of WST, Wear, and Nooney's fraud. Plaintiffs reincorporate the express statements and omissions set forth above that induced Plaintiffs and other investors to invest, and maintain

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

their investments, and every other material misrepresentation and omissions alleged herein, as well as those that will be identified in discovery.

95. Plaintiffs reincorporate the statements and omissions set forth above that induced Plaintiffs and other investors to invest, and maintain their investments, and every other material misrepresentation and omissions alleged herein, as well as those that will be identified in discovery.

96. WST, Wear, and Nooney made the false or misleading statements and or omissions to induce Plaintiffs to take out significant SBA loans and other financing from their hand-picked banks with reason to expect that Plaintiffs would act or refrain from acting. WST acted with no intention to perform, without care or concern about whether performance would occur, and or they made the statements or omissions in reckless disregard of ascertaining the truth or falsity. Plaintiffs had a right to rely and justifiably relied on WST, Wear, and Nooney's statements and omissions. WST, Wear, and Nooney's statements or omissions were material to Plaintiffs' decision to invest or maintain their investments and (a) WST, Wear, and Nooney purported to have special knowledge of the matter that Plaintiffs lacked, (b) WST, Wear, and Nooney stood in a fiduciary relation or other similar relation of trust and confidence to Plaintiffs, (c) WST, Wear, and Nooney successfully secured the confidence of Plaintiffs, and or (d) the circumstances were such that WST, Wear, and Nooney should have expected that Plaintiffs would rely on and expect WST, Wear, and Nooney to carry out such statements. Later, WST concealed their misconduct and induced Plaintiffs to delay seeking the full return of their funds and otherwise assert their legal rights. WST is responsible for perpetuating a continuing fraud and misrepresentation.

97. WST, Wear, and Nooney's untrue statements and or omissions induced Plaintiffs to invest in the securities at issue, and maintain their investments, or put off taking

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 22

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

action to protect themselves, causing Plaintiffs to suffer damages in an amount to be proven at trial.

98.     WST, Wear, and Nooney are jointly and severally liable for their acts and omissions, as applicable, and as alter egos. Plaintiffs are entitled to all rights and remedies provided by Washington law, including, without limitation, rescission and return of their investment funds, legal and equitable subordination, together with interest, costs, and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

99.     Plaintiffs reallege and incorporate all allegations of this Complaint.

100.    WST, Wear, and Nooney engaged in unfair or deceptive acts or practices in offering and selling securities in the state of Washington, as well as after the point of sale.

101.    WST, Wear, and Nooney's unfair or deceptive acts or practices occurred in trade or commerce.

102.    WST, Wear, and Nooney's unfair or deceptive acts or practices affect the public interest. WST, Wear, and Nooney's unlawful practices continue to this day. Upon information and belief, Defendants worked in concert with and/or were aided and abetted by third parties.

103.    Plaintiffs have been injured in their business and property, as WST accepted Plaintiffs' funds and have failed to repay Plaintiffs the funds invested and otherwise deal with them in a fair and non-deceptive manner after the subject transactions were executed. WST, Wear, and Nooney's unfair or deceptive acts or practices are ongoing and are a proximate cause of Plaintiffs' injuries. Later, WST concealed their misconduct and induced Plaintiffs to

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

delay seeking the full return of their funds and otherwise assert their legal rights. WST is responsible for perpetuating a continuing fraud and misrepresentation.

104.     WST, Wear, and Nooney have committed per se violations of RCW 19.86.

105.     Plaintiffs have been damaged in an amount to be proven at trial. Plaintiffs are entitled to an award of attorneys' fees and costs and treble damages pursuant to RCW 19.86.090.

## FOURTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

106.     Plaintiffs reallege and incorporate all allegations of this Complaint.

107.     Through their statements and conduct, WST, Wear, and Nooney assumed fiduciary duties to Plaintiffs with respect to their investments.

108.     Among other things, WST, Wear, and Nooney knew or should have known that Plaintiffs relied on their special knowledge and expertise.

109.     WST, Wear, and Nooney breached their fiduciary duties to Plaintiffs proximately causing them harm.

110.     Plaintiffs have been damaged in an amount to be proven at trial. Plaintiffs are entitled to all remedies under Washington law on account of WST, Wear, and Nooney's breach of fiduciary duties.

## FIFTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

111.     Plaintiffs reallege and incorporate all allegations of this Complaint.

112.     WST, Wear, and Nooney misrepresented material facts to Plaintiffs in order to induce Plaintiffs to invest funds.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 24

113. WST, Wear, and Nooney knew or should have known that the information was supplied to guide Plaintiffs in the business transactions.

114. Defendants, directly or through their agents, were negligent in communicating the false information. Upon information and belief, WST, Wear, and Nooney worked in concert with and/or were aided and abetted by third parties.

115. Plaintiffs reasonably relied on the false information, which induced Plaintiffs to enter into the transactions, and the false information caused damages to Plaintiffs in an amount to be proven at trial. Plaintiffs are also entitled to injunctive, declaratory, and equitable relief against WST, Wear, and Nooney.

### SIXTH CAUSE OF ACTION

### CIVIL CONSPIRACY / AIDING AND ABETTING

116. Plaintiffs reallege and incorporate all allegations of this Complaint.

117. Upon information and belief, Defendants developed a plan or scheme to engage in the acts and omissions alleged herein, Defendants combined to accomplish an unlawful purpose and/or a lawful purpose by unlawful means. Defendants committed overt acts in furtherance of this scheme as alleged herein.

118. Defendants further entered into express or implied agreements to accomplish the object of said conspiracy. Upon information and belief, Defendants worked in concert with and/or were aided and abetted by third parties.

119. Defendants are jointly and severally liable to Plaintiffs for damages and attorneys' fees and costs, in an amount to be proven at trial. Plaintiffs are entitled to all legal and equitable remedies by virtue of Defendants' conspiracy.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CHAPTER 19.40 RCW

120.    Plaintiffs reallege and incorporate all allegations of this Complaint.

121.    Upon information and belief, Defendants have engaged in one or more transactions with themselves, affiliates, or third parties without fair consideration or reasonably equivalent value, and to hinder, delay, or secrete funds away from Plaintiffs, who are creditors of Defendants and who are entitled to repayment.

122.    Defendants were not paying their debts, were insolvent at the time and/or became insolvent as a result of such transfer.

123.    Such transaction(s) were undertaken with the requisite "intent" for purposes of RCW 19.40.041 and .051.

124.    The transfers of assets alleged herein were voidable transfer under Ch. 19.40 RCW and thus should be voided to the extent necessary to satisfy Plaintiffs' claims.

125.    Plaintiffs seek all available remedies under Chapter 19.40 RCW, including, without limitation:

    a.  Money damages for the value of the asset transferred in the amount necessary to satisfy Plaintiffs' claims in an amount to be proven at trial;

    b.  Avoidance of the transfer to the extent necessary to satisfy Plaintiffs' claims;

    c.  Attachment or any other provisional remedy against the asset transferred or other property of the transferee as available under applicable law;

    d.  Temporary, preliminary, and permanent injunctive relief;

    e.  Appointment of a receiver to take charge of the asset transferred or other property of the transferee; and

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

f.     Any other relief the circumstances may require, including damages payable by the Sunset Buyers to fully compensate Plaintiffs for their losses.

126.    Plaintiffs reserve the right to supplement and request that their claims under RCW 19.40 be conformed to the evidence obtained in discovery and admissible at trial.

## EIGHTH CAUSE OF ACTION

### MONEY HAD AND RECEIVED / CONVERSION

127.    Plaintiffs reallege and incorporate all allegations of this Complaint.

128.    Plaintiff invested millions of dollars in cash with WST.

129.    Defendants received, benefited from, and have wrongfully retained Plaintiffs' funds despite Plaintiffs' demands.

130.    Plaintiffs are entitled to restoration of the amount of money conferred to WST, and all other relief afforded by Washington law, in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### UNJUST ENRICHMENT / RESTITUTION

131.    Plaintiffs reallege and incorporate all allegations of this Complaint.

132.    Plaintiff invested millions of dollars in cash with WST.

133.    WST received, benefited from, and have wrongfully retained Plaintiffs' funds despite Plaintiffs' demands.

134.    Plaintiffs are entitled to restoration of the value of the benefits conferred on and or restitution as applicable remedies, and all other relief afforded by Washington law, including but not limited to equitable subordination, in an amount to be proven at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF – 27

