# EXHIBIT E

1
2
3
4
5
6

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

7

| | |
|---|---|
| FIRST FED BANK, a Washington state bank corporation, | Case No. |
| Petitioner, | **PETITIONER'S MOTION FOR** |
| v. | **(1) ORDER TO SHOW CAUSE WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED, AND** |
| IDEAL PROPERTY INVESTMENTS, LLC, a Washington limited liability company, | **(2) APPOINTMENT OF GENERAL RECEIVER** |
| Respondent. | |

## I.  INTRODUCTION & RELIEF REQUESTED

Petitioner First Fed Bank, a Washington state bank corporation ("Petitioner"), respectfully requests that the Court enter an order requiring Respondent Ideal Property Investments, LLC, a Washington limited liability company ("Respondent"), to show cause why Turning Point Strategic Advisors should not be appointed as general receiver over Respondent and its assets, including all real property owned by Respondent (collectively, the "Assets"), with authority to operate, sell, lease, and liquidate Respondent's Assets.

The threshold requirements for appointment of a general receiver under Washington's Receivership Act, RCW 7.60 *et seq*., are all satisfied.  Appointment of a receiver is necessary to protect, preserve, and maximize the value of the Collateral (as defined below) and any other Assets owned by Respondent, and its revenue producing potential, and to avoid further loss, injury and impairment thereto.

PETITIONER'S MOTION FOR (1) ORDER TO SHOW CAUSE
WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED,
AND (2) APPOINTMENT OF GENERAL RECEIVER - 1

134777.0002/9718886.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## II. STATEMENT OF FACTS

### A. The Loans and Collateral.

On or around December 10, 2020, Petitioner extended a commercial loan (the "Creative Loan") to Creative Technologies, L.L.C., a Washington limited liability company ("Creative"), governed by the terms and conditions of that certain Business Loan Agreement dated as of December 10, 2020 (the "Creative Loan Agreement"), and evidenced, in part, by that certain Promissory Note dated as of December 10, 2020, executed by Creative and payable to the order of Petitioner, in the stated principal amount of Twenty-One Million Dollars ($21,000,000.00) (the "Creative Note"), plus interest as set forth therein. O'Leary Decl., ¶¶ 3, 5, Ex. A (Creative Loan Agreement) and Ex. B (Creative Note). Creative agreed to perform in accordance with various loan covenants and conditions contained in the Creative Loan Agreement. Id., ¶ 4. Under the terms of the Creative Note, Creative promised and agreed to timely make regular monthly payments on the Creative Note on the tenth day of each month, commencing January 10, 2022. Id., ¶ 6. In the event of default, the Creative Note provides for a late charge equal to five percent (5%) of the delinquent payment amount, and default interest at a rate equal to ten percent (10%) per annum. Id.

On or around March 12, 2021, Petitioner extended a commercial loan (the "Ideal x0678 Loan") to Respondent, governed by the terms and conditions of that certain Business Loan Agreement dated as of March 12, 2021 (the "x0678 Loan Agreement"), and evidenced, in part, by that certain Promissory Note dated as of March 12, 2021, executed by Respondent and payable to the order of Petitioner, in the stated principal amount of Two Million Sixty-Two Thousand Five Hundred Dollars ($2,062,500.00) (the "Ideal x0678 Note"), plus interest as set forth therein. O'Leary Decl., ¶¶ 7, 9, Ex. C (x0678 Loan Agreement) and Ex. D (Ideal x0678 Note). Respondent agreed to perform in accordance with various loan covenants and conditions contained in the x0678 Loan Agreement. Id., ¶ 8. Under the terms of the Ideal x0678 Note, Respondent promised and agreed to timely make regular monthly payments on the Ideal x0678 Note on the twelfth day of each month, commencing April 12, 2021. Id., ¶ 10. In the event of default, the Ideal x0678

PETITIONER'S MOTION FOR (1) ORDER TO SHOW CAUSE
WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED,
AND (2) APPOINTMENT OF GENERAL RECEIVER - 2

134777.0002/9718886.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Note provides for a late charge equal to five percent (5%) of the delinquent payment amount, and default interest at a rate equal to twelve percent (12%) per annum. Id.

On or around September 7, 2021, Petitioner extended a commercial loan (the "Ideal x0858 Loan") to Respondent, governed by the terms and conditions of that certain Business Loan Agreement dated as of September 7, 2021 (the "x0858 Loan Agreement"), and evidenced, in part, by that certain Promissory Note dated as of September 7, 2021, executed by Respondent and payable to the order of Petitioner, in the stated principal amount of Four Million Nine Hundred Eight Thousand Dollars ($4,980,000.00) (the "Ideal x0858 Note"), plus interest as set forth therein. O'Leary Decl., ¶¶ 11, 13, Ex. E (x0858 Loan Agreement) and Ex. F (Ideal x0858 Note). Respondent agreed to perform in accordance with various loan covenants and conditions contained in the x0858 Loan Agreement. Id., ¶ 12. Under the terms of the Ideal x0858 Note, Respondent promised and agreed to timely make regular monthly payments on the Ideal x0858 Note on the seventh day of each month, commencing October 7, 2021. Id., ¶ 14. In the event of default, the Ideal x0858 Note provides for a late charge equal to five percent (5%) of the delinquent payment amount, and default interest at a rate equal to twelve percent (12%) per annum. Id.

The Creative Loan, Ideal x0678 Loan, and Ideal x0858 Loan shall hereinafter collectively be referred to as the "Loans." The Creative Loan Agreement, Ideal x0678 Loan Agreement, and Ideal x0858 Loan Agreement shall hereinafter collectively be referred to as the "Loan Agreements." The Creative Note, Ideal x0678 Note, and Ideal x0858 Note shall hereinafter collectively be referred to as the "Notes."

In addition to other collateral, the Loans are secured, in part, by liens granted by Respondent to Petitioner in certain real and personal property owned by Respondent described on Schedule 1 hereto (collectively, the "Collateral") pursuant to and as more fully described in various deeds of trust and mortgages(each as amended, restated or otherwise modified from time to time, the "Security Instruments"). O'Leary Decl., ¶ 16, Ex. G (Security Instruments). Petitioner's Security Instruments are valid and subsisting liens upon the Collateral.

