**EXHIBIT F**



FILED
KING COUNTY, WASHINGTON
MAY 03 2024
SUPERIOR COURT CLERK
BY Francisco Gonzales-Albiar
DEPUTY

EXP01

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| FIRST FED BANK, a Washington state bank corporation,<br><br>Petitioner,<br><br>v.<br><br>IDEAL PROPERTY INVESTMENTS, LLC, a Washington limited liability company,<br><br>Respondent. | Case No. 24-2-08418-5 SEA<br><br>**ORDER APPOINTING GENERAL RECEIVER**<br><br>[Clerk's Action Required] |

THIS MATTER having come before this Court for hearing upon the motion ("Motion") of Petitioner First Fed Bank, a Washington state bank corporation ("Petitioner"), for appointment of a general receiver to take possession and control of Respondent Ideal Property Investments, LLC, a Washington limited liability company ("Respondent") and its assets (collectively, the "Estate Property"); due and proper notice of the Motion having been given to all parties entitled thereto; the Court having duly considered the records and files herein, including the Motion, the Declarations of Kasi O'Leary and Eric Camm, and corresponding exhibits thereto; a show-cause hearing having been held and the Court being fully informed and advised in the premises, hereby FINDS:

A.  Petitioner has a claim against Respondent arising out of various credit or other financial accommodations (collectively, the "Loans") evidenced, in part, by the following:

   a.  that certain Promissory Note dated as of December 10, 2020, executed by Creative Technologies, L.L.C. and payable to Petitioner or its order, in the stated principal amount

ORDER APPOINTING GENERAL RECEIVER - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

of Twenty-One Million Dollars ($21,000,000.00) (as amended, restated or otherwise modified from time to time, the "x0613 Note"); and

   b. that certain Promissory Note dated as of March 12, 2021, executed by Ideal Property Investments, LLC and payable to Petitioner or its order, in the stated principal amount of Two Million Sixty-Two Thousand Five Hundred Dollars ($2,062,500.00) (as amended, restated or otherwise modified from time to time, the "x0678 Note"); and

   c. that certain Promissory Note dated as of September 7, 2021, executed by Ideal Property Investments, LLC and payable to Petitioner or its order, in the stated principal amount of Four Million Nine Hundred Eighty Thousand Dollars ($4,980,000.00) (as amended, restated or otherwise modified from time to time, the "x0858 Note").

  B. The Loans are secured, in part, by liens granted by Respondent to Petitioner in certain real and personal property owned by Respondent described on Schedule 1 hereto (collectively, the "Collateral") pursuant to and as more fully described in various deeds of trust and mortgages attached to the Declaration of Kasi O'Leary filed in support hereof (as amended, restated or otherwise modified from time to time, the "Security Instruments").

  C. Petitioner's Security Instruments are valid and subsisting liens upon the Collateral.

  D. The Loan Agreements, Notes, Security Instruments, Forbearance Agreement (as defined below), all agreements executed in connection with any of the foregoing, and all other documents, instruments, amendments, modifications, and agreements executed in connection with or otherwise related to the Loans shall hereinafter collectively be referred to as the "Loan Documents."

  E. Respondent defaulted on its obligations under the Loan Documents on account of various payment and covenant defaults.

  F. On February 16, 2023, Respondent entered into a Credit Accommodation and Enhancement Agreement by and between Petitioner and Respondent (as amended, restated or otherwise modified from time to time, the "Forbearance Agreement"), under the terms of which,

ORDER APPOINTING GENERAL RECEIVER - 2

Petitioner provided Respondent a period of forbearance in exchange for certain accommodations set forth therein.

G. Respondent failed to perform various material provisions of the Forbearance Agreement and, as a result, the forbearance period terminated.

H. Respondent is also in default under the Loan Documents on account of (1) Respondent's failure to make the monthly payments due and owing under the Ideal x0678 Note and Ideal x0858 Note for the month of October 2023, and all subsequent monthly payments due thereafter, despite demand; (2) Creative's (together with Respondent, "Borrowers") failure to satisfy the entire obligation owing under the Creative Loan on or before November 27, 2023; (3) the commencement of foreclosure proceedings by Petitioner and other secured creditors against certain Collateral; and (4) Respondent's failure to pay delinquent real estate taxes due and owing on certain Collateral.

