# EXHIBIT I

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| FIRST FED BANK, a Washington state bank corporation,<br><br>                      Plaintiff,<br><br>vs.<br><br>IDEAL PROPERTY INVESTMENTS, LLC, a Washington limited liability company;<br><br>                      Defendant. | No. 24-2-08418-5 SEA<br><br>**MOTION FOR LEAVE TO INTERVENE AND TO EXPAND SCOPE OF FIRST FEDERAL BANK'S REQUESTED RECEIVERSHIP** |

## **INTRODUCTION AND RELIEF REQUESTED**

Proposed Intervenors Pacific Water Technology, LLC, Spruce Waters Investments, LLC, Indiana Water Technology, LLC, AR Water Supply, LLC, BLC Water Company, Granite Street Ventures, LLC, and Rumson Wellness, LLC ("Pacific Parties") respectfully seek leave to intervene in the above-captioned proceeding commenced by First Federal Bank's ("FFB") on April 17, 2024, and to assert direct and third-party claims. Intervention, and broadening the scope of FFB's requested receivership, is warranted because this action and the claims of the Pacific Parties are inextricably intertwined.

The Pacific Parties are plaintiffs in a lawsuit filed in Snohomish County on April 16,

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

2024, captioned as *Pacific Water Technology, LLC v. Ryan Wear et al.*, Case No. 24-2-02887-31 ("WaterStation Action"). In the WaterStation Action, the Pacific Parties have sued numerous defendants including Ryan Wear, Creative Technologies, LLC d/b/a WaterStation Technology ("WaterStation"), and, the subject of this action, Ideal Property Investments, LLC ("Ideal Property"), alleging that WaterStation et al. carried out a Ponzi scheme by aggressively marketing and selling supposed sham business opportunities involving water vending machines to retail investors and their families throughout the United States. Fast forward to today, WaterStation is operationally insolvent and has failed to make investor payments for many months, and in some cases for over a year. The Pacific Parties have uncovered that the vending machines WaterStation allegedly sold to them and allegedly installed at retail locations throughout the country actually **do not exist**. All while shirking its payment obligations to investors, WaterStation has been engaging in a series of problematic and apparently preferential transactions involving real property held by Ryan Wear's many LLCs, including Ideal Property—activities that, according to expert Fraud Examiner Kari Overson, are typically used to hide assets from creditors and carry out money laundering schemes. In addition to an ongoing DFI investigation, there at least 15 different lawsuits pending against Wear and WaterStation in this state alone. Adding insult to injury, the Pacific Parties and other investors are now facing lawsuits brought by banks, including FFB itself, for alleged defaults on loans the investors were induced to obtain to finance the fraudulent WaterStation investments in the first place.

According to the Pacific Parties' best estimates, the real estate portfolio held by Ideal Property is worth in excess of $40 million according to outdated data. Thus, the Pacific Parties have a significant interest in the disposition of those assets. On April 23, 2024, the Pacific Parties filed a Motion for Temporary Restraining Order and Motion to Appoint a General Receiver over the Defendants in the Snohomish Action, including WaterStation and Ideal

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Property. The Pacific Parties have also proposed to FBB that the receiverships be consolidated under a single judge in King County, but FBB has been non-committal thus far.

FFB commenced this action on April 17, 2024. FFB seeks to unilaterally install a receiver over Ideal Property. As noted, Ideal Property is an affiliate of WaterStation and owned by Ryan Wear. FFB contends a receiver is warranted due to the breach of various loan agreements by Ideal and WaterStation pursuant to which FFB alleges it was granted security interests in the real property assets held by Ideal Property.

At bottom, the Pacific Parties and FFB have direct competing claims to the same real property. By definition, FFB does not adequately represent the Pacific Parties' interests—in fact, their interests are directly divergent. And if this motion is denied, the Pacific Parties will be denied the opportunity to be heard in an action where their interests, not to mention the interests of hundreds of other investors and their families, are directly threatened. Accordingly, the Pacific Parties respectfully submit intervention is warranted under either CR 24(a) or (b). In addition, the interests of judicial economy and efficient administration likewise support allowing the Pacific Parties to broaden the scope of the receivership requested by FFB to include WaterStation and its various holding company affiliates.