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## **TENTH CAUSE OF ACTION (IN THE ALTERNATIVE)**

## **BREACH OF CONTRACT / BREACH OF IMPLIED COVENANT OF GOOD**

## **FAITH AND FAIR DEALING / ANTICIPATORY REPUDIATION**

135. Plaintiffs reallege and incorporate all allegations of this Complaint.

136. This cause of action is pled in the alternative to Causes of Action One through Nine insofar as any of the unregistered securities transactions and/or fraudulently induced written purchase orders, franchise agreements, buyback agreements, service agreements, loan agreements, guaranties, security agreements, or any other related agreements, as applicable, are deemed valid and enforceable, and Plaintiffs make an election to proceed on this theory at trial:

137. To the extent such agreements are deemed validly formed and enforceable, WST has repudiated and breached said agreements for, among other things, failing to perform all material terms of said agreements, including, but not limited to, failing to remit the payments promised to Plaintiffs and failing to promptly cure defective performance. WST also violated the duty of good faith and fair dealing related to such agreements and breached extrinsic promises and assurances to Plaintiffs related to WST's promised performance of the subject purchase orders, franchise agreements, buyback agreements, and service agreements.

138. To the extent such agreements are deemed validly formed and enforceable, WST has anticipatorily repudiated said agreements. Among other things, WST has stopped making the promised payments for many months—in some cases for over a year. Further, WST has expressly or impliedly confirmed its inability to make such payments or resume making such payments or other performance with its obligations under said agreements. WST's repudiation has substantially impaired the value of such agreements and caused Plaintiffs substantial harm.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

139.    Plaintiffs have complied with or substantially complied with in good faith any and all notice of default provisions under any applicable agreement under the circumstances. Any agreements have been breached, repudiated and/or anticipatorily repudiated by WST.

140.    Plaintiffs are entitled to all available damages and remedies under Washington at law, in an amount and of a nature proven at trial, including but not limited to rescission and return of their principal investments plus interest, expectation damages, consequential losses, and incidental damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court award the following relief:

1.    For orders conforming Plaintiffs' claims to the evidence developed in discovery;

2.    For an award of economic and non-economic damages and equitable relief against Defendants for Plaintiffs' claims in an amount and of a nature to be determined at trial;

3.    For prejudgment interest on any portion of the damages award that is for a liquidated amount;

4.    For an award of rescission, with all damages owed jointly and severally by all Defendants resulting from Defendants' violations of RCW 21.20;

5.    For temporary, preliminary, and permanent injunctive relief enjoining and restraining the Defendants and their representatives, officers, agents, affiliates, owners, or successors, from continuing to engage in the unlawful conduct complained of herein, including transferring any funds or assets away from or between Defendants, or otherwise hindering or delaying the recovery of Plaintiffs' claim, and/or appointing a receiver;

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

6. For all available remedies under Chapter 19.40 RCW, including, without limitation:

    a. Money damages for the value of the asset transferred in the amount necessary to satisfy Plaintiffs' claims and in an amount to be proven at trial;

    b. Avoidance of the transfer to the extent necessary to satisfy Plaintiffs' claims;

    c. Attachment or any other provisional remedy against the asset transferred or other property of the transferee as available under applicable law;

    d. Temporary, preliminary, and permanent injunctive relief enjoining and restraining further disposition by Defendants of the Sunset Property or other property sufficient to satisfy Plaintiffs' claims;

    e. Appointment of a receiver to take charge of the asset transferred or other property of the transferee; and

    f. Any other relief the circumstances may require, including damages payable by Defendants or third parties.

7. For alter ego liability / piercing the corporate veil as applicable;

8. For an award of attorneys' fees and costs incurred in this action,

9. For restitution, rescission, and legal or equitable subordination in favor of Plaintiffs' claims;

10. Civil penalties under applicable statutes;

11. Punitive damages;

12. Subordination of competing priority interests; and

13. For such other and further relief as the Court deems just, equitable, or warranted by law.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 15th day of April, 2024.

CORR CRONIN LLP


*s/John T. Bender*
John T. Bender, WSBA NoP. 49658
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA  98104-1001
Telephone: 206-625-8600
Email: jbender@corrcronin.com,
*Counsel for Plaintiffs*

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900