PETITIONER'S MOTION FOR (1) ORDER TO SHOW CAUSE
WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED,
AND (2) APPOINTMENT OF GENERAL RECEIVER - 3

134777.0002/9718886.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

The Loan Agreements, Notes, Security Instruments, Forbearance Agreement (as defined below), all agreements executed in connection with any of the foregoing, and all other documents, instruments, amendments, modifications, and agreements executed in connection with or otherwise related to the Loans shall hereinafter collectively be referred to as the "Loan Documents." The Loan Documents entitle Petitioner to recover its attorneys' fees, costs, and expenses incurred in enforcing the obligations thereunder, including, without limitation, its attorneys' fees, costs and expenses incurred in protecting and preserving the Collateral until sale, which sums are secured by the Collateral pursuant to the Loan Documents. O'Leary Decl., Exs. A-G.

**B.** **Defaults.**

Respondent defaulted on its obligations under the Loan Documents on account of various payment and covenant defaults. O'Leary Decl., ¶ 18. On February 16, 2023, Respondent entered into a Credit Accommodation and Enhancement Agreement by and between Petitioner and Respondent (as amended, restated or otherwise modified from time to time, the "Forbearance Agreement"), under the terms of which, Petitioner provided Respondent a period of forbearance in exchange for certain accommodations set forth therein. Id., ¶ 19, Ex. H (Forbearance Agreement). Respondent failed to perform various material provisions of the Forbearance Agreement and, as a result, the forbearance period terminated. Id., ¶ 20.

Respondent is also in default under the Loan Documents on account of (a) its failure to make the monthly payments due and owing under the Ideal x0678 Note and Ideal x0858 Note for the month of October 2023, and all subsequent monthly payments due thereafter, despite demand; (b) Creative's (together with Respondent, "Borrowers") failure to satisfy the entire obligation owing under the Creative Loan on or before November 27, 2023; (c) the commencement of foreclosure proceedings by Petitioner and other secured creditors against certain Collateral; and (d) Respondent's failure to pay delinquent real estate taxes, interest and penalties on certain Collateral. O'Leary Decl., ¶¶ 21 and 22.

PETITIONER'S MOTION FOR (1) ORDER TO SHOW CAUSE
WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED,
AND (2) APPOINTMENT OF GENERAL RECEIVER - 4

134777.0002/9718886.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

As a result of the aforementioned defaults, Petitioner (1) imposed the contractual default rates and Borrowers' obligations under the Notes and other Loan Documents are due and payable in its entirety; and (2) issued a written Notice of Default of Commercial Loan(s) dated as of March 13, 2024 (the "Notice of Default") pursuant to RCW 61.24 in respect of the Collateral located at 11410 Beverly Park Rd, Everett, WA 98204, which Notice of Default was transmitted by both first-class and certified mail, return receipt requested, to Respondent on March 13, 2024, and posted on said Collateral on March 14, 2024.  Id., ¶ 23, Ex. I (Notice of Default).

The following principal, interest, and late charges are due and owing under the Loan Documents (together with all interest, late charges and other amounts accruing on or after April 11, 2024, plus all unreimbursed attorneys' fees, costs and expenses Petitioner has or may in the future incur in enforcing the Loan Documents and preserving its Collateral, the "Accelerated Obligation"):

| Obligation | Principal Balance | Accrued and Unpaid Interest through April 10, 2024 | Late Charges and Other Costs and Expenses |
|---|---|---|---|
| Creative Note | $13,737,188.49 | $821,587.30 | $114,578.75 |
| x0678 Note | $1,515,356.35 | $71,380.04 | $4,498.40 |
| x0858 Note | $4,223,809.32 | $207,973.51 | $11,649.87 |

O'Leary Decl., ¶ 24.

## III.   STATEMENT OF ISSUE

1.      Whether the Court should enter an Order to Show Cause requiring Respondent to show cause why the Court should not appoint a general receiver over Respondent and its assets based upon the aforementioned defaults, Respondent's imminent danger of insolvency, and Petitioner's need to protect its interest in the Collateral and its revenue producing potential.

2.      Whether the Court should appoint Turning Point Strategic Advisors to serve as general receiver over Respondent pursuant to the attached proposed Order Appointing General Receiver.

PETITIONER'S MOTION FOR (1) ORDER TO SHOW CAUSE
WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED,
AND (2) APPOINTMENT OF GENERAL RECEIVER - 5

134777.0002/9718886.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# IV.   EVIDENCE RELIED UPON

This Motion relies upon the Declaration of Kasi O'Leary ("O'Leary Decl.") and exhibits thereto, the Declaration of Eric Camm ("Camm Decl.") and exhibits thereto, and the other papers and pleadings on file in this matter.

# V.   LEGAL ANALYSIS

## A.   Grounds for Appointing a Receiver Exist Under RCW 7.60.025.

The Court may appoint a general receiver when it is (1) "reasonably necessary" and "other available remedies either are not available or are inadequate," and (2) any of the enumerated "instances" set forth in RCW 7.60.025(1) exist.  See RCW 7.60.025(1).

"The power to appoint a receiver is within the trial court's discretion."  *Union Bank, N.A. v. Blanchard*, 194 Wn. App. 340, 362 (2016); *see also Mony Life Ins. Co. v. Cissne Family L.L.C.*, 135 Wn. App. 948, 952 (2006) ("The power to appoint a receiver is discretionary.")  The Washington Receivership Act intended to "create more comprehensive, streamlined, and cost-effective procedures applicable to proceedings in which property of a person is administered by the courts of this state for the benefit of creditors and other persons having an interest therein." Laws of 2004, Ch. 165, § 1.

With respect to the Collateral, grounds exist for the appointment of a general receiver under RCW 7.60.025(1)(a), (b), (i) and (nn), any one of which warrants appointment of a receiver to protect and preserve the value of the Collateral and Petitioner's security interest therein and to prevent waste and material injury to the Collateral and other Assets.

### 1.   7.60.025(1)(a).

Grounds exist to appoint a receiver when the party requesting the receiver either "is determined to have a probable right to or interest in property that is a subject of the action and in the possession of an adverse party," or "when the property or its revenue-producing potential is in danger of being lost or materially injured or impaired."  RCW 7.60.025(1)(a).  The receiver may be appointed regardless of whether the requesting party is seeking a money judgment in the action. *Id*.

PETITIONER'S MOTION FOR (1) ORDER TO SHOW CAUSE
WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED,
AND (2) APPOINTMENT OF GENERAL RECEIVER - 6

134777.0002/9718886.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Here, Petitioner holds a security interest in the Collateral and Respondent has demonstrated that it lacks the ability and resources to protect and preserve the Collateral, as evidenced by, among other things, the commencement of foreclosure proceedings by Petitioner and other creditors, and Respondent's failure to pay delinquent real estate taxes, interest and penalties. In light of Respondent's various defaults under the Loan Documents and the loan documents of other creditors, it is reasonably necessary for a receiver to take control of the Assets, protect and preserve the Assets, and market and sell the Assets and apply the proceeds to the Accelerated Obligation.