I. As a result of the aforementioned defaults, Petitioner imposed the contractual default rates and Borrowers' obligations under the Notes and other Loan Documents are due and payable in its entirety; and on March 13, 2024, Petitioner issued a written Notice of Default of Commercial Loan(s) pursuant to RCW 61.24 in respect of the Collateral located at 11410 Beverly Park Rd, Everett, WA 98204.

J. The following principal, interest, and late charges are due and owing under the Loan Documents (together with all interest, late charges and other amounts accruing on or after April 11, 2024, plus all unreimbursed attorneys' fees, costs and expenses Petitioner has or may in the future incur in enforcing the Loan Documents and preserving its Collateral, the "Accelerated Obligation"):

| Obligation | Principal Balance | Accrued and Unpaid Interest through April 10, 2024 | Late Charges and Other Costs and Expenses |
|---|---|---|---|
| Creative Note | $13,737,188.49 | $821,587.30 | $114,578.75 |
| x0678 Note | $1,515,356.35 | $71,380.04 | $4,498.40 |
| x0858 Note | $4,223,809.32 | $207,973.51 | $11,649.87 |

ORDER APPOINTING GENERAL RECEIVER - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

K. Respondent lacks the ability and resources to protect and preserve its assets, including, without limitation, the Collateral.

L. Respondent is unable to pay its debts when due and is in imminent danger of insolvency.

M. The Collateral and its revenue producing potential are in danger of being lost or materially injured or impaired.

N. A receiver is reasonably necessary to protect and preserve the Collateral, and to avoid further loss, injury, and impairment to the Collateral.

O. Respondent does business in King County and consented to jurisdiction and venue in this Court.

P. Turning Point Strategic Advisors (i) is qualified to act as a general receiver for Respondent and other Estate Property, including, without limitation, the Collateral; (ii) is not an interested party to this action; and (iii) has substantial experience as a receiver.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Appointment.** Turning Point Strategic Advisors (hereinafter referred to as the "Receiver"), is appointed as the general receiver over Respondent and all other Estate Property, wherever located and with respect to all products and proceeds thereof, with authority to take exclusive possession and control of the Estate Property pursuant to the terms of this Order and RCW 7.60. The Receiver shall not be subject to the control of any party to this proceeding, but shall be subject only to the Court's direction in the fulfillment of the Receiver's duties. The appointment of the Receiver shall be effective on the date of the entry of this Order (the "Effective Date").

2. **Stay of Actions**. In accordance with RCW 7.60.110, the entry of this Order appointing a general receiver with respect to the Estate Property shall operate as a stay of the following acts, applicable to all persons, until this receivership is terminated, until and unless such person seeks affirmative relief from this Court:

ORDER APPOINTING GENERAL RECEIVER - 4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

a. The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the persons over whose property the Receiver is appointed or any Estate Property that was or could have been commenced before the entry of the order of appointment, or to recover a claim against the person that arose before the entry of the order of appointment;

b. The enforcement against the persons over whose property the Receiver is appointed or any Estate Property of a judgment obtained before the order of appointment;

c. Any act to obtain possession of Estate Property from the Receiver, or to interfere with, or exercise control over, Estate Property, including, without limitation, any act to terminate any unexpired contract or lease;

d. Any act to create, perfect, or enforce any lien or claim against Estate Property except by exercise of a right of setoff, to the extent that the lien secures a claim against the person that arose before the entry of the order of appointment; or

e. Any act to collect, assess, or recover a claim against the persons over whose property the Receiver is appointed or any Estate Property that arose before the entry of the order of appointment.

3. **Authority of Receiver**. The Receiver shall be a "General Receiver" as defined in RCW 7.60.015, with the power, rights and authority vested in it by RCW 7.60.060. In addition:

a. **Sale Power**. The Receiver is authorized to (i) sell the Estate Property, including the Collateral described on Schedule 1 hereto, and (ii) wind up Respondent's affairs, pursuant to RCW 7.60.260. The Receiver's sale(s) of the Estate Property shall be free and clear of liens and all rights of redemption, whether or not the sale will generate proceeds sufficient to fully satisfy all claims secured by the Estate Property, provided that any sale outside the ordinary course shall require notice and a hearing. Upon any sale free and clear of liens in accordance with this Order, all security interests and other liens encumbering the Estate Property conveyed or transferred shall attach to the proceeds of the sale, net of reasonable expenses incurred in the disposition of the Estate Property and receivership expenses allocated to the disposition of the