## STATEMENT OF FACTS

**A. Wear and WaterStation induced consumers to invest based upon false and misleading assurances about the security and profitability of the opportunity.**

Ryan Wear and WaterStation (together "WST") and its many affiliates are owned and controlled by Ryan Wear. Bender Decl., Exs. 1-5. Dating back to at least 2017, WST has induced hundreds of people to invest in unregistered securities that WST marketed and sold as franchise opportunities. Compl. ¶56.

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

WST employed a number of tactics to solicit and induce the Pacific Parties and hundreds of other people to invest in unregistered securities. *Id*. ¶57. WST's solicitations were carefully tailored to appeal to a broad range of potential investors, who for the most part had no prior experience in managing or investing in the type of business at issue. *Id*. WST was able to take advantage of this investor base because they relied on WST's – and others' – superior knowledge and expertise with respect to how to structure and operate the investment. Schroeder Decl. ¶¶3-4; Lee Decl. ¶¶3-4; Davis Decl. ¶¶3-4; Chu Decl. ¶¶3-4.

WST made false and misleading assurances to the Pacific Parties and other investors that led them to believe that the investment would be more secure and profitable than it truly was. *Id*. ¶59. Among other things, WST led investors to believe that, if they invested, it would help supply and service the machines for a share of the profits and, once installed, that investors would earn steady returns ranging between 12-20% disbursed in regular monthly payments. *See* Schroeder Decl. ¶¶3-4; Lee Decl. ¶¶3-4; Davis Decl. ¶¶3-4; Chu Decl. ¶¶3-4. WST assured investors they would be able to manage and monitor the performance of their machines through applications and reports that would enable them to track every detail. *Id*. WST also touted to investors a "guaranteed buyback" of their machines in order to "mitigate risk" and "improve ROI." *See* Schroeder Decl. ¶3; Lee Decl. ¶3; Davis Decl. ¶3; Chu Decl. ¶3. These assurances were false or misleading or both.

**B. WST raised over $150 million sourced through consumer business loans that WST induced investors to obtain and collateralize with their personal assets.**

WST's fundraising efforts on the basis of the above assurances were very successful. Upon information and belief, WST raised over $150 million through individual small business loans that it induced investors to obtain and collateralize with their personal assets. Compl. ¶65.

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

WST also guided the Pacific Parties and other investors to obtain these loans from banks of WST's choosing, who ultimately paid the funds directly to WST. *Id*.

The following table summarizes the principal amounts invested by the Pacific Parties based on WST's false and misleading assurances about the security and profitability of the investment and the reliability of WST's operations:

| Name | Principal Investment | Lending Bank(s) |
| --- | --- | --- |
| Spruce Waters Investments, LLC | $994,500 | Celtic Bank |
| Indian Water Technology, LLC | $3,323,500 | Celtic Bank, First Federal |
| AR Water Supply, LLC | $3,272,500 | Celtic Bank |
| Pacific Water Technology, LLC | $3,172,000 | First Federal |
| BLC Water Company, LLC | $1,003,000 | First Federal |
| Granite Street Ventures, LLC | $3,017,000 | Community Bank/Fountainhead Bank |
| Rumson Wellness, LLC | $1,200,000 | Community Bank/Fountainhead Bank |

*See also* Schroeder Decl.; Lee Decl.; Davis Decl.; Chu Decl.

While WST branded the investment as the sale of a "franchise opportunity" coupled with bank loans as a funding source, this consolidated transaction in reality constituted the illegal offer and sale of an unregistered security. Compl. ¶70

The purported legal documentation accompanying the investments generally consisted of a so-called *"purchase order"* for a certain number of machines, coupled with a so-called *"franchise agreement"* and a so-called *"service agreement." Id*. ¶70. The transactions also

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

included loan agreements with small or regional banks. *See* Schroeder Decl. Exs. 1(a) to 1(d); Lee Decl. Exs. 1(a) to 1(d); Davis Decl. Exs. 1(a) to 1(d).

Under these fraudulently-induced agreements, WST assured the Pacific Parties and other investors that they were purchasing a certain number of cutting edge water station machines and that WST would make regular monthly payments based on the number of each investors' machines and their performance. *See* Chu Decl. ¶4; Schroeder Decl. ¶4; Lee Decl. ¶4; Davis Decl. ¶4. The execution of these various documents – the agreements with WST and the banks – constituted a single unregistered securities transaction. *Id*.