2.      7.60.025(1)(b).

Grounds exist to appoint a receiver "[p]rovisionally, after commencement of any judicial action or nonjudicial proceeding to foreclose upon any lien against or for forfeiture of any interest in real or personal property." RCW 7.60.025(1)(b).

Here, Petitioner has commenced a nonjudicial foreclosure of its Security Instrument encumbering the Collateral located at 1410 Beverly Park Road, Everett, WA 98204 by issuing the Notice of Default.

3.      7.60.025(1)(i).

Grounds exist to appoint a receiver when the respondent is a corporate entity that is "not generally paying [its] debts as those debt become due," or "insolvent" or "in imminent danger of insolvency." RCW 7.60.025(1)(i).

Here, Respondent is in imminent danger of insolvency. Respondent is delinquent on (1) its payment obligations to Petitioner under the Loan Documents, (2) its payment obligations to other creditors, as evidenced by the pending nonjudicial foreclosure proceedings, and (3) its payment obligations to various county taxing authorities. Respondent has not only failed to pay the Accelerated Obligation due and owing to Petitioner, but has failed to pay delinquent real estate taxes on the Collateral, and appears to be failing on its payment obligations to other creditors. The record in this matter demonstrates that Respondent is not paying its debts when they come due. Based on Respondent's ongoing failure to Petitioner and its other creditors, Respondent is not paying its debts as they become due, *and* is in imminent danger of insolvency.

PETITIONER'S MOTION FOR (1) ORDER TO SHOW CAUSE
WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED,
AND (2) APPOINTMENT OF GENERAL RECEIVER - 7

134777.0002/9718886.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

4.      7.60.025(1)(nn).

Grounds exist to appoint a receiver "when, in the discretion of the court, it may be necessary to secure ample justice to the parties." RCW 7.60.025(1)(nn). For all of the reasons stated herein, grounds exist for the Court to exercise its equitable discretion to protect and preserve the Collateral and Respondent's other Assets and proceeds thereof by appointing a general receiver over Respondent and its Assets.

**B.      Turning Point Strategic Advisors Should Be Appointed as Receiver.**

Petitioner requests that the Court appoint Turning Point Strategic Advisors as general receiver for Respondent and its Assets, including, without limitation, the Collateral. Turning Point Strategic Advisors is qualified to act as a general receiver, is not an interested party to this action, and has extensive experience as a receiver. Camm Decl., ¶¶ 2, 3, and 9.

## VI.      CONCLUSION & PROPOSED ORDER

For the reasons set forth above, the Court should enter the proposed orders attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, (A) requiring Respondent to show cause why the Court should not appoint Turning Point Strategic Advisors as receiver for the Business and all other Assets of Respondent, and (B) appointing Turning Point Strategic Advisors as general receiver over Respondent and its Assets.

DATED this 17th day of April, 2024.

LANE POWELL PC


By /s/Gregory R. Fox
  Gregory R. Fox, WSBA No. 30559
  James B. Zack, WSBA No. 48122
Attorneys for Petitioner First Fed Bank

*I certify that this memorandum contains 2,356 words, in compliance with the Local Civil Rules.*

PETITIONER'S MOTION FOR (1) ORDER TO SHOW CAUSE
WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED,
AND (2) APPOINTMENT OF GENERAL RECEIVER - 8

134777.0002/9718886.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# SCHEDULE 1

## [COLLATERAL]

653 E 20th St, Yuma, AZ 85365
700 S Arizona Blvd, Coolidge, AZ 85128
1930 N 22nd Ave, Phoenix, AZ 85009
4237 E Magnolia St, Phoenix, AZ 85034
530 Opper St, Escondido, CA 92029
25377 Huntwood Ave, Hayward, CA 94544
877 Orange Ave, Tallahassee, FL 32310
8460 Thomas Ave, Bridgeview, IL 60455
7925 W Arby Ave, Las Vegas, NV 89113
19355 SW Teton Ave, Tualatin, OR 97062
2709 Electronic Ln, Dallas, TX 75220
12 Emery Rd, Oroville, WA 98844
3200 Shoreline Dr, Camano, WA 98282
3811 188th St NE, Arlington, WA 98223
11410 Beverly Park Rd, Everett, WA 98204
14925 35th Ave NE, Marysville, WA 98271
27423 40th Ave NW, Stanwood, WA 98292
27602 40th Ave NW, Stanwood, WA 98292

PETITIONER'S MOTION FOR (1) ORDER TO SHOW CAUSE
WHY A GENERAL RECEIVER SHOULD NOT BE APPOINTED,
AND (2) APPOINTMENT OF GENERAL RECEIVER - 9

134777.0002/9718886.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# EXHIBIT A

1
2
3
4
5
6
7

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8
9
10
11
12
13
14

| | |
|---|---|
| FIRST FED BANK, a Washington state bank corporation, | Case No. |
| | ***PROPOSED*** **ORDER TO SHOW CAUSE RE APPOINTMENT OF GENERAL RECEIVER** |
| Petitioner, | |
| v. | [Clerk's Action Required] |
| IDEAL PROPERTY INVESTMENTS, LLC, a Washington limited liability company, | |
| Respondent. | |

The Court, having considered the motion of Petitioner First Fed Bank, a Washington state bank corporation ("Petitioner"), for an (1) Order To Show Cause Why a General Receiver Should Not Be Appointed and (2) Appointment of General Receiver (collectively, the "Appointment Motion"), the Declarations of Kasi O'Leary and Eric Camm, and corresponding exhibits thereto, and it appearing that there are reasonable grounds to grant the relief requested,

IT IS HEREBY ORDERED that Respondent Ideal Property Investments, LLC, a Washington limited liability company ("Respondent"), by and through its designated representative, must appear before this Court via Zoom[1] on **Wednesday, May 1, 2024, at 1:30 p.m.**, on the *King County Commissioners' Ex Parte Civil Motions Calendar*, and show cause why this Court should not appoint Turning Point Strategic Advisors, or another qualified person, to serve as general receiver over Respondent, and its assets, including, without limitation, the real

---

[1] Zoom Virtual Hearing Information is located on the Notice of Court Date filed concurrently herewith.