Estate Property, in the same order, priority, and validity as any liens had with respect to the Estate Property immediately before the conveyance.

      b.    **Bank Accounts**. The Receiver may, but is not required to, open and maintain such bank accounts as may be necessary for the deposit of monies collected or received by the Receiver. The deposits or proceeds of deposits deposited in Respondent's bank accounts may be transferred to the Receiver's account(s).

      c.    **Employees**. The Receiver, in the performance of the Receiver's duties, may employ such persons as the Receiver deems appropriate, including current employees of Respondent, in connection with the Receiver's management, operation, and liquidation of the Estate Property. All such persons, including any persons who may also be directors, officers, or employees, shall be subject to the management and direction of the Receiver in connection with their performance of any duties associated with such employment by the Receiver. The Receiver shall be free, at all times, to terminate the employment of any such person.

      d.    **Collections**. The Receiver has standing and is authorized, but not required, to bring and prosecute actions for the recovery of the Estate Property in the possession of third parties and for collection of any sums now or hereafter owing to Respondent or the Receiver. The Receiver may undertake its collection duties in the Respondent's and Receiver's name in assisting Respondent with the collection of its uncollected rents, accounts receivable and other claims. The Receiver may alter the place of payment, settle, compromise, and otherwise take all actions necessary to collect all outstanding accounts receivable and payment intangibles of Respondent without further order of this Court, and to liquidate all other Estate Property, including, without limitation, notifying tenants and account debtors to pay the Receiver directly. The Receiver may make claims under any insurance policy and otherwise file all notices and reports as may be required by any such policy. The Receiver may collect tax refunds and credits in the name of Respondent. A copy of this Order may be remitted to obligors, insurers, and others and may be relied upon by such obligors as authority to pay the Receiver solely and directly. Any account debtor or tenant who makes payment to the Receiver, or at the direction of the Receiver, shall have

ORDER APPOINTING GENERAL RECEIVER - 6

full credit in the amount of such payment with respect to its obligations owing to Respondent.

  e. **Ordinary Course of Business**. The Receiver shall have the power to do all things which the owner of the Estate Property might do in the ordinary course of business as a going concern or in the use of the Estate Property, including, without limitation, and without further order of this Court, the purchase or acquisition of such goods, materials, services and supplies as the Receiver deems to be necessary or appropriate to preserve, protect and liquidate the Estate Property, and the sale of Respondent's products and services, on a short-term or long-term basis. The Receiver's payment of expenses it incurs in the ordinary course of the business, including, without limitation, payroll, payroll taxes, employee benefits, rent, web hosting, utilities, insurance, taxes, and maintenance, shall not require prior approval of this Court, provided that such expenses are consistent with this Order. The Receiver shall not have personal liability for estate debts incurred by the Receiver in the ordinary course of business.

  f. **Accounting & Taxes**. The Receiver, without further order of this Court and in its sole discretion, is authorized to perform or contract for accounting, consulting, and tax services with respect to the Estate Property, as necessitated by this proceeding or as may be required by law in the performance of the Receiver's duties. The Receiver may in its sole discretion, but shall be under no obligation to, complete or file tax returns or other regulatory or governmental reports on behalf of Respondent, provided that such responsibility shall remain with Respondent; but the Receiver shall provide Respondent with such access to books and records within the Receiver's custody or control as reasonably may be requested by Respondent and necessary for Respondent to complete and file such returns, or other regulatory or governmental filings or reports. Nothing herein shall be construed as imposing any obligation on the Receiver for any taxes except as set forth in RCW 7.60.170(1)(b).

  g. **Delegation**. The Receiver, in its discretion, may delegate performance of certain of the Receiver's clerical and accounting duties and functions, and may retain such attorneys or other professionals as the Receiver may require in connection with the proper performance of the Receiver's duties.

h. **Repairs & Improvements**. The Receiver is authorized to make such repairs, replacements, alterations, or improvements to the Estate Property as the Receiver determines to be prudent or necessary. Unless otherwise ordered by this Court, the Receiver is not obligated to undertake, and will have no liability for, any remediation or cleanup with respect to hazardous materials presently existing under, on, or about any real property used, occupied, or operated by Respondent.

i. **Ancillary Receiverships**. The Receiver may commence an ancillary action in any jurisdiction the Receiver deems necessary to fulfill its duties hereunder.

j. **LLC Management**. The Receiver shall be deemed the "manager" of the Respondent, or authorized signatory, with full power to convey Estate Property in such capacity, after court approval pursuant to the terms of this Order, and may execute deeds, agreements and other conveyance documents in such capacity.