As set forth below, not only has WST failed to fulfill its payment obligations for months, but the Pacific Parties' investigation has uncovered significant evidence establishing that WST misled investors about the machines in operation. Meanwhile, Wear amassed a multi-million dollar real estate portfolio.

### C. WST is insolvent and has failed to make investor payments for months.

In connection with their investments, the Pacific Parties were promised monthly revenue payments of tens of thousands of dollars. Chu Decl. ¶6; Schroeder Decl. ¶4; Lee Decl. ¶6; Davis Decl. ¶4. These assurances were obviously material to their decision to invest as the monthly payments would offset the costs to service the loans that they were induced to take. *Id*.

However, throughout 2023 WST steadily began failing to make monthly payments owed to investors. *See* Chu Decl. ¶5; Schroeder Decl. ¶4; Lee Decl. ¶5; Davis Decl. ¶5. Fast forward to the present, WST et al have failed to meet their payment obligations for months. S*ee id*. Indeed, the attached investor declarations detail WST's failure to make the required monthly payments, forcing investors to either make their loan payments out of pocket or default. *See id*. In addition to the Pacific Parties, there are dozens of other investors with the same experience.

After a mounting number of investors complained about the missing payments, WST

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

misled the Pacific Parties and other investors further by inducing them to enter into "refund agreements" under which they were assured WST would buy back their machines in full. Chu Decl. ¶4; Schroeder Decl. ¶4; Lee Decl. ¶4. WST also failed to deliver on these "agreements" as the purported "refund" never occurred. *Id*. At present, WST is clearly operationally insolvent as evidenced by its consistent failure to make payments and the mounting number of lawsuits that have been filed against it in recent months by both investors and creditors alike. Bender Decl. Exs. 14-28.

**D. WST is insolvent and has failed to make investor payments for months.**

The Pacific Parties have been forced to expend tens of thousands of dollars in personal funds to investigate after enduring months of false statements and missing payments by WST. The information they have uncovered to date paints a grim picture that WST is nothing more than a Ponzi scheme.

The Pacific Parties have uncovered significant evidence that WST (1) did not use investor funds as represented and (2) that Wear et al. diverted these funds for other purposes including acquisition of an impressive real estate portfolio. In fact, the number of machines WST has in operation is far lower than the figures previously touted, demonstrating that WST has misled the Pacific Parties about the number of machines in operation and how it has used their funds throughout the relationship. *See* Chu Decl. ¶6; Schroeder Decl. ¶4; Lee Decl. ¶6; Davis Decl. ¶4; Sadek Decl. ¶¶6-12.

To date, Wear and WST have engaged in a variety of transactions involving their assets that threaten to permanently prejudice the rights and interests of the Pacific Parties and other investors. Wear is a prolific organizer and owner of LLCs – the vast majority of the affiliate LLCs named in the lawsuit share the same business address as WST. In December 2023, Wear organized yet another company, WaterStation Technology II, LLC—ostensibly to launch a new

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

company to carry on the old business free of creditors. Bender Decl., Ex. 4.

In 2019, Wear organized Ideal Property, a Washington LLC, with the same business address as WST. Bender Decl., Ex. 12. In the few short years that followed, Ideal Property apparently acquired an impressive real estate portfolio, boasting at least 35 commercial and residential properties in Washington and other states. Bender Decl., Ex. 13 at 9-10. And, since its formation in 2019, Ideal Property has carried out over 60 separate real property transactions. *Id*. Over 20 of these transactions were executed in 2023 alone, most of which consisting of credit transactions encumbering what is likely the only remaining value in the WST portfolio. *See id*. at 11-15.

In recent months, Wear has also engaged in a variety of real property transactions such as granting security interests for debts apparently owed by his other related entities and quit claiming title to property between various entities. According to expert Fraud Examiner Kari Overson, these activities are a strong "indicator of fraud" and it is consistent "with someone who is trying to hide those assets from creditors and/or governmental agencies." Overson Decl., ¶14. The subject transactions involve both Creative Technologies and Ideal Property, the subject of FFB's action. *See id*.