ORDER TO SHOW CAUSE RE APPOINTMENT OF GENERAL
RECEIVER - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9719642.1

1    and personal property owned by Respondent described on <u>Schedule 1</u> hereto, with authority to
2    operate, sell, lease, and liquidate the Assets.

3    IT IS FURTHER ORDERED that if Respondent fails to appear and show cause by the date
4    and time specified in this order, the Court will enter the proposed order attached to the
5    Appointment Motion appointing Turning Point Strategic Advisors to serve as general receiver over
6    Respondent and its assets.

7    ENTERED this ___ day of April, 2024.

8

9    _____
     JUDGE / COURT COMMISSIONER

10   Presented by:

11   LANE POWELL PC

12

13   By_____
14       Gregory R. Fox, WSBA No. 30559
         James B. Zack, WSBA No. 48122
     Attorneys for Petitioner First Fed Bank

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER TO SHOW CAUSE RE APPOINTMENT OF GENERAL
RECEIVER - 2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9719642.1

**SCHEDULE 1**

**[COLLATERAL]**

653 E 20th St, Yuma, AZ 85365
700 S Arizona Blvd, Coolidge, AZ 85128
1930 N 22nd Ave, Phoenix, AZ 85009
4237 E Magnolia St, Phoenix, AZ 85034
530 Opper St, Escondido, CA 92029
25377 Huntwood Ave, Hayward, CA 94544
877 Orange Ave, Tallahassee, FL 32310
8460 Thomas Ave, Bridgeview, IL 60455
7925 W Arby Ave, Las Vegas, NV 89113
19355 SW Teton Ave, Tualatin, OR 97062
2709 Electronic Ln, Dallas, TX 75220
12 Emery Rd, Oroville, WA 98844
3200 Shoreline Dr, Camano, WA 98282
3811 188th St NE, Arlington, WA 98223
11410 Beverly Park Rd, Everett, WA 98204
14925 35th Ave NE, Marysville, WA 98271
27423 40th Ave NW, Stanwood, WA 98292
27602 40th Ave NW, Stanwood, WA 98292

ORDER TO SHOW CAUSE RE APPOINTMENT OF GENERAL
RECEIVER - 3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9719642.1

# EXHIBIT B

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| FIRST FED BANK, a Washington state bank corporation, | Case No. |
| Petitioner, | ***PROPOSED* ORDER APPOINTING GENERAL RECEIVER** |
| v. | [Clerk's Action Required] |
| IDEAL PROPERTY INVESTMENTS, LLC, a Washington limited liability company, | |
| Respondent. | |

THIS MATTER having come before this Court for hearing upon the motion ("Motion") of Petitioner First Fed Bank, a Washington state bank corporation ("Petitioner"), for appointment of a general receiver to take possession and control of Respondent Ideal Property Investments, LLC, a Washington limited liability company ("Respondent") and its assets (collectively, the "Estate Property"); due and proper notice of the Motion having been given to all parties entitled thereto; the Court having duly considered the records and files herein, including the Motion, the Declarations of Kasi O'Leary and Eric Camm, and corresponding exhibits thereto; a show-cause hearing having been held and the Court being fully informed and advised in the premises, hereby FINDS:

A.      Petitioner has a claim against Respondent arising out of various credit or other financial accommodations (collectively, the "Loans") evidenced, in part, by the following:

a.      that certain Promissory Note dated as of December 10, 2020, executed by Creative Technologies, L.L.C. and payable to Petitioner or its order, in the stated principal amount

ORDER APPOINTING GENERAL RECEIVER - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

of Twenty-One Million Dollars ($21,000,000.00) (as amended, restated or otherwise modified from time to time, the "x0613 Note"); and

        b.    that certain Promissory Note dated as of March 12, 2021, executed by Ideal Property Investments, LLC and payable to Petitioner or its order, in the stated principal amount of Two Million Sixty-Two Thousand Five Hundred Dollars ($2,062,500.00) (as amended, restated or otherwise modified from time to time, the "x0678 Note"); and

        c.    that certain Promissory Note dated as of September 7, 2021, executed by Ideal Property Investments, LLC and payable to Petitioner or its order, in the stated principal amount of Four Million Nine Hundred Eighty Thousand Dollars ($4,980,000.00) (as amended, restated or otherwise modified from time to time, the "x0858 Note").

B.    The Loans are secured, in part, by liens granted by Respondent to Petitioner in certain real and personal property owned by Respondent described on Schedule 1 hereto (collectively, the "Collateral") pursuant to and as more fully described in various deeds of trust and mortgages attached to the Declaration of Kasi O'Leary filed in support hereof (as amended, restated or otherwise modified from time to time, the "Security Instruments").

C.    Petitioner's Security Instruments are valid and subsisting liens upon the Collateral.

D.    The Loan Agreements, Notes, Security Instruments, Forbearance Agreement (as defined below), all agreements executed in connection with any of the foregoing, and all other documents, instruments, amendments, modifications, and agreements executed in connection with or otherwise related to the Loans shall hereinafter collectively be referred to as the "Loan Documents."

E.    Respondent defaulted on its obligations under the Loan Documents on account of various payment and covenant defaults.

F.    On February 16, 2023, Respondent entered into a Credit Accommodation and Enhancement Agreement by and between Petitioner and Respondent (as amended, restated or otherwise modified from time to time, the "Forbearance Agreement"), under the terms of which,

ORDER APPOINTING GENERAL RECEIVER - 2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

Petitioner provided Respondent a period of forbearance in exchange for certain accommodations set forth therein.

G. Respondent failed to perform various material provisions of the Forbearance Agreement and, as a result, the forbearance period terminated.

H. Respondent is also in default under the Loan Documents on account of (1) Respondent's failure to make the monthly payments due and owing under the Ideal x0678 Note and Ideal x0858 Note for the month of October 2023, and all subsequent monthly payments due thereafter, despite demand; (2) Creative's (together with Respondent, "Borrowers") failure to satisfy the entire obligation owing under the Creative Loan on or before November 27, 2023; (3) the commencement of foreclosure proceedings by Petitioner and other secured creditors against certain Collateral; and (4) Respondent's failure to pay delinquent real estate taxes due and owing on certain Collateral.

I. As a result of the aforementioned defaults, Petitioner imposed the contractual default rates and Borrowers' obligations under the Notes and other Loan Documents are due and payable in its entirety; and on March 13, 2024, Petitioner issued a written Notice of Default of Commercial Loan(s) pursuant to RCW 61.24 in respect of the Collateral located at 11410 Beverly Park Rd, Everett, WA 98204.