4. **Receiver's Authority to Incur Indebtedness**. In the event the Receiver determines that there are inadequate funds being generated from the Estate Property, operation of Respondent's businesses, or other means to fund the expenses of the receivership, at the Receiver's request, Petitioner, without further order of this Court, may, but is not required to, advance such funds as are deemed necessary by the Receiver, in its sole discretion, for the purpose of protecting, preserving, completing, improving, and liquidating the Estate Property. Any and all such funds advanced by Petitioner to the Receiver shall accrue interest at the same rate as provided in the Loan Documents, shall be secured by and have at least the same priority as the lien of the Security Instruments described on Schedule 2 hereto, and shall be afforded priority as permitted by RCW 7.60.230(1)(a) to the extent such advance(s) benefits any secured creditor with a priority senior to Petitioner's pre-petition Security Instruments.

5. **Record Systems**. The Receiver shall establish and maintain such accounting, bookkeeping, and record-keeping systems as the Receiver determines to be advisable in the Receiver's business judgment in connection with its operation and management of the Estate Property.

ORDER APPOINTING GENERAL RECEIVER - 8

6. **Investigation**. The Receiver, to the extent that sufficient funds are available, shall investigate the Estate Property, its financial condition, and prospects of disposing of the Estate Property and, subject to the terms of this Order, is authorized without further order of this Court, to have the exclusive power and authority to manage, operate, maintain, and control the Estate Property.

7. **Schedules**. To the extent the Receiver is unable to meet the deadline to file schedules imposed by RCW 7.60.090, the Receiver shall have an additional sixty (60) days to complete such tasks, provided the Receiver advises Petitioner that the Receiver requires additional time. This provision is without prejudice to the Receiver's right to seek an order of this Court granting additional extensions for good cause shown.

8. **Receiver Reports**. The Receiver shall file with this Court a quarterly report of the Receiver's management and financial affairs of the Estate Property in accordance with RCW 7.60.100. The first report shall be due on the last day of the month following the calendar quarter then ended (e.g. March 31, June 30, September 30, or December 31). Each subsequent quarterly report by the Receiver shall be due by the last day of the month following the subsequent quarter. Each quarterly report shall include the following:

    a. A balance sheet;

    b. A statement of income and expenses;

    c. A statement of cash receipts and disbursements;

    d. A statement of accrued accounts receivable of the Receiver, which shall disclose amounts considered to be uncollectable; and

    e. A summarized statement of accounts payable of the Receiver, including professional fees; and

    f. A rent roll for each property owned by Respondent.

The Receiver shall file such reports on a monthly basis if requested by Petitioner.

9. **Executory Contracts and Unexpired Leases**. The Receiver is authorized to assume or reject executory contracts and unexpired leases of Respondent as the Receiver deems

ORDER APPOINTING GENERAL RECEIVER - 9

to be in the best interests of the estate; provided, however, such assumption or rejection shall require a further order of this Court upon appropriate notice to the parties in accordance with RCW 7.60.130.

10. **Abandonment**. In accordance with RCW 7.60.150, the Receiver, upon order of the Court following notice and a hearing, and upon the conditions or terms this Court considers just and proper, may abandon any Estate Property that is burdensome to the Receiver or is of inconsequential value or benefit. Estate Property that is abandoned shall no longer constitute property of this receivership.

11. **Services/Tax Returns**. The Receiver shall cause to be paid when due all taxes and withholdings, and all workers' compensation, industrial insurance or similar premiums or payments, which the Receiver incurs and becomes obligated to pay after the Effective Date and during the receivership with respect to any Estate Property, to the extent funds are available for such payment. Nothing in this Order shall be construed as imposing any liability on the Receiver for any taxes, of any kind, which accrued prior to the date of the entry of this Order, or any obligations of Respondent arising prior to the date of the entry of this Order. Nothing in this Order shall be construed as imposing any personal liability on the Receiver for any taxes of any kind with respect to any Estate Property regardless of when such taxes are incurred. The Receiver shall have no obligation to file tax returns on behalf of Respondent; provided, however, that the Receiver may file tax returns and refund documentation that may generate a positive return to the estate.