Moreover, WST and Wear are currently under investigation by Washington's Department of Financial Institutions. *See* Bender Decl., Ex. 9-11. DFI took Wear's testimony in November 2023. After spending the last year or so shirking his payment obligations to WST's investors, he testified that WST Franchise Systems or its bank account may now "be closed." Bender Decl., Ex 9 (Wear Dep. 86:16-22 and 88:2-7). Wear confirmed that he had signing authority for all accounts and that it was "possible" that he used funds from Defendant Creative Technologies ("WaterStation") to purchase real estate with other entities. *Id*. at 72:20-22; 73:16-24. Wear also confirmed that Creative Technologies holds a blended portfolio of assets,

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

which includes both water vending assets from WST and what he described as non-water vending assets from Defendant Refreshing USA. *Id*. at 84:12-85:25. In addition, Wear conceded that prior to 2022 WST likely did not screen customers on their financial accreditation before selling investments, *Id*. at 185:1-14 to 186:6-15, nor was he sure how, if at all, WST ever communicated the risks of the investment to investors. *Id*. at 192:6 to 193:6.

There are 15 other lawsuits pending against WaterStation in this state alone, in addition to lawsuits in other states. *See* Mercho Decl.

## STATEMENT OF ISSUE

Should the Court enter an Order (1) granting the Pacific Parties leave to intervene and file their attached claims and (2) expanding the scope of FFB's requested receivership to include WaterStation and its various holding company affiliates.

## EVIDENCE RELIED UPON

This motion is based upon the pleadings on file, the declarations of John T. Bender, Dr. Kwansoo Lee, Dr. Brian Chu, David Schroeder, Sterling Davis, Tyler Sadek, Tarek Mercho, and Kari Overson, and the exhibits attached thereto.

## AUTHORITY

**A. The Pacific Parties satisfy the standard for intervention under both CR 24(a) and CR 24(b).**

The Pacific Parties are entitled to intervene as a matter of right under CR 24(a) of the Washington Superior Court Civil Rules. CR 24(a) provides that "Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the person is so situated that the disposition of the action may as a practical matter impair or impede the person's ability to protect that interest, unless the applicant's interest is adequately represented by

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

existing parties." To succeed on a motion to intervene, "[n]ot much of a showing is required, however, to establish an interest" and the intervenor "need make only a minimal showing that its interests may not be adequately represented." *Columbia Gorge Audubon Soc'y v. Klickitat Cnty.*, 98 Wash. App. 618, 629 (1999).

FFB commenced this action on April 17, 2024, and thus intervention is timely. The Pacific Parties and FFB have competing claims to the same real property, i.e. the properties held by Ideal Property. Both the earlier-filed WaterStation Action and this action name Ideal Property as a defendant. If this motion is denied, the Pacific Parties will be denied the opportunity to be heard in an action where their interests, not to mention the interests of hundreds of other investors and their families, are directly threatened. FFB, by definition, does not adequately represent the Pacific Parties' interests.

The Pacific Parties therefore respectfully submit intervention is warranted under either CR 24(a) or (b). In addition, the interests of judicial economy and efficient administration likewise support broadening the scope of the receivership requested by FFB to include WaterStation and its various holding company affiliates.

**B. The Court should appoint a general receiver over WaterStation as well as Ideal Property to ensure global administration and preservation of assets.**

Washington's receivership statute grants this Court the authority to appoint both general and custodial receivers when (1) it is "reasonably necessary" and other remedies "are not available or are inadequate" and (2) any of the grounds set forth in RCW 7.60.015(1) exist.[1]

A general receiver is clearly warranted in this case under RCW 7.60.015 on a number

---

[1] General receivers "take possession and control of all or substantially all of a person's property with authority to liquidate that property and, in the case of a business over which the receiver is appointed, wind up affairs." RCW 7.60.015. Custodial receivers have the same powers as custodial receivers, except custodial receivers are "not given authority to liquidate property." *Id*.