J. The following principal, interest, and late charges are due and owing under the Loan Documents (together with all interest, late charges and other amounts accruing on or after April 11, 2024, plus all unreimbursed attorneys' fees, costs and expenses Petitioner has or may in the future incur in enforcing the Loan Documents and preserving its Collateral, the "Accelerated Obligation"):

| Obligation | Principal Balance | Accrued and Unpaid Interest through April 10, 2024 | Late Charges and Other Costs and Expenses |
|---|---|---|---|
| Creative Note | $13,737,188.49 | $821,587.30 | $114,578.75 |
| x0678 Note | $1,515,356.35 | $71,380.04 | $4,498.40 |
| x0858 Note | $4,223,809.32 | $207,973.51 | $11,649.87 |

ORDER APPOINTING GENERAL RECEIVER - 3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

K. Respondent lacks the ability and resources to protect and preserve its assets, including, without limitation, the Collateral.

L. Respondent is unable to pay its debts when due and is in imminent danger of insolvency.

M. The Collateral and its revenue producing potential are in danger of being lost or materially injured or impaired.

N. A receiver is reasonably necessary to protect and preserve the Collateral, and to avoid further loss, injury, and impairment to the Collateral.

O. Respondent does business in King County and consented to jurisdiction and venue in this Court.

P. Turning Point Strategic Advisors (i) is qualified to act as a general receiver for Respondent and other Estate Property, including, without limitation, the Collateral; (ii) is not an interested party to this action; and (iii) has substantial experience as a receiver.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Appointment.** Turning Point Strategic Advisors (hereinafter referred to as the "Receiver"), is appointed as the general receiver over Respondent and all other Estate Property, wherever located and with respect to all products and proceeds thereof, with authority to take exclusive possession and control of the Estate Property pursuant to the terms of this Order and RCW 7.60. The Receiver shall not be subject to the control of any party to this proceeding, but shall be subject only to the Court's direction in the fulfillment of the Receiver's duties. The appointment of the Receiver shall be effective on the date of the entry of this Order (the "Effective Date").

2. **Stay of Actions**. In accordance with RCW 7.60.110, the entry of this Order appointing a general receiver with respect to the Estate Property shall operate as a stay of the following acts, applicable to all persons, until this receivership is terminated, until and unless such person seeks affirmative relief from this Court:

ORDER APPOINTING GENERAL RECEIVER - 4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

a.      The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the persons over whose property the Receiver is appointed or any Estate Property that was or could have been commenced before the entry of the order of appointment, or to recover a claim against the person that arose before the entry of the order of appointment;

b.      The enforcement against the persons over whose property the Receiver is appointed or any Estate Property of a judgment obtained before the order of appointment;

c.      Any act to obtain possession of Estate Property from the Receiver, or to interfere with, or exercise control over, Estate Property, including, without limitation, any act to terminate any unexpired contract or lease;

d.      Any act to create, perfect, or enforce any lien or claim against Estate Property except by exercise of a right of setoff, to the extent that the lien secures a claim against the person that arose before the entry of the order of appointment; or

e.      Any act to collect, assess, or recover a claim against the persons over whose property the Receiver is appointed or any Estate Property that arose before the entry of the order of appointment.

3.      **Authority of Receiver**. The Receiver shall be a "General Receiver" as defined in RCW 7.60.015, with the power, rights and authority vested in it by RCW 7.60.060. In addition:

a.      **Sale Power**. The Receiver is authorized to (i) sell the Estate Property, including the Collateral described on Schedule 1 hereto, and (ii) wind up Respondent's affairs, pursuant to RCW 7.60.260. The Receiver's sale(s) of the Estate Property shall be free and clear of liens and all rights of redemption, whether or not the sale will generate proceeds sufficient to fully satisfy all claims secured by the Estate Property, provided that any sale outside the ordinary course shall require notice and a hearing. Upon any sale free and clear of liens in accordance with this Order, all security interests and other liens encumbering the Estate Property conveyed or transferred shall attach to the proceeds of the sale, net of reasonable expenses incurred in the disposition of the Estate Property and receivership expenses allocated to the disposition of the

ORDER APPOINTING GENERAL RECEIVER - 5

Estate Property, in the same order, priority, and validity as any liens had with respect to the Estate Property immediately before the conveyance.

b. **Bank Accounts**. The Receiver may, but is not required to, open and maintain such bank accounts as may be necessary for the deposit of monies collected or received by the Receiver. The deposits or proceeds of deposits deposited in Respondent's bank accounts may be transferred to the Receiver's account(s).

c. **Employees**. The Receiver, in the performance of the Receiver's duties, may employ such persons as the Receiver deems appropriate, including current employees of Respondent, in connection with the Receiver's management, operation, and liquidation of the Estate Property. All such persons, including any persons who may also be directors, officers, or employees, shall be subject to the management and direction of the Receiver in connection with their performance of any duties associated with such employment by the Receiver. The Receiver shall be free, at all times, to terminate the employment of any such person.

d. **Collections**. The Receiver has standing and is authorized, but not required, to bring and prosecute actions for the recovery of the Estate Property in the possession of third parties and for collection of any sums now or hereafter owing to Respondent or the Receiver. The Receiver may undertake its collection duties in the Respondent's and Receiver's name in assisting Respondent with the collection of its uncollected rents, accounts receivable and other claims. The Receiver may alter the place of payment, settle, compromise, and otherwise take all actions necessary to collect all outstanding accounts receivable and payment intangibles of Respondent without further order of this Court, and to liquidate all other Estate Property, including, without limitation, notifying tenants and account debtors to pay the Receiver directly. The Receiver may make claims under any insurance policy and otherwise file all notices and reports as may be required by any such policy. The Receiver may collect tax refunds and credits in the name of Respondent. A copy of this Order may be remitted to obligors, insurers, and others and may be relied upon by such obligors as authority to pay the Receiver solely and directly. Any account debtor or tenant who makes payment to the Receiver, or at the direction of the Receiver, shall have

ORDER APPOINTING GENERAL RECEIVER - 6

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

full credit in the amount of such payment with respect to its obligations owing to Respondent.