12. **Preservation of Licenses**. The Receiver, in its sole discretion, is authorized to acquire, renew, or seek reinstatement of all licenses, permits, or other authorizations, either in the Receiver's name or in the name of Respondent, pertaining to the Estate Property or any aspect of the Respondent's businesses.

13. **Insurance**. The Receiver, in its sole discretion, is authorized to review all existing insurance coverage with respect to the Estate Property and to procure and/or maintain such insurance as the Receiver deems necessary to preserve and protect the Estate Property. With respect to any insurance coverage in existence or obtained, the Receiver shall be named as an

ORDER APPOINTING GENERAL RECEIVER - 10

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

additional insured on the policies for the period of the receivership. If sufficient insurance coverage does not exist, the Receiver shall use its best efforts to procure sufficient all-risk and liability insurance on the Estate Property (excluding earthquake and flood insurance); provided, however, that if the Receiver is unable to obtain insurance or does not have sufficient funds to do so, the Receiver shall seek instructions from this Court with regard to adequately insuring the Estate Property.

14. **Preservation of Estate Property**. Unless and until otherwise ordered by this Court, and except as otherwise expressly provided by this Order, the Receiver is authorized to do all other things determined by the Receiver to be reasonably necessary or incidental to the performance of the Receiver's duties for the purpose of protecting, enhancing, and preserving the Estate Property.

15. **No Appraisal or Inventory Required**. The Receiver is excused from seeking an independent professional appraisal of the Estate Property or filing an inventory, absent a further order of this Court; provided that the Receiver may obtained valuations or appraisals in its discretion.

16. **Mail**. The Receiver may issue demand that the U.S. Postal Service grant exclusive possession and control to the Receiver of mail addressed to Respondent and of such postal boxes as may have been used by Respondent, and may direct that mail related to Respondent and the Estate Property be redirected to Receiver.

17. **Administrative Fees and Expenses**.

    a. **Receiver's Compensation**. The Receiver is authorized to pay itself compensation at its current regular hourly rates, including the rates of $450 per hour for Eric Camm, $400 per hour for other partners, $275 per hour for senior consultants, and $250 per hour for consultants, and to reimburse Receiver's actual expenses, pursuant to the terms of this Order.

    b. **Professionals/Attorneys**. The Receiver may retain attorneys, accountants, investment bankers, and other professional service providers to assist the Receiver in carrying out its duties and obligations. The law firm of Snell & Wilmer is hereby authorized and appointed to act as attorneys for the Receiver and, subject to paragraph c below, shall be paid for all services at

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

their standard hourly rates, not to exceed $625 for partners or counsel, $475 for associates, and $350 for paralegals. Should the Receiver conclude that it is in the best interests of the receivership estate to retain additional legal counsel or other professionals, the terms thereof shall be established by separate motion pursuant to RCW 7.60.180.

   c. **Payment of Receiver's and Professionals' Fees and Costs**. Following the Effective Date, the Receiver is authorized to disburse funds from the receivership estate as payment for its fees and costs and for the fees and costs of its professionals on a periodic basis, provided that application may not be made more often than monthly, as follows:

    i. **Compensation Notice**. The Receiver shall file a notice of its proposed compensation and that of its professionals (each, a "Compensation Notice") and serve such Compensation Notice, together with a reasonably detailed description of the relevant time periods, services rendered, and amount of compensation requested on: (i) Petitioner, (ii) Respondent, (iii) all persons that have requested notice in this receivership, and (iv) any person that has, to the Receiver's actual knowledge, asserted any lien against the Estate Property. If no person objects to the proposed disbursement within ten (10) calendar days following the date of service of the Compensation Notice, the proposed disbursement shall be deemed approved as being fully and finally earned without further order or leave of this Court.

    ii. **Compensation Objections**. If any person wishes to object to a proposed disbursement described in the Compensation Notice, or any portion thereof, such person shall deliver a written objection that details the nature of the objection (each, a "Compensation Objection") to: (i) the Receiver, (ii) Snell & Wilmer, as counsel for the Receiver, and (iii) all other parties upon which the Compensation Notice was served, within the ten-day objection period set forth above. If the Receiver or affected professionals cannot consensually resolve the dispute with the objecting person or if the dispute is not resolved within five (5) business days of the date of the objection, the Receiver may file a motion seeking determination of the Compensation Objection.