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of different grounds, including:

> (a) . . . [Where] the party is determined to have a probable right to or interest in property that is a subject of the action and in the possession of an adverse party, or when the property or its revenue-producing potential is in danger of being lost or materially injured or impaired;
>
> * * *
>
> (i) In an action against any person who is not an individual . . . if that person is insolvent or is not generally paying the person's debts as those debts become due unless they are the subject of bona fide dispute, or if that person is in imminent danger of insolvency;
>
> * * *
>
> (p) In connection with a proceeding for relief with respect to a voidable transfer as to a present or future creditor under RCW 19.40.041 or a present creditor under RCW 19.40.051; [and]
>
> * * *
>
> (nn) In such other cases as may be provided for by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties.

*See* RCW 7.60.015(1)(a), (i) (p), and (nn).

Here, the Pacific Parties are holders of unregistered securities that WST sold to them under the guise of selling franchises. The Pacific Parties have claims under the securities act as well as claims to the water vending machines that WST represented they had purchased, and to the monthly payments that WST said they would pay. Wear and WST are under investigation by DFI and have been sued in at least 13 other cases in Washington State alone. By any standard, WST is currently insolvent and has been insolvent for many months. Indeed, investors have not been paid for months and in some cases over a year. "The test of the solvency of a corporation is its ability to meet its obligations in the ordinary course of business." *Warren v. Porter Const. Co.*, 29 Wn.2d 785, 786, 189 P.2d 255 (1948). WST's demonstrated inability to effectively manage its assets and meet its payment obligations, coupled with its mounting liabilities threaten to permanently prejudice the rights and interests of the Pacific Parties and other creditors and pose a real and present danger of impairing the value of the assets that remain

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

to pay creditors. A receivership should be appointed to preserve the assets that remain for the benefit of all creditors.

A receivership is also warranted in this action because the Pacific Parties have asserted causes of action under Washington's Uniform Voidable Transfer Act, RCW 19.40 *et seq*. RCW 7.60.015(1)(p) (a receivership may be appointed *"*[i]n connection with a proceeding for relief with respect to a voidable transfer as to a present or future creditor under RCW 19.40.041 or a present creditor under RCW 19.40.051[.]"

A receivership is also justified where, as here, a receiver "may be necessary to secure ample justice to the parties." RCW 7.60.015(nn). As noted, WST are insolvent and have more than demonstrated their inability to meet their debts, having failed to make payments for many months, in some cases for over a year. In addition to being the subject of an ongoing DFI investigation, WST are being sued in at least 13 other pending cases in Washington State alone. Additionally, the evidence generated by Pacific Parties' investigation demonstrates that a substantial number of water vending machines which WST previously represented it had sold and installed for investors actually do not exist. And in December 2023, WST created a new entity, WaterStation Technology II—ostensibly to launch a new company to carry on the same business free of creditors.

Meanwhile, since 2019, Wear and his WST affiliate Property Holding Co. have amassed a staggering number of real property assets in Washington and other states. While actively shirking investor payment obligations, Wear and this entity have engaged in over 20 real property transactions involving these properties since 2023 alone, primarily consisting of debt transactions impairing or threatening to impair the available equity. These ongoing transactions threaten to permanently prejudice the rights and interests of Pacific Parties and all other creditors.

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Accordingly, there is every reason in this case for the Court to appoint a general receiver to ensure WST's assets are not drained or moved pending the outcome of this lawsuit—and to ensure that the receivership is global in nature to ensure a fair and equitable preservation, liquidation, and distribution of assets. *See* T. Mercho Decl.

## **CONCLUSION**

Washington law grants this Court supervisory authority to ensure that the interests of creditors are observed and protected. The Pacific Parties respectfully request that they be permitted to intervene and file direct and third party claims; the Pacific Parties further submit that the receivership should be broadened to include WaterStation et al.

*I certify that this memorandum contains 3534 words, in compliance with the Local Civil Rules*

DATED this 25rd day of April, 2024.

        CORR CRONIN LLP

        *s/John T. Bender*
        John T. Bender, WSBA No. 49658
        Kristen Barnhart, WSBA No. 51135
        1015 Second Avenue, Floor 10
        Seattle, WA 98104-1001
        Telephone: 206-625-8600
        jbender@corrcronin.com
        kbarnhart@corrcronin.com
        *Counsel for Proposed Intervenors*

MOTION FOR LEAVE TO INTERVENE AND TO EXPAND
SCOPE OF REQUESTED RECEIVERSHIP – 13

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900