e. **Ordinary Course of Business**. The Receiver shall have the power to do all things which the owner of the Estate Property might do in the ordinary course of business as a going concern or in the use of the Estate Property, including, without limitation, and without further order of this Court, the purchase or acquisition of such goods, materials, services and supplies as the Receiver deems to be necessary or appropriate to preserve, protect and liquidate the Estate Property, and the sale of Respondent's products and services, on a short-term or long-term basis. The Receiver's payment of expenses it incurs in the ordinary course of the business, including, without limitation, payroll, payroll taxes, employee benefits, rent, web hosting, utilities, insurance, taxes, and maintenance, shall not require prior approval of this Court, provided that such expenses are consistent with this Order. The Receiver shall not have personal liability for estate debts incurred by the Receiver in the ordinary course of business.

f. **Accounting & Taxes**. The Receiver, without further order of this Court and in its sole discretion, is authorized to perform or contract for accounting, consulting, and tax services with respect to the Estate Property, as necessitated by this proceeding or as may be required by law in the performance of the Receiver's duties. The Receiver may in its sole discretion, but shall be under no obligation to, complete or file tax returns or other regulatory or governmental reports on behalf of Respondent, provided that such responsibility shall remain with Respondent; but the Receiver shall provide Respondent with such access to books and records within the Receiver's custody or control as reasonably may be requested by Respondent and necessary for Respondent to complete and file such returns, or other regulatory or governmental filings or reports. Nothing herein shall be construed as imposing any obligation on the Receiver for any taxes except as set forth in RCW 7.60.170(1)(b).

g. **Delegation**. The Receiver, in its discretion, may delegate performance of certain of the Receiver's clerical and accounting duties and functions, and may retain such attorneys or other professionals as the Receiver may require in connection with the proper performance of the Receiver's duties.

ORDER APPOINTING GENERAL RECEIVER - 7

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

h.     **Repairs & Improvements**. The Receiver is authorized to make such repairs, replacements, alterations, or improvements to the Estate Property as the Receiver determines to be prudent or necessary. Unless otherwise ordered by this Court, the Receiver is not obligated to undertake, and will have no liability for, any remediation or cleanup with respect to hazardous materials presently existing under, on, or about any real property used, occupied, or operated by Respondent.

i.     **Ancillary Receiverships**. The Receiver may commence an ancillary action in any jurisdiction the Receiver deems necessary to fulfill its duties hereunder.

j.     **LLC Management**. The Receiver shall be deemed the "manager" of the Respondent, or authorized signatory, with full power to convey Estate Property in such capacity, after court approval pursuant to the terms of this Order, and may execute deeds, agreements and other conveyance documents in such capacity.

4.     **Receiver's Authority to Incur Indebtedness**. In the event the Receiver determines that there are inadequate funds being generated from the Estate Property, operation of Respondent's businesses, or other means to fund the expenses of the receivership, at the Receiver's request, Petitioner, without further order of this Court, may, but is not required to, advance such funds as are deemed necessary by the Receiver, in its sole discretion, for the purpose of protecting, preserving, completing, improving, and liquidating the Estate Property. Any and all such funds advanced by Petitioner to the Receiver shall accrue interest at the same rate as provided in the Loan Documents, shall be secured by and have at least the same priority as the lien of the Security Instruments described on Schedule 2 hereto, and shall be afforded priority as permitted by RCW 7.60.230(1)(a) to the extent such advance(s) benefits any secured creditor with a priority senior to Petitioner's pre-petition Security Instruments.

5.     **Record Systems**. The Receiver shall establish and maintain such accounting, bookkeeping, and record-keeping systems as the Receiver determines to be advisable in the Receiver's business judgment in connection with its operation and management of the Estate Property.

ORDER APPOINTING GENERAL RECEIVER - 8

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

6.     **Investigation**. The Receiver, to the extent that sufficient funds are available, shall investigate the Estate Property, its financial condition, and prospects of disposing of the Estate Property and, subject to the terms of this Order, is authorized without further order of this Court, to have the exclusive power and authority to manage, operate, maintain, and control the Estate Property.

7.     **Schedules**. To the extent the Receiver is unable to meet the deadline to file schedules imposed by RCW 7.60.090, the Receiver shall have an additional sixty (60) days to complete such tasks, provided the Receiver advises Petitioner that the Receiver requires additional time. This provision is without prejudice to the Receiver's right to seek an order of this Court granting additional extensions for good cause shown.

8.     **Receiver Reports**. The Receiver shall file with this Court a quarterly report of the Receiver's management and financial affairs of the Estate Property in accordance with RCW 7.60.100. The first report shall be due on the last day of the month following the calendar quarter then ended (e.g. March 31, June 30, September 30, or December 31). Each subsequent quarterly report by the Receiver shall be due by the last day of the month following the subsequent quarter. Each quarterly report shall include the following:

a.     A balance sheet;

b.     A statement of income and expenses;

c.     A statement of cash receipts and disbursements;

d.     A statement of accrued accounts receivable of the Receiver, which shall disclose amounts considered to be uncollectable; and

e.     A summarized statement of accounts payable of the Receiver, including professional fees; and

f.     A rent roll for each property owned by Respondent.

The Receiver shall file such reports on a monthly basis if requested by Petitioner.

9.     **Executory Contracts and Unexpired Leases**. The Receiver is authorized to assume or reject executory contracts and unexpired leases of Respondent as the Receiver deems

ORDER APPOINTING GENERAL RECEIVER - 9

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

to be in the best interests of the estate; provided, however, such assumption or rejection shall require a further order of this Court upon appropriate notice to the parties in accordance with RCW 7.60.130.

10.      **Abandonment**. In accordance with RCW 7.60.150, the Receiver, upon order of the Court following notice and a hearing, and upon the conditions or terms this Court considers just and proper, may abandon any Estate Property that is burdensome to the Receiver or is of inconsequential value or benefit. Estate Property that is abandoned shall no longer constitute property of this receivership.

11.      **Services/Tax Returns**. The Receiver shall cause to be paid when due all taxes and withholdings, and all workers' compensation, industrial insurance or similar premiums or payments, which the Receiver incurs and becomes obligated to pay after the Effective Date and during the receivership with respect to any Estate Property, to the extent funds are available for such payment. Nothing in this Order shall be construed as imposing any liability on the Receiver for any taxes, of any kind, which accrued prior to the date of the entry of this Order, or any obligations of Respondent arising prior to the date of the entry of this Order. Nothing in this Order shall be construed as imposing any personal liability on the Receiver for any taxes of any kind with respect to any Estate Property regardless of when such taxes are incurred. The Receiver shall have no obligation to file tax returns on behalf of Respondent; provided, however, that the Receiver may file tax returns and refund documentation that may generate a positive return to the estate.