ORDER APPOINTING GENERAL RECEIVER - 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206 223 7000 FAX: 206 223 7107

d.  **Cause for Termination**. In the event the receivership estate is without sufficient liquid cash funds to defray on a current basis the reasonable fees and costs earned and incurred by the Receiver and its professionals and the expenses of this receivership or any of the projected future fees, costs, and expenses of the receivership, good cause for termination of the receivership shall be deemed to exist and, upon application by the Receiver or any of its professionals establishing such lack of funding for the receivership, the appointment of the Receiver or its professionals shall be terminated.

e.  **Secured Creditors' Consent to Appointment**. Any creditor who receives notice of the receivership pursuant to RCW 7.60.200, and fails to seek the removal of the Receiver or dismissal of the receivership within thirty (30) days following the date upon which notice is mailed to creditors, shall be deemed to have consented to the receivership for the purpose of RCW 7.60.230(1)(b); provided, however, that pursuant to the provisions of this Order and the applicable provisions contained in RCW 7.60 et seq., any secured creditor shall have the right to object to the amount of any administrative expenses, including, without limitation, the fees, charges, and expenses of the Receiver, its attorneys, and other professional persons, entitled to priority over the claims of such secured creditor pursuant to RCW 7.60.230(1)(b).

f.  **Surcharging Lien**. The approved fees and costs of the Receiver and its attorneys or other professionals employed by it pursuant to the authority granted by this Court, together with Petitioner's advances to the Receiver and all other necessary and reasonable expenses incurred by this receivership in connection with preserving and protecting the Estate Property, shall be a first and paramount surcharging lien against the Estate Property, with priority over all other persons claiming an interest in or lien upon the Estate Property (the "Receiver Lien").

18.  **No Receiver Liability**. No obligation incurred by the Receiver in the good faith performance of the Receiver's duties, whether pursuant to contract, by reason of any tort, or otherwise, shall be the Receiver's personal obligation. Rather, the recourse of any person or entity to whom the Receiver becomes obligated in the good faith performance of the Receiver's duties shall be solely against the Estate Property. Notwithstanding any provisions of this Order which

ORDER APPOINTING GENERAL RECEIVER - 13

may be construed otherwise, the Receiver shall not be required to expend any of its own funds to comply with any of the provisions of this Order.

19. **Duty of Cooperation**. Respondent, its officers, directors, managers, employees, agents, consultants, accountants, bookkeepers, certified public accountants, and attorneys shall cooperate with the Receiver in connection with the Receiver's assumption and performance of the Receiver's duties, so as to enable the Receiver to assume and perform the Receiver's duties without jeopardy to the Estate Property. Each of them shall execute any deeds, agreements, or documents requested by the Receiver in connection with any sale or disposition approved by the Court, and shall relinquish and deliver possession of the Estate Property to the Receiver within seven (7) calendar days upon its demand, and shall turn over to the Receiver:

    a. The possession of the Estate Property, including all keys to all locks, and the records, books of account, ledgers and all business records for the Estate Property, wherever located and in whatever mode maintained (including, without limitation, information contained on computers and any and all software relating thereto, including login credentials, as well as all banking records, statements and cancelled checks).

    b. Copies or, if requested by the Receiver, originals of all documents that constitute or pertain to insurance policies or surety agreements, whether currently in effect or lapsed, that relate to the Estate Property.

    c. Copies or, if requested by the Receiver, originals of all contracts, subcontracts, leases, licenses, assignments, or other agreements of any kind, whether currently in effect or lapsed, that relate to the Estate Property.

    d. All proceeds derived from the Estate Property, wherever and in whatever mode maintained.

    e. Upon request of the Receiver, Respondent shall instruct all customers, account debtors, or others now or hereafter in possession of the Estate Property to make all payments to the Receiver or the Receiver's designee until further order of this Court.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

f. Upon request of the Receiver, Respondent shall make themselves available on three (3) calendar days' notice to assist the Receiver by attending any meeting and signing any document required to transfer any bank or other account over to the Receiver's possession and control.

g. All financial institutions, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, subcontractors, tradesmen, materialmen, service providers, taxing agencies, and all government agencies and departments are hereby ordered to take direction from the Receiver as it relates to the accounts and contracts of Respondent and to surrender any and all funds held on deposit or apply said funds as directed by the Receiver.

h. Each Respondent and its directors, officers, managers, employees, agents, accountants, and attorneys shall provide the Receiver promptly upon request with all documents and records (including but not limited to financial records) and all information and with access to the Estate Property, and all employees of Respondent (both within or outside the state of Washington), which the Receiver at any time may request from it.

i. Each Respondent and its directors, officers, managers, employees, agents, accountants, and attorneys are hereby enjoined from obstructing, delaying, or interfering with the Receiver in the performance of the Receiver's duties.