12.      **Preservation of Licenses**. The Receiver, in its sole discretion, is authorized to acquire, renew, or seek reinstatement of all licenses, permits, or other authorizations, either in the Receiver's name or in the name of Respondent, pertaining to the Estate Property or any aspect of the Respondent's businesses.

13.      **Insurance**. The Receiver, in its sole discretion, is authorized to review all existing insurance coverage with respect to the Estate Property and to procure and/or maintain such insurance as the Receiver deems necessary to preserve and protect the Estate Property. With respect to any insurance coverage in existence or obtained, the Receiver shall be named as an

ORDER APPOINTING GENERAL RECEIVER - 10

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

additional insured on the policies for the period of the receivership. If sufficient insurance coverage does not exist, the Receiver shall use its best efforts to procure sufficient all-risk and liability insurance on the Estate Property (excluding earthquake and flood insurance); provided, however, that if the Receiver is unable to obtain insurance or does not have sufficient funds to do so, the Receiver shall seek instructions from this Court with regard to adequately insuring the Estate Property.

14. **Preservation of Estate Property**. Unless and until otherwise ordered by this Court, and except as otherwise expressly provided by this Order, the Receiver is authorized to do all other things determined by the Receiver to be reasonably necessary or incidental to the performance of the Receiver's duties for the purpose of protecting, enhancing, and preserving the Estate Property.

15. **No Appraisal or Inventory Required**. The Receiver is excused from seeking an independent professional appraisal of the Estate Property or filing an inventory, absent a further order of this Court; provided that the Receiver may obtained valuations or appraisals in its discretion.

16. **Mail**. The Receiver may issue demand that the U.S. Postal Service grant exclusive possession and control to the Receiver of mail addressed to Respondent and of such postal boxes as may have been used by Respondent, and may direct that mail related to Respondent and the Estate Property be redirected to Receiver.

17. **Administrative Fees and Expenses**.

a. **Receiver's Compensation**. The Receiver is authorized to pay itself compensation at its current regular hourly rates, including the rates of $450 per hour for Eric Camm, $400 per hour for other partners, $275 per hour for senior consultants, and $250 per hour for consultants, and to reimburse Receiver's actual expenses, pursuant to the terms of this Order.

b. **Professionals/Attorneys**. The Receiver may retain attorneys, accountants, investment bankers, and other professional service providers to assist the Receiver in carrying out its duties and obligations. The law firm of Snell & Wilmer is hereby authorized and appointed to act as attorneys for the Receiver and, subject to paragraph c below, shall be paid for all services at

ORDER APPOINTING GENERAL RECEIVER - 11

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

their standard hourly rates, not to exceed $625 for partners or counsel, $475 for associates, and $350 for paralegals. Should the Receiver conclude that it is in the best interests of the receivership estate to retain additional legal counsel or other professionals, the terms thereof shall be established by separate motion pursuant to RCW 7.60.180.

c. **Payment of Receiver's and Professionals' Fees and Costs**. Following the Effective Date, the Receiver is authorized to disburse funds from the receivership estate as payment for its fees and costs and for the fees and costs of its professionals on a periodic basis, provided that application may not be made more often than monthly, as follows:

i. **Compensation Notice**. The Receiver shall file a notice of its proposed compensation and that of its professionals (each, a "Compensation Notice") and serve such Compensation Notice, together with a reasonably detailed description of the relevant time periods, services rendered, and amount of compensation requested on: (i) Petitioner, (ii) Respondent, (iii) all persons that have requested notice in this receivership, and (iv) any person that has, to the Receiver's actual knowledge, asserted any lien against the Estate Property. If no person objects to the proposed disbursement within ten (10) calendar days following the date of service of the Compensation Notice, the proposed disbursement shall be deemed approved as being fully and finally earned without further order or leave of this Court.

ii. **Compensation Objections**. If any person wishes to object to a proposed disbursement described in the Compensation Notice, or any portion thereof, such person shall deliver a written objection that details the nature of the objection (each, a "Compensation Objection") to: (i) the Receiver, (ii) Snell & Wilmer, as counsel for the Receiver, and (iii) all other parties upon which the Compensation Notice was served, within the ten-day objection period set forth above. If the Receiver or affected professionals cannot consensually resolve the dispute with the objecting person or if the dispute is not resolved within five (5) business days of the date of the objection, the Receiver may file a motion seeking determination of the Compensation Objection.

ORDER APPOINTING GENERAL RECEIVER - 12

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

d.      **Cause for Termination**. In the event the receivership estate is without sufficient liquid cash funds to defray on a current basis the reasonable fees and costs earned and incurred by the Receiver and its professionals and the expenses of this receivership or any of the projected future fees, costs, and expenses of the receivership, good cause for termination of the receivership shall be deemed to exist and, upon application by the Receiver or any of its professionals establishing such lack of funding for the receivership, the appointment of the Receiver or its professionals shall be terminated.

e.      **Secured Creditors' Consent to Appointment**. Any creditor who receives notice of the receivership pursuant to RCW 7.60.200, and fails to seek the removal of the Receiver or dismissal of the receivership within thirty (30) days following the date upon which notice is mailed to creditors, shall be deemed to have consented to the receivership for the purpose of RCW 7.60.230(1)(b); provided, however, that pursuant to the provisions of this Order and the applicable provisions contained in RCW 7.60 et seq., any secured creditor shall have the right to object to the amount of any administrative expenses, including, without limitation, the fees, charges, and expenses of the Receiver, its attorneys, and other professional persons, entitled to priority over the claims of such secured creditor pursuant to RCW 7.60.230(1)(b).

f.      **Surcharging Lien**. The approved fees and costs of the Receiver and its attorneys or other professionals employed by it pursuant to the authority granted by this Court, together with Petitioner's advances to the Receiver and all other necessary and reasonable expenses incurred by this receivership in connection with preserving and protecting the Estate Property, shall be a first and paramount surcharging lien against the Estate Property, with priority over all other persons claiming an interest in or lien upon the Estate Property (the "Receiver Lien").

18.      **No Receiver Liability**. No obligation incurred by the Receiver in the good faith performance of the Receiver's duties, whether pursuant to contract, by reason of any tort, or otherwise, shall be the Receiver's personal obligation. Rather, the recourse of any person or entity to whom the Receiver becomes obligated in the good faith performance of the Receiver's duties shall be solely against the Estate Property. Notwithstanding any provisions of this Order which

ORDER APPOINTING GENERAL RECEIVER - 13

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

may be construed otherwise, the Receiver shall not be required to expend any of its own funds to comply with any of the provisions of this Order.