20. **Utilities**. Any utility company providing services to Respondent, including gas, electricity, water, sewer, trash collection, telephone, communications, or similar services, shall be prohibited from discontinuing service based upon unpaid bills incurred by Respondent. Further, such utilities shall transfer any deposits held by the utility to the exclusive control of the Receiver and are prohibited from demanding that the Receiver deposit additional funds in advance to maintain or secure such services.

21. **Service of Pleadings.** Unless otherwise provided by this Order, any motion by the Receiver for Court approval of any act of the Receiver requiring Court approval shall be served upon Petitioner and its counsel, and upon each other party who has filed and served upon the Receiver a notice of appearance in this proceeding. Unless otherwise provided by this Order, in

ORDER APPOINTING GENERAL RECEIVER - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

addition to service by mail or personal service, service may be made by email. Notice of any motion may be made by mail, email, or personal service seven (7) calendar days in advance of any hearing, or as otherwise may be approved by this Court. The Receiver shall be deemed to have provided adequate notice if it complies with this section.

22. **Notice of Receivership**. Within thirty (30) days following the entry of this Order, all known holders of liens against the Estate Property and all know creditors will be sent notice of the entry of this Order and such further notices as this Court may order to their last known addresses by first class U.S. mail. The Receiver is not required to publish notice of the receivership. As it is anticipated that there will be an expeditious administration of the Estate Property and a one hundred eighty day period for state agencies to submit claims will unnecessarily delay administration and termination of the receivership, the one hundred and eighty (180) day period for state agencies to submit claims shall be shortened to sixty (60) days pursuant to RCW 7.60.055.

23. **Further Instruction**. If the Receiver is at any time uncertain as to the scope of the Receiver's authority or as to any matter affecting or relating to the performance of the Receiver's duties, the Receiver shall be free to seek and obtain instructions from this Court with respect to such matters upon motion and notice to the parties. The Receiver at any time may apply for a modification of this Order or for further powers, if such a modification or further powers are considered by the Receiver to be necessary for the performance of the Receiver's duties or for the preservation or protection of the Estate Property.

24. **Discharge/Final Report**. The Receiver shall continue to perform the duties provided for by this Order until the Receiver is discharged by order of this Court. Upon distribution or disposition of all Estate Property, or the completion of the Receiver's duties with respect to the Estate Property, the Receiver shall move this Court to be discharged. The Receiver shall file a final report and accounting setting forth all receipts and disbursements of the estate which shall be annexed to the petition for discharge and filed with this Court. Upon approval of the final report, this Court shall discharge the Receiver and exonerate the Receiver's bond. The Receiver's discharge shall release the Receiver from any further duties and responsibilities as receiver under

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

| | |
|---|---|
| 1 | RCW 7.60 et seq. |
| 2 |     25.    **Jurisdiction**. This Court shall retain jurisdiction over any disputes arising from the |
| 3 | receivership, or relating to the Receiver, which jurisdiction shall be exclusive and shall survive the |
| 4 | termination of the receivership. |
| 5 |     26.    **Bond**. Within ten (10) days following entry of this Order, the Receiver shall execute |
| 6 | and file with this Court either cash or a bond in the amount of $10,000 with a surety authorized by |
| 7 | the Washington Commissioner of Insurance to engage in the business of suretyship in the state of |
| 8 | Washington, in favor of the Clerk of the King County Superior Court, on the condition that the |
| 9 | Receiver will faithfully discharge the duties of the Receiver in this action and obey the orders of |
| 10 | this Court. The Receiver is authorized to be reimbursed for any premium or other fee of the surety |
| 11 | providing such bond, without further order of this Court. |

ENTERED this 3 day of May, 2024

_____
~~JUDGE~~ / COURT COMMISSIONER

HENRY H. JUDSON
MAY 03 2024
COURT COMMISSIONER

Presented by:

LANE POWELL PC

By /s/ Gregory R. Fox
    Gregory R. Fox, WSBA No. 30559
    James B. Zack, WSBA No. 48122
Attorneys for Petitioner First Fed Bank

ORDER APPOINTING GENERAL RECEIVER - 17

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107