19. **Duty of Cooperation**. Respondent, its officers, directors, managers, employees, agents, consultants, accountants, bookkeepers, certified public accountants, and attorneys shall cooperate with the Receiver in connection with the Receiver's assumption and performance of the Receiver's duties, so as to enable the Receiver to assume and perform the Receiver's duties without jeopardy to the Estate Property. Each of them shall execute any deeds, agreements, or documents requested by the Receiver in connection with any sale or disposition approved by the Court, and shall relinquish and deliver possession of the Estate Property to the Receiver within seven (7) calendar days upon its demand, and shall turn over to the Receiver:

a. The possession of the Estate Property, including all keys to all locks, and the records, books of account, ledgers and all business records for the Estate Property, wherever located and in whatever mode maintained (including, without limitation, information contained on computers and any and all software relating thereto, including login credentials, as well as all banking records, statements and cancelled checks).

b. Copies or, if requested by the Receiver, originals of all documents that constitute or pertain to insurance policies or surety agreements, whether currently in effect or lapsed, that relate to the Estate Property.

c. Copies or, if requested by the Receiver, originals of all contracts, subcontracts, leases, licenses, assignments, or other agreements of any kind, whether currently in effect or lapsed, that relate to the Estate Property.

d. All proceeds derived from the Estate Property, wherever and in whatever mode maintained.

e. Upon request of the Receiver, Respondent shall instruct all customers, account debtors, or others now or hereafter in possession of the Estate Property to make all payments to the Receiver or the Receiver's designee until further order of this Court.

ORDER APPOINTING GENERAL RECEIVER - 14

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

f.     Upon request of the Receiver, Respondent shall make themselves available on three (3) calendar days' notice to assist the Receiver by attending any meeting and signing any document required to transfer any bank or other account over to the Receiver's possession and control.

g.     All financial institutions, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, subcontractors, tradesmen, materialmen, service providers, taxing agencies, and all government agencies and departments are hereby ordered to take direction from the Receiver as it relates to the accounts and contracts of Respondent and to surrender any and all funds held on deposit or apply said funds as directed by the Receiver.

h.     Each Respondent and its directors, officers, managers, employees, agents, accountants, and attorneys shall provide the Receiver promptly upon request with all documents and records (including but not limited to financial records) and all information and with access to the Estate Property, and all employees of Respondent (both within or outside the state of Washington), which the Receiver at any time may request from it.

i.     Each Respondent and its directors, officers, managers, employees, agents, accountants, and attorneys are hereby enjoined from obstructing, delaying, or interfering with the Receiver in the performance of the Receiver's duties.

20.    **Utilities**. Any utility company providing services to Respondent, including gas, electricity, water, sewer, trash collection, telephone, communications, or similar services, shall be prohibited from discontinuing service based upon unpaid bills incurred by Respondent. Further, such utilities shall transfer any deposits held by the utility to the exclusive control of the Receiver and are prohibited from demanding that the Receiver deposit additional funds in advance to maintain or secure such services.

21.    **Service of Pleadings.** Unless otherwise provided by this Order, any motion by the Receiver for Court approval of any act of the Receiver requiring Court approval shall be served upon Petitioner and its counsel, and upon each other party who has filed and served upon the Receiver a notice of appearance in this proceeding. Unless otherwise provided by this Order, in

ORDER APPOINTING GENERAL RECEIVER - 15

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

addition to service by mail or personal service, service may be made by email. Notice of any motion may be made by mail, email, or personal service seven (7) calendar days in advance of any hearing, or as otherwise may be approved by this Court. The Receiver shall be deemed to have provided adequate notice if it complies with this section.

22. **Notice of Receivership**. Within thirty (30) days following the entry of this Order, all known holders of liens against the Estate Property and all know creditors will be sent notice of the entry of this Order and such further notices as this Court may order to their last known addresses by first class U.S. mail. The Receiver is not required to publish notice of the receivership. As it is anticipated that there will be an expeditious administration of the Estate Property and a one hundred eighty day period for state agencies to submit claims will unnecessarily delay administration and termination of the receivership, the one hundred and eighty (180) day period for state agencies to submit claims shall be shortened to sixty (60) days pursuant to RCW 7.60.055.

23. **Further Instruction**. If the Receiver is at any time uncertain as to the scope of the Receiver's authority or as to any matter affecting or relating to the performance of the Receiver's duties, the Receiver shall be free to seek and obtain instructions from this Court with respect to such matters upon motion and notice to the parties. The Receiver at any time may apply for a modification of this Order or for further powers, if such a modification or further powers are considered by the Receiver to be necessary for the performance of the Receiver's duties or for the preservation or protection of the Estate Property.

24. **Discharge/Final Report**. The Receiver shall continue to perform the duties provided for by this Order until the Receiver is discharged by order of this Court. Upon distribution or disposition of all Estate Property, or the completion of the Receiver's duties with respect to the Estate Property, the Receiver shall move this Court to be discharged. The Receiver shall file a final report and accounting setting forth all receipts and disbursements of the estate which shall be annexed to the petition for discharge and filed with this Court. Upon approval of the final report, this Court shall discharge the Receiver and exonerate the Receiver's bond. The Receiver's discharge shall release the Receiver from any further duties and responsibilities as receiver under

ORDER APPOINTING GENERAL RECEIVER - 16

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3

RCW 7.60 et seq.

25. **Jurisdiction**. This Court shall retain jurisdiction over any disputes arising from the receivership, or relating to the Receiver, which jurisdiction shall be exclusive and shall survive the termination of the receivership.

26. **Bond**. Within ten (10) days following entry of this Order, the Receiver shall execute and file with this Court either cash or a bond in the amount of $10,000 with a surety authorized by the Washington Commissioner of Insurance to engage in the business of suretyship in the state of Washington, in favor of the Clerk of the King County Superior Court, on the condition that the Receiver will faithfully discharge the duties of the Receiver in this action and obey the orders of this Court. The Receiver is authorized to be reimbursed for any premium or other fee of the surety providing such bond, without further order of this Court.

ENTERED this ___ day of May, 2024

_____
JUDGE / COURT COMMISSIONER

Presented by:

LANE POWELL PC

By _____
   Gregory R. Fox, WSBA No. 30559
   James B. Zack, WSBA No. 48122
Attorneys for Petitioner First Fed Bank

ORDER APPOINTING GENERAL RECEIVER - 17

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0002/9715411.3