**EXHIBIT K**

PACIFIC WATER TECHNOLOGY, LLC,
SPRUCE WATERS INVESTMENTS, LLC,
INDIANA WATER TECHNOLOGY, LLC,
AR WATER SUPPLY, LLC, BLC WATER
COMPANY, LLC, GRANITE STREET
VENTURES, LLC, RUMSON WELLNESS,
LLC, BROWN FAMILY ENTERPRISES,
LLC, KMANDY INVESTMENTS, L.L.C.,
EVER UPWARD, INC., SUN A WY, LLC,
SIRIPI WST, LLC, LIVINGWATER
STATION, LLC, GRAYFIN VENTURES,
LLC, PRASITI WATER INVESTMENTS,
LLC, JBF CONSULTING SERVICES, LLC,
COCO AQUA, LLC, Q & V LLC,
WATERSTATION TECHNOLOGY OF
ROCKVILLE, ARRAVEND, LLC,
FLATLANDS EQUIPMENT, LLC, C&C
INVESTMENT HOLDINGS, LLC, GREAT
OAK WATER, LIMITED LIABILITY
COMPANY, WV WATER TECH, LLC,
KDAWG CRYPTO, LLC, CULMINATE
WATER TECHNOLOGY, LLC, CHUGIT,
LLC, CHAURISHI RETAIL ENTERPRISES,
LLC, PROGRESSIVE PARTNERS, LLC, 210
SA HOLDING, LLC, WST UTAH LLC,
V2S2, LLC, CYBORG HOLDINGS, LLC,
ASH VENDING, LLC, ADVENTURE DONE
RIGHT, LLC, BIG BOY TOOLS LLC,
ROMAN JAROSIEWICZ, ABBY WYATT
GROUP, INC., AIDEN WATERWORKS,
LLC, HOREB WATER SOLUTIONS, LLC,
SILVER OAK H2O, LLC, NS SQ ECO
WATERS, LLC, JK SEVEN LLC, JEFFREY
BROOKE, OED PROPERTIES LLC, JLE

No. 24-2-02887-31

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1 ENTERPRISES, LLC, BE OF SERVICE, LLC, ETANIA, LLC, NIRA ENTERPRISES, LLC,
2 FACTS PROPERTY SERVICES, LLC, IMLSUNSHINE, LLC, REDWATERS, LLC,
3 STARTER HOLDINGS, LLC, HELMUT GIEWAT, MAY AUERBACH, ROYAL
4 RESERVOIRS, LLC, AQUALUX WATER LLC, RCWSTECH1157, LLC,
5 COLEWSTECH, LLC, MAJI 8377, LLC, OAKS WATERSTATION TECH, LLC, SDB
6 H20, LLC, WST, LLC, HALF FULL VENDING, LLC, RDWSTECH3594, LLC,
7 ROSE TRAIL VENTURES, LLC, AND ROSE TRAIL VENTURES 2, LLC, PRAVIN
8 THAKKAR JR, KWANSOO LEE, DDS, TOM ANDERSON, ABBEY ANDERSON, BRIAN
9 CHU, DDS, LARINA CHU, DAVID SCHROEDER, SARAH SCHROEDER,
10 REGINALD FRANKLIN, ANGEL FRANKLIN, DYLAN ROSS, TAYLOR
11 ROSS, CODY BISHOP, DAVID BROWN, KARTHIK MANDYAM, DAVID BERANEK,
12 SUSAN PINKERTON, RADHIKA SIRIPIREDDY, KARL SCHOENLEBER,
13 JAMES SARTAIN, NIRUPA KESKAR, JOHN FLACK, TRUNG NGUYEN, LI
14 LIANG, TAN QUAN NGUYEN, ASHOKA SHEANH, MATHEW FELLOWS, CHARLES
15 COGGINS, THOMAS WAWERSICH, JASON BLOUGH, MICHELE BLOUGH, KAREN
16 LAVIN, PADMA KANDIKONDA, PAVAN KANDIKONDA, JAMES VILT II, BASANT
17 KUMAR, RADHIKA KAMALLA, MARC HILDEBRAND, DEBRA HILDEBRAND,
18 MERRILL STODDARD, DANIELLE STODDARD, VENKITA SHARMA,
19 TIMOTHY DAILEY, ROBERT HOERY, STEFANI HOERY, SEAN DONE, ANNA
20 DONE, STERLING DAVIS, MARK FLEMING, STACEY FLEMING, BO YANG,
21 STEVEN WELLS, DUSTIN BRAEGER, NAVANEETH KUMAR, WILLIAM WHITE,
22 JEANNETTE WHITE, JEFFREY BROOKE, JOSHUA OED, JAMES ESTES, ADRIA
23 ESTES, MICHAEL BAILEY, KARTHIGA JAYARAM, KARTHIKEYAN
24 RAMPRASATH, ARCHAN TLKOTI, AASHISH PAREKH, JACOB
25 LETOURNEAU, KARLA LETOURNEAU,

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1 KONDA REDDY GADI, SREELAKSHMI
SIRIPURAM, JOSHUA LEYKAM, PAIGE
2 LEYKAM, HELMUT GIEWAT, DEREN
FLESHER, DDS, GARY YOUNG, HEIDI
3 YOUNG, RONALD COLE, DDS, JAMES
WALKER, DDS, DUANE OKAMOTO,
4 LINDA OKAMOTO, SCOTT BURAU, DDS,
BRAD BURAU, DDS, JOSH MCNARY,
5 ROBERT DOST, DDS,

6               Plaintiffs,

7     v.

8 RYAN R. WEAR and REBECCA A. SWAIN,
CREATIVE TECHNOLOGIES, LLC d/b/a
9 WATERSTATION TECHNOLOGY, WST
FRANCHISE SYSTEMS LLC, WATER
10 STATION MANAGEMENT, LLC, KEVIN
NOONEY and ELIZABETH NOONEY, and
11 the marital community comprised thereof,
REFRESHING USA, LLC, SUMMIT
12 MANAGEMENT SERVICES, LLC, IDEAL
PROPERTY INVESTMENTS, LLC,
13 REFRESHING CALIFORNIA L.L.C.,
REFRESHING MONTANA, LLC,
14 REFRESHING MID-ATLANTIC, LLC,
REFRESHING CAROLINES, LLC,
15 REFRESHING GREAT LAKES, LLC,
WATERSTATION FINANCE COMPANY,
16 LLC, REFRESHING GEORGIA, LLC,
CREATIVE TECHNOLOGIES FLORIDA,
17 LLC, REFRESHING FLORIDA, LLC, 2129
ANDREA LANE LLC, 3209 VAN BUREN
18 LLC, ICE & WATER VENDORS, LLC,
IDEAL INDUSTRIAL PARK, LLC, IDEAL
19 AZ PROPERTY INVESTMENTS, LLC, K-2
ACQUISITION, LLC, EMERY
20 DEVELOPMENT, LLC, ARIZONA WATER
VENDORS INCORPORATED, WST AZ
21 PROPERTIES LLC, 1118 VIRGINIA
AVENUE LLC, 11519 SOUTH PETROPARK
22 LLC, TCR PLUMBING, LLC, 3422 W
CLARENDON AVE LLC, 1206 HEWITT
23 AVE LLC, WATERSTATION
TECHNOLOGY II, LLC, PISTOL, INC.,
24 SMOKEY POINT HOLDINGS, LLC, 602
SOUTH MEAN, LLC, 719 EDEN, LLC, 343
25 GROUP LLC, 4300 FOREST LLC, 70 NO

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

GARDEN, LLC, 204 NWW LLC,
WATERSTATION TECHVENTURE, LLC,
WATER STATION HOLDINGS LLC,
WATERSTATION TECHNOLOGY, LLC,
REFRESHING COLORADO LLC,
ARIZONA VENDORS INC., GOLDEN
STATE VENDING, LLC, REFRESHING
FLORIDA LLC, REFRESHING MIDWEST,
LLC, REFRESHING MIDWEST REAL
ESTATE, LLC, REFRESHING NEW
MEXICO, LLC, REFRESHING NEW
ENGLAND LLC, REFRESHING TEXAS
LLC, REFRESHING OKLAHOMA LLC,
REFRESHING WASHINGTON, LLC,
SMART SODA HOLDINGS, INC.,
VENDPRO, LLC d/b/a ELITEVEND,
HARRISON STREET, LLC, 602 SOUTH
MEADOW LLC, 8825 LLC, UNIBANK, U &
I FINANCIAL CORP., SIMON BAI,
STEPHANIE YOON, D. BENJAMIN LEE,
PETER PARK, FIRST FED BANK, FIRST
NORTHWEST BANKCORP, NORMAN
TONINA, CRAIG CURTIS, JENNIFER
ZACCARDO, CINDY FINNIE, DANA
BEHAR, MATTEW DEINES, SHERILYN
ANDERSON, GABRIEL GALANDA, LYNN
TERWOERDS, LARRY HOUK,
NORTHWEST FINANCIAL SERVICES,
LLC, RICHARD WEAR,

        Defendants.

---

Pacific Water Technology, LLC, Spruce Waters Investments, LLC, Indiana Water Technology, LLC, AR Water Supply, LLC, BLC Water Company, Granite Street Ventures, LLC, and Rumson Wellness, LLC, and the other plaintiffs named herein, ("Plaintiffs") by and through their undersigned attorney, John T. Bender of Corr Cronin LLP, for their Complaint against Defendants Ryan Wear and Rebecca A. Swain, Creative Technologies, LLC, WST Franchise Systems LLC, Water Station Management, LLC, Refreshing USA, LLC, and Kevin Nooney and Elizabeth Nooney, and the marital community comprised thereof, and the other WST Defendants identified in Paragraphs 74-137 below (collectively, "WST") and non-WST

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Defendants identified in Paragraphs 138-145, allege as follows:

## NATURE OF ACTION

1.     This suit arises out of fraud, civil conspiracy, violations of the Securities Act of Washington, violations of Washington's Consumer Protection Act, breach of contract, and other serious misconduct by the WST Defendants and non-WST Defendants alike.

2.     Ponzi schemes are investment frauds characterized by the organizer's use of new funds to pay the returns of old investors creating the false impression of a thriving, profitable business. In every Ponzi scheme, at some point the organizer is unable to access the new capital that is necessary to continue making the promised payments that are essential for keeping old investors at bay. Operating a Ponzi scheme also depends on the perpetuation of a complex web of lies designed to keep investors in the dark for as long as possible. This is what has happened here.

3.     WST, under the direction and control of Defendant Ryan Wear, raised approximately $130 million from unsuspecting investors who were told they were investing in a growing and profitable water-vending manufacturing and distribution business. WST raised a substantial portion of these funds by using the small business lending system to its advantage, sourcing financing from a select group of partner banks who issued loans to nearly 100 different WST investors.

4.     WST induced investors to invest by representing that the investment would generate steady returns ranging from 12-20%. WST told investors that their capital would be used to purchase water dispensary machines for installation at retail locations throughout the U.S., and that if they were ever dissatisfied with the investment they would receive 100% of their capital back. WST further induced many other investors to finance the investment by assuring them that the revenues generated from their machines would offset the monthly

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

payments necessary to service their loans.

5.     In late 2022 and early 2023, WST stopped paying the revenue payments that they had assured Plaintiffs would continue during the life of the investment. Unbeknownst to Plaintiffs, WST's ability to find new liquidity sources needed to continue making payments came to an abrupt end. Ever since, WST has been actively misleading investors about the nature of the liquidity shortfall and has repeatedly sowed false hope about payments resuming to keep investors at bay. As it turns out, most if not all of WST's representations dating back to Plaintiffs' initial investments have been false, misleading, or both. WST has engaged in a deliberate scheme to conceal the true state of its operations and the reasons for its sudden shortfall of cash.

6.     While WST had long touted over 17,000 revenue-generating locations, the number of machines in operation is actually far lower. WST misled Plaintiffs about the existence and locations of the machines they were purchasing. WST diverted tens-of-millions of dollars of investor capital to purchase real property in multiple states, to finance other operations, and to personally enrich Wear.

7.     Ponzi schemes nearly always entail one or more financial institutions willing to turn a blind eye and/or contribute to the scheme. Here, Unibank and First Fed played a pivotal role in enabling WST's fraud. They combined to issue roughly 90 loans to WST, in the names of investors—funds that were supposed to be used to purchase thousands of operable machines. Unibank and First Fed had superior knowledge, expertise, and access to information that they should have and could have brought to bear to prevent WST's fraud. Instead, both banks made misrepresentations and omissions that deepened the fraud. And, now, despite the role they played in facilitating and profiting from WST's scheme, the banks have adopted a hard line in their dealings with the victims of the fraud. To this very day, the

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 6

**Corr Cronin llp**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

banks have refused to take responsibility for their role, and have made clear that they intend to force the victims to backstop the banks' losses—even if that means taking investors' homes and forcing their families into personal bankruptcy.

8.    Every victim of investment fraud faces financial catastrophe; but the ongoing and double-edged nature of the instant case makes the current situation all the more tragic. Plaintiffs, like so many others, have lost their savings. But the cessation of payments has, for many, also meant the lack of resources to service the Unibank and First Fed loans, which has now placed their homes and livelihoods in jeopardy.

9.    The position Plaintiffs and other investors have been placed in is simply unconscionable. Plaintiffs have been severely damaged by WST, the banks, and others—and their injuries are continuing. Defendants have robbed Plaintiffs of their financial security and have put Plaintiffs at great risk of losing their homes and their livelihoods entirely.

10.   Accordingly, Plaintiffs now bring this action to hold Defendants accountable, to recover their investments and other monetary damages to which they are entitled, and to seek all available equitable and or injunctive relief that this Court deems necessary and appropriate.

## **PARTIES**

11.   Pacific Water Technology LLC is a limited liability company registered in Washington and a borrower-investor in WST. Dr. Kwansoo Lee, a resident of Washington, is the owner of Pacific Water Technology, and was also harmed by Defendants.

12.   Spruce Waters Investments LLC is a limited liability company registered in Florida and a borrower-investor in WST. Tom and Abbey Anderson are married. Anderson is the owner of Spruce Waters Investments and the Andersons, residents of Florida, were also harmed by Defendants.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

13.     Indiana Water Technology LLC is a limited liability company registered in Indiana and a borrower-investor in WST. David and Sarah Schroeder are married. Schroeder is the owner of Indiana Water Technology and the Schroeders, residents of Indiana, were also harmed by Defendants.

14.     AR Water Supply LLC is a limited liability company registered in Texas and a borrower-investor in WST. Reginald and Angel Franklin are married. Franklin is the owner of AR Water Supply and the Franklins, residents of New York, were also harmed by Defendants.

15.     BLC Water Company LLC is a limited liability company registered in Nevada and a borrower-investor in WST. Dr. Brian Chu is married to Larina Chu and is the owner of BLC Water Company and the Chus, residents of California, were also harmed by Defendants.

16.     Granite Street Ventures LLC is a limited liability company registered in Rhode Island and an investor in WST. Cody Bishop, a resident of Tennessee, is an owner of Granite Street and was also harmed by Defendants.

17.     Rumson Wellness LLC is a limited liability company registered in New Jersey and a borrower-investor in WST. Dylan and Taylor Ross are married. Ross is the owner of Rumson Wellness and the Rosses, residents of New York, were also harmed by Defendants.

18.     Brown Family Enterprises LLC is a limited liability company registered in Oregon and an investor in WST. David Brown, a resident of Oregon, is the owner of Brown Family Enterprises and was also harmed by Defendants.

19.     Kmandy Investments L.L.C. is a limited liability company registered in Texas and a borrower-investor in WST. Karthika Mandyam, a resident of Texas, is the owner of Kmandy Investments and was also harmed by Defendants.

20.     Ever Upward Inc. is a profit corporation registered in Virginia and a borrower-investor in WST. David Beranek, a resident of Virginia, is the owner of Ever Upward and was

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

also harmed by Defendants.

21. Sun A WY LLC is a limited liability company registered in Wyoming and an investor in WST. Susan Pinkerton, a resident of Florida, is the owner of Sun A WY and was also harmed by Defendants.

22. Siripi WST LLC is a limited liability company registered in Texas and a borrower-investor in WST. Radhika Siripireddy, a resident of Texas, is the owner of Siripi WST and was also harmed by Defendants.

23. LivingWater Station LLC is a limited liability company registered in South Carolina and a borrower-investor in WST. Karl Schoenleber, a resident of South Carolina, is the owner of LivingWater and was also harmed by Defendants.

24. GrayFin Ventures LLC is a limited liability company registered in Texas and a borrower-investor in WST. James Sartain, a resident of Texas, is the owner of GrayFin Ventures and was also harmed by Defendants.

25. Prasiti Water Investments LLC is a limited liability company registered in     and an investor in WST. Nirupa Kieskar, a resident of Texas, is the owner of Prasiti Water Investments and was also harmed by Defendants.

26. JBF Consulting Services LLC is a limited liability company registered in Tennessee and a borrower-investor in WST. John Flack, a resident of Tennessee, is the owner of JBF Consulting Services LLC and was also harmed by Defendants.

27. Coco Aqua LLC is a limited liability company registered in Texas and an investor in WST. Trung Nguyen and Li Liang are married. Nguyen, a resident of Texas, is the owner of Coco Aqua and Nguyen and Liang were also harmed by Defendants.

28. Arravend LLC is a limited liability company registered in Wyoming and was a borrower-investor in WST. Ashoka Sheanh, a resident of Virginia, is an owner of Arravend and

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

was also harmed by Defendants.

29.     Flatlands Equipment LLC is a limited liability company registered in Kansas and an investor in WST. Mathew Fellows, a resident of Kansas, is the owner of Flatlands Equipment and was also harmed by Defendants.

30.     C&C Investment Holdings LLC is a limited liability company registered in North Carolina, and an investor in WST. Charles Coggins, a resident of North Carolina, is the owner of C&C and was also harmed by Defendants.

31.     Great Oak Water, Limited Liability Company, is a limited liability company registered in Texas and a borrower-investor in WST. Thomas Wawersich, a resident of Texas, is the owner of Great Oak and was also harmed by Defendants.

32.     WV Water Tech LLC is a limited liability company registered in West Virginia and a borrower-investor in WST. Jason Blough and Michele Blough are married. Blough is the owner of WV Water Tech and the Bloughs, residents of West Virgina, were also harmed by Defendants.

33.     Kdawg Crypto LLC is a limited liability company registered in Connecticut and a borrower-investor in WST. Karen Lavin, a resident of Connecticut, is the owner of Kdawg Crypto and was also harmed by Defendants.

34.     Culminate Water Technology, LLC, is a limited liability company registered in Virginia and a borrower-investor in WST. Padma and Pavan Kandikonda are married. Kandikonda is the owner of Culminate and the Kandikondas, residents of Virgina, were also harmed by Defendants.

35.     ChugIt, LLC, is a limited liability company registered in Florida and a borrower-investor in WST. Jim Vilt II, a resident of Tennessee, is the owner of ChugIt and was also harmed by Defendants.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

36. Chaurishi Retail Enterprises, LLC, is a limited liability company registered in Oregon and a borrower-investor in WST. Basant Kumar, a resident of Oregon, is the owner of Chaurishi and was also harmed by Defendants.

37. Progressive Partners LLC is a limited liability company registered in Virginia and an investor in WST. Radhika Kamalla, a resident of Virginia, is the owner of Progressive Partners and was also harmed by Defendants.

38. 210 SA Holdings LLC is a limited liability company registered in Texas and an investor in WST. Marc and Debra Hildebrand are married. Hildebrand is the owner of 210 SA Holdings and the Hildebrands, residents of Texas, were also harmed by Defendants.

39. WST Utah LLC is a limited liability company registered in Utah and a borrower-investor in WST. Merrill and Danielle Stoddard are married. Stoddard is the owner of WST Utah and the Stoddards, residents of Utah, were also harmed by Defendants.

40. V2S2 LLC is a limited liability company registered in Colorado and an investor in WST. Venkita Sharma, a resident of Colorado, is the owner of V2S2 and was also harmed by Defendants.

41. Cyborg Holdings LLC is a limited liability company registered in Washington and an investor in WST. Timothy Dailey, a resident of Arizona, is the owner of Cyborg Holdings and was also harmed by Defendants.

42. ASH Vending LLC is a limited liability company registered in Colorado and an investor in WST. Robert Hoery and Stefani Hoery are married. Hoery is the owner of ASH Vending and the Howery's, residents of Colorado, were also harmed by Defendants.

43. Adventure Done Right LLC is a limited liability company registered in Utah and an investor in WST. Sean Done and Anna Done are married. Done is the owner of Adventure Done Right and the Dones, residents of Utah, were also harmed by Defendants.

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

44. Big Boy Tools LLC is a limited liability company registered in Ohio and a borrower-investor in WST. Sterling Davis, a resident of Indiana, is the owner of Big Boy Tools and was also harmed by Defendants.

45. Roman Jarosiewicz is a resident of Minneapolis and a borrower-investor in WST.

46. Abby Wyatt Group Inc. is a private corporation registered in South Carolina and an investor in WST. Mark and Stacey Fleming are married. Fleming is the owner of Abby Wyatt and the Flemings, residents of South Carolina, were also harmed by Defendants.

47. Aiden Waterworks, LLC, is a limited liability company registered in Michigan and an investor in WST. Bo Yang, a resident of Michigan, is the owner of Aiden Waterworks and was also harmed by Defendants.

48. Horeb Water Solutions, LLC, is a limited liability company registered in Maryland and an investor in WST. Steven Wells, a resident of Pennsylvania, is the owner of Horeb and was also harmed by Defendants.

49. Silver Oak H20 LLC is a limited liability company registered in Colorado and an investor in WST. Dustin Braeger, a resident of Colorado, is the owner of Silver Oak and was also harmed by Defendants.

50. NS SQ ECO Waters LLC, is a limited liability company registered in Illinois and a borrower-investor in WST. Navaneeth Kumar, a resident of Illinois, is the owner of NS SQ ECO Waters and was also harmed by Defendants.

51. JK Seven LLC is a limited liability company registered in Delaware and a borrower-investor in WST. William and Jeannette White are married. White is the owner of JK Seven and the Whites, residents of Texas, were also harmed by Defendants.

52. Jeffrey Brooke is a resident of Illinois and an investor in WST.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

53.     Oed Properties LLC is a limited liability company registered in Texas and a investor in WST. Joshua Oed, a resident of Texas, is the owner of Oed Properties and was also harmed by Defendants.

54.     JLE Enterprises LLC is a limited liability company registered in Colorado and a borrower-investor in WST. James Estes, a resident of Colorado, is the owner of JLE and was also harmed by Defendants.

55.     Be of Service LLC is a limited liability company registered in Wyoming and a borrower-investor in WST. Michael Bailey, a resident of Texas, is the owner of Be of Service and was also harmed by Defendants.

56.     Etania LLC is a limited liability company registered in Colorado and a borrower-investor in WST. Karthiga Jayaram and Karthikeyan Ramprasath are married. Jayaram is the owner of Etania and Jayaram and Ramprasath, residents of Colorado, were also harmed by Defendants.

57.     Nira Enterprises LLC is a limited liability company registered in Texas and a borrower-investor in WST. Archan Tlkoti, a resident of Texas, is the owner of Nira and was also harmed by Defendants.

58.     Facts Property Services LLC is a limited liability company registered in Arizona and an investor in WST. Aashish Parekh, a resident of Arizona, is the owner of Facts Property and was also harmed by Defendants.

59.     IMLSunshine LLC is a limited liability company registered in Kansas and an investor in WST. Jacob and Karla Letourneau are married. Jacob Letourneau is the owner of IMLSunshine and the Letourneaus, residents of Kansas, were also harmed by Defendants.

60.     Redwaters LLC is a limited liability company registered in Illinois and a borrower-investor in WST. Konda Reddy Gadi and Sreelakshmi Siripuram are married. Gadi

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

is the owner of Redwaters and Gadi and Siripuram, residents of Illinois, were also harmed by Defendants.

61.     Starter Holdings LLC is a limited liability company registered in Arizona and an investor in WST. Joshua and Paige Leykam are married. Leykam is the owner of Starter Holdings and the Leykams, residents of Arizona, were also harmed by Defendants.

62.     Helmut Giewat is a resident of Florida and an investor in WST.

63.     Todd and May Auerbach are residents of California and investors in WST.

64.     Royal Reservoirs LLC is a limited liability company registered in Oklahoma and an investor in WST. Dr. Deren Flesher, a resident of Oklahoma, is the owner of Royal Reservoirs and was also harmed by Defendants.

65.     Aqualux Water LLC is a limited liability company registered in Texas and a borrower-investor in WST. Gary Young, a resident of Texas, is the owner of Aqualux and was also harmed by Defendants.

66.     Q & V LLC, WaterStation Technology of Rockville, is a limited liability company registered in Maryland and a borrower-investor in WST. Tan Quan Nguyen, a resident of Maryland, is the owner of Q & V and was also harmed by Defendants.

67.     RCWSTECH1157 LLC and COLEWSTECH LLC are limited liability companies registered in Illinois and borrower-investors in WST. Dr. Ron Cole, a resident of Illinois, is the owner of RCWSTECH1157 and COLEWSTECH and was also harmed by Defendants.

68.     Maji 8377 LLC is a limited liability company registered in Michigan and a borrower-investor in WST. Dr. James Walker, a resident of Michigan, is the owner of Maji 8377 and was also harmed by Defendants.

69.     Oaks Waterstation Tech LLC is a limited liability company registered in

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Wyoming and an investor in WST. Duane Okamoto and Linda Okamoto are the owners of Oaks Waterstation and the Okamotos, residents of Washington, were also harmed by Defendants.

70. SDB H20 LLC is a limited liability company registered in Florida and an investor in WST. Dr. Scott Burau, a resident of Florida, is the owner of SDB H20 and was also harmed by Defendants.

71. WST LLC is a limited liability company registered in Florida and an investor in WST. Dr. Brad Burau, a resident of Florida, is the owner of WST LLC and was also harmed by Defendants.

72. Half Full Vending LLC is a limited liability company registered in Texas and a borrower-investor in WST. Josh McNary, a resident of Texas, is the owner of Half Full and was also harmed by Defendants.

73. RDWSTECH3594 LLC is a limited liability company registered in Michigan and a borrower-investor in WST. Dr. Robert Dost, a resident of Michigan, is the owner of RDWSTECH3594 and was also harmed by Defendants.

74. Rose Trail Ventures, LLC, and Rose Trail Ventures 2, LLC, are limited liability companies registered in Tennessee and borrower-investors in WST. Pravin Thakkar, a resident of Tennessee, is the owner of Rose Trail Ventures and Rose Trail Ventures 2 and was also harmed by Defendants.

75. Ryan Wear and Elizabeth Swain reside in Snohomish County, Washington. Wear is a principal, owner, managing agent, and/or control person of various entity-Defendants named in this action.

76. Creative Technologies, LLC, d/b/a WaterStation Technology, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 15

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

77. WST Franchise Systems, LLC, upon information and belief, is a Washington limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

78. Water Station Management, LLC, upon information and belief, is a Washington limited liability company owned and controlled by Defendant Wear, with a principal place of business in Snohomish County that engages in business activities in Snohomish County.

79. Kevin Nooney, upon information and belief, resides in King County, Washington, and is married to Elizabeth Nooney. At all relevant time, Defendant Nooney acted for the benefit of his marital community.

80. Refreshing USA LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

81. Summit Management Services, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

82. Ideal Property Investments, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

83. Refreshing California L.L.C. upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

84. Refreshing Montana, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Snohomish County.

85.     Refreshing Mid-Atlantic, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

86.     Refreshing Carolinas, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

87.     Refreshing Great Lakes, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

88.     WaterStation Finance Company, LLC, upon information and belief, is a limited liability company owned and controlled by Wear that engages in business activities in Snohomish County.

89.     Refreshing Georgia, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

90.     Creative Technologies Florida, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

91.     Refreshing Florida LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

92.     2129 Andrea Lane LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Snohomish County.

93.     3209 Van Buren. LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

94.     602 South Meadow, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

95.     Ice & Water Vendors LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

96.     Ideal Industrial Park LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

97.     Ideal AZ Property Investments, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

98.     K-2 Acquisition, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

99.     Emery Development, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

100.    Arizona Water Vendors Incorporated, upon information and belief, is a limited liability company owned and controlled by Defendant.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

101.   WST AZ Properties, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

102.   1118 Virginia Street, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

103.   11519 South Petropark, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

104.   TCR Plumbing LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

105.   3422 W Clarendon Ave, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

106.   1206 Hewitt Ave LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

107.   WaterStation Technology II, LLC, upon information and belief, is a limited liability company owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

108.   Pistol, Inc., upon information and belief, is a Wyoming corporation owned and controlled by Defendant Wear that engages in business activities in Snohomish County.

109.   Smokey Point Holdings, LLC, upon information and belief, is a limited

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

110. 719 Eden, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

111. 602 South Meadow, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

112. Group, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

113. 4300 Forest, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

114. 70 NO Garden, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

115. 204 NWW, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

116. WaterStation Techventure, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

117. Water Station Holdings, LLC, WaterStation Technology, LLC, upon

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

118. Refreshing Colorado, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

119. Arizona Vendors Inc., upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

120. Golden State Vending, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

121. Refreshing Florida, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

122. Refreshing Midwest, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

123. Refreshing Midwest Real Estate, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

124. Refreshing New Mexico, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

125. Refreshing New England, LLC, upon information and belief, is a limited

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

126. Refreshing Texas, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

127. Refreshing Oklahoma, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

128. Refreshing Washington, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

129. Smart Soda Holdings, Inc., upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

130. VendPro, LLC d/b/a EliteVend, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

131. Harrison Street, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

132. 602 South Mean, LLC, upon information and belief, is a limited liability company owned, operated, and controlled by Defendant Wear that engages in business activities in Snohomish County.

133. Richard Wear is a Washington resident and owner of one or more entity-

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Defendants and/or valuable assets in this matter.

134.     UniBank is a state chartered commercial bank organized in Washington that, upon information and belief, engages in business activities in Snohomish County. Unibank is a wholly owned subsidiary of Defendant U & I Financial Corp.

135.     U & I Financial Corp. is a profit corporation, organized under the laws of Washington that, upon information and belief, engages in business activities in Snohomish County. U & I is a one-bank holding company which owns and controls all shares of Unibank.

136.     Upon information and belief, Simon Bai, Stephanie Yoon, D. Benjamin Lee, and Peter Park are Washington residents. Bai, Yoon, Lee and Park are officers of Unibank and U & I Financial Corp. and, as of August 2022, were Governors of Unibank and U & I Financial Corp. As of 2023, Park is listed as the sole governor of Unibank and U & I Financial Corp. [1]

137.     First Fed Bank is a state chartered commercial bank organized in Washington that, upon information and belief, engages in business activities in Snohomish County. Upon information and belief, First Fed Bank is a wholly owned subsidiary of First Northwest Bancorp.

138.     First Northwest Bancorp is a holding company which, upon information and

_____

[1] The Plaintiffs asserting claims against the Defendants identified in Paragraphs 138 through 140 are: Be of Service, LLC, Ever Upward Inc., WV Water Tech, LLC, SDB H20, LLC, WST, LLC, C&C Investment Holdings, LLC, COLEWSTECH, LLC, RCWSTECH 1157, LLC, Big Boy Tools, LLC, RDWSTECH3594, LLC, JLE Enterprises, LLC, JBF Consulting Services, LLC, Abby Wyatt Group, Inc., Culminate Water Technology, LLC, Pacific Water Technology, LLC, Starter Holdings, LLC, Sun A WY, LLC, GrayFin Ventures, LLC, V2S2, LLC, Arravend, LLC, Siripi WST, LLC, NS SQ ECO Waters, LLC, ChugIt, LLC, Horeb Water Solutions, LLC, Michael Bailey, David Beranek, Jason Blough, Michele Blough, Scott Burau DDS, Bradley Burau DDS, Charles Coggins, Ronald Cole DDS, Sterling Davis, Robert Dost DDS, James Estes, Adria Estes, John Flack, Mark Fleming, Stacey Fleming, Helmut Giewat, Roman Jarosiewicz, Padma Kandikonda, Pavan Kandikonda, Kwansoo Lee DDS, Joshua Leykam, Paige Leykam, Josh McNary, Susan Pinkerton, James Sartain, Venkita Sharma, Ashoka Sheanh, Radhika Siripireddy, Navaneeth Kumar, James Vilt II, and Steven Wells.

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

belief, owns and controls all shares of First Fed Bank and engages in business activities in Snohomish County.

139.     Upon information and belief, Norman Tonina, Craig Curtis, Jennifer Zaccardo, Cindy Finnie, Dana Behar, Matthew Deines, Sherilyn Anderson, Gabriel Galanda, and Lynn Terwoerds are Washington residents. At present, Tonina, Curtis, Zaccardo, Finnie, Behar, Deines, Anderson, Galanda, and Terwoerds are officers and Governors of First Northwest Bancorp.[2]

140.     The Defendants listed in Paragraphs 140 and 143 are referred to collectively herein as the "Bank Governor Defendants."

141.     Larry Houk is a Washington resident, and the owner and operator of Northwest Financial Services, LLC. Upon information and belief, Northwest Financial Services LLC conducts business in Snohomish County.

## JURISDICTION AND VENUE

142.     This Court has subject matter jurisdiction pursuant to RCW 2.08.010.

143.     Venue is appropriate pursuant to RCW 4.12.025 and RCW 4.12.010.

## FACTUAL ALLEGATIONS

**A.  Wear created WST in or about 2013.**

144.     Ryan Wear formed "WaterStation Technology" in 2013. He has overseen all operations and activities since its founding.

145.     Wear has organized dozens of limited liability companies to carry out various aspects of the same business. For example, in 2016, Wear formed Water Station Management.

---

[2] The Plaintiffs asserting claims against the Defendants identified in Paragraphs 141 through 143 are: BLC Water Company, LLC, COLEWSTECH, LLC, RCWSTECH 1157, Royal Reservoirs, LLC, Redwaters, LLC, Brian Chu DDS, Chaurishi Retail Enterprises, LLC, Kdawg Crypto, LLC, Pacific Water Technology, LLC, Indiana Water Technology, LLC, Larina Chu, Ronald Cole DDS, Deren Flesher DDS, Basant Kumar, Karen Lavin, Kwansoo Lee, David Schroeder and Sarah Schroeder.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 24

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

In 2017, Wear formed WST Franchise Systems. Wear's companies have repeatedly become delinquent with the Washington Secretary of State.

146.     Wear owns or controls 57 active LLCs, at least 20 of which in other states. Many of these entities are either related to WST's business or hold other valuable assets, which, upon information and belief, were diverted from WST and are potential sources of recovery in this action. Many of these entities have been named in this action.

147.     Upon information and belief, Wear did not honor the corporate formalities of these entities and operated WST as a single, consolidated enterprise.

**B. Wear and WST induced consumers to invest based upon false and misleading assurances about the security and profitability of the investment.**

148.     Dating back to at least 2017, Wear and WST induced hundreds of investors from around the country to invest in unregistered securities that WST marketed and sold as franchise opportunities.

149.     Wear and WST employed a variety of tactics to solicit and induce Plaintiffs and others to invest. Wear and WST's marketing efforts were tailored to appeal to a broad range of potential investors, many of whom had little experience in managing or investing in the type of business at issue.

150.     Investors relied on Wear, WST and various third parties' superior knowledge and expertise with respect to how best to invest their capital. Wear and WST made numerous false or misleading statements that led investors to believe an investment in WST would be safer and more profitable than it truly was.

151.     As set forth in further detail below, the structure of the investment marketed to investors itself was inherently misleading to investors and designed to be that way.

152.     To induce Plaintiffs and others to invest, Wear and WST touted itself as a "fast

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

growing manufacturer" of "revolutionary" and "cutting edge" water dispensary machines with tens of thousands operating locations across the U.S.

153.     Wear and WST claimed that the heart of its business was its "patent pending" technology for providing consumers "healthy, alkaline, ionized water" "at a fraction of the cost of its bottled counterpart." Plaintiffs were assured that THEY were investing in a turnkey business with low overhead and positive cash flow that would generate steady revenues each month.



154.     Investors were told that they would play an active role in the operation of their

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 26

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

franchise.

155.     Wear and WST told investors they would have access to a real time "Cloud Portal" and timely and accurate "User Earnings Reports" that would enable them to track the performance of their machines down to the last detail.

156.     Wear and WST assured investors that the combination of its proprietary technology and custom "business model" created a "low overhead, cash flow positive business with great, long-term growth potential."



157.     WST assured investors that they would receive valuable rights and services in

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

exchange for investing in its purported franchise. Wear and WST told investors it would supply and install their machines at revenue-generating locations and then service them in exchange for a share of the profits.

158.   Wear and WST promised investors annual returns ranging from 12-20% that would be disbursed in regular monthly payments. Wear and WST also assured investors they would receive a "guaranteed buyback" of their machines that would "mitigate [the] risk" of the investment and "improve ROI." Wear and WST similarly told investors that it would reimburse them for 100% of their principal if they were ever dissatisfied with the investment.

159.   These assurances – and many others – were false or misleading or both.

**C. WST raised over $100 million from investors from all over the U.S., many of whom were induced to invest with consumer business loans collateralized with their personal assets.**

160.   Wear and WST's fundraising efforts were remarkably successful. To amplify their reach to investors all over the country, Wear and WST invested heavily in internet marketing and entered into kickback arrangements with investment advisors and business brokers around the country.

161.   Under these kickback agreements, brokers received commissions ranging between 2% and 10% of every dollar they sourced to Wear and WST. In many cases these arrangements were not disclosed.

162.   Wear and WST's successful marketing campaign created multiple referral streams from which Wear and WST successfully converted new investment capital on the basis of their many false and misleading representations.

163.   Upon information and belief, Wear and WST raised over $100 million from investors throughout the U.S., many of whom were induced to fund the investment with small business loans collateralized with their personal assets.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 28

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

164.     In the majority of cases, Wear and WST induced investors to obtain loans from a select group of small and regional banks of WST's choosing, with whom WST had undisclosed ties, and who paid the funds directly to WST. Wear and WST told investors that the security and profitability of an investment in WST justified pledging their personal assets as collateral. Wear and WST led the investor-borrowers to believe that the monthly revenue payments from the water machines would more than offset their monthly loan payments.

165.     The following table summarizes just the principal investments of Plaintiffs:

| Name | Principal Investment |
|---|---|
| Spruce Waters Investments, LLC | $994,500 |
| Indiana Water Technology, LLC | $3,323,500 |
| AR Water Supply, LLC | $3,272,500 |
| Pacific Water Technology, LLC | $3,145,000 |
| BLC Water Company, LLC | $1,003,000 |
| Granite Street Ventures, LLC | $3,102,500 |
| Rumson Wellness, LLC | $1,020,000 |
| Brown Family Enterprises, LLC | $425,000 |
| Kmandy Investments, L.L.C. | $637,500 |
| Ever Upward, Inc. | $280,500 |
| Sun A WY, LLC | $1,003,000 |

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | |
|---|---|
| Siripi WST, LLC | $3,408,500 |
| LivingWater Station, LLC | $425,000 |
| GrayFin Ventures, LLC | $850,000 |
| Prasiti Water Investments, LLC | $2,805,000 |
| JBF Consulting Services, LLC | $425,000 |
| Coco Aqua, LLC | $425,000 |
| Q & V, LLC | $484,500 |
| Arravend, LLC | $6,362,500 |
| Flatlands Equipment, LLC | $1,020,000 |
| C&C Investment Holdings, LLC | $850,000 |
| Great Oak Water, Limited Liability Company | $382,500 |
| WV Water Tech, LLC | $1,003,000 |
| Kdawg Crypto, LLC | $425,000 |
| Culminate Water Technology, LLC | $425,000 |
| ChugIt, LLC | $3,575,500 |
| Chaurishi Retail Enterprises, LLC | $425,000 |
| Progressive Partners, LLC | $425,000 |

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | |
|---|---|
| 210 SA Holding, LLC | $500,000 |
| WST Utah, LLC | $425,000 |
| V2S2, LLC | $850,000 |
| Cyborg Holdings, LLC | $600,000 |
| Ash Vending, LLC | $850,000 |
| Adventure Done Right, LLC | $425,000 |
| Big Boy Tools, LLC | $2,975,000 |
| Roman Jarosiewicz | $425,000 |
| Abby Wyatt Group, Inc. | $561,000 |
| Aiden Waterworks, LLC | $595,000 |
| Horeb Water Solutions, LLC | $382,500 |
| Silver Oak H20, LLC | $297,500 |
| NS SQ ECO Waters, LLC | $425,000 |
| JK Seven LLC | $280,500 |
| Jeffrey Brooke | 255,000 |
| Oed Properties LLC | 425,000 |
| JLE Enterprises LLC | 425,000 |
| Be of Service LLC | $425,000 |
| Etania, LLC | $459,000 |
| NIRA Enterprises, LLC | $850,000 |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | |
|---|---|
| Facts Property Services, LLC | $425,000 |
| IMLSUNSHINE, LLC | $425,000 |
| Redwaters, LLC | $1,386,000 |
| Starter Holdings, LLC | $425,000 |
| Helmut Giewat | $195,500 |
| May Auerbach | $391,000 |
| Royal Reservoirs, LLC | $433,500 |
| Aqualux Water, LLC | $1,003,000 |
| RCWSTECH1157, LLC, COLEWSTECH, LLC | $4,386,000 |
| Maji 8377, LLC | $1,470,500 |
| Oaks WaterStation Tech, LLC | $850,000 |
| SDB H20, LLC | $1,700,000 |
| WST, LLC | $1,844,500 |
| Half Full Vending, LLC | $382,500 |
| RDWSTECH3594, LLC | $1,598,000 |
| Rose Trail Ventures, LLC, Rose Trail Ventures 2, LLC | $4,998,000 |
| **TOTAL: 76,267,500** | |

166. The damages Plaintiffs have sustained exceed these sums in an amount to be

**CORR CRONIN** LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

proven at trial.

**D. Wear and WST structured the investments as the sale of franchise opportunities to use small business loans as a seemingly limitless source of capital—and the banks provided substantial assistance.**

167.    Wear and WST went to great lengths to structure Plaintiffs' investments to look like the sale of franchise opportunities, but the transactions actually constituted sales of unregistered securities. Upon information and belief, Wear and WST structured the investments as franchise opportunities to leverage the small business lending system as a lucrative funding source.

168.    Most of WST's sales of franchises/unregistered securities adhered to a common playbook and consisted of virtually identical paperwork. First, WST would execute a so-called *"purchase order"* that delineated the number of machines to be sold at a particular price. WST then executed so-called *"franchise agreements,"* under which WST was supposed to license investors a lucrative water-vending business model. Next, WST would execute so-called "*service agreements*" with investors, under which WST committed to help install and service the machines that investors had purchased, and then remit monthly revenue payments in exchange for a share of the profits. During the negotiation process, Wear and WST also frequently touted to investors that they were an "SBA approved" franchise, and that WST had close relationships with certain partner banks (including Unibank and First Fed) willing to provide business loans to finance the investment. Unibank and First Fed issued the vast majority of loans to WST investors, issuing collectively close to 90 separate loans further padding the pockets of Wear and WST (Unibank issued over 70 loans and First Fed approximately a dozen).

169.    Both Unibank and First Fed are Small Business Administration (SBA) preferred lenders and the law imposes upon them the duty to implement and maintain adequate loan practices, systems, and safeguards. Both Unibank and First Fed are subject to DFI, FDIC, and

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

SBA regulation and rules. In connection with facilitating such a staggering number of investments, each bank engaged in a laundry list of substandard pre- and post-closing loan practices and, as applicable, violations of SBA, FDIC, and industry rules and standards.

170. Unibank and First Fed's involvement with these securities transactions went well beyond the typical lender-borrower relationship. Unibank and First Fed had specialized knowledge and expertise that the borrower Plaintiffs and their family members relied on in making the decision to invest. The borrower Plaintiffs reasonably and justifiably relied on Unibank and First Fed to guide them through the process and to disclose any material information bearing on the transaction. Unibank and First Fed assumed fiduciary duties to investors while aiding and abetting Wear and WST's activities.

171. Unibank and First Fed also had superior access to information – such as duplicate machine lists, discussed in more detail below – that put them on notice of Wear and WST's fraud. As discussed in further detail below, the significant duplication rate between the machine lists WST provided for dozens of investors – and that the banks used to file UCC-1s to secure the loans – should have triggered fraud alerts at the banks and halted their reckless lending practices. But it did not.

172. Both banks also made misrepresentations and/or omissions that misled the borrower Plaintiffs about the relative quality, safety, and propriety of the investment transactions and legal obligations at issue. The banks made misrepresentations and/or omissions about the nature of the transaction that created a false and/or misleading sense that the investment in WST was safer than it truly was. Upon information and belief, Unibank, in particular, made false representations and/or omissions to investors and SBA about the nature of the investments and whether the loans were compliant with the SBA's 7(a) program.

173. Unibank and First Fed's roles in the WST scheme were also rife with conflicts

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of interest. Unibank personnel had close personal ties to WST personnel; Unibank personnel even invested in WST themselves, ultimately receiving a full return of their funds. Neither of these facts were ever disclosed.

174.    First Fed, in turn, made four to five direct loans to WST and Wear prior to the loans it issued to borrower Plaintiffs. First Fed's loan terms with the company granted the bank intimate access to the inner workings of WST, and all manner of internal financial information. Upon information and belief, First Fed was placed on notice of WST's challenges and/or improprieties early on. First Fed never disclosed to borrower Plaintiffs its direct lending to WST, or what it knew and/or learned about WST's precarious financial condition before issuing nearly a dozen loans to borrower Plaintiffs that it knew or should have known WST could not repay.

175.    Defendant Larry Houk and Northwest Funding Services served as both Unibank and First Fed's loan broker of choice for these securities transactions. Even though Houk was supposed to have represented the subject investors' interests, it does not appear Houk actually did anything of the sort. Instead, the banks frequently relied upon Houk to streamline or expedite the underwriting process by gathering certain investor information. While apparently serving as the banks' preferred loan broker, Houk's son was actually employed by WST. This and Houk's kickback arrangements were never disclosed.

176.    According to the same playbook, First Fed and Unibank always wired the funds directly to Wear and WST. The borrower Plaintiffs never touched any of the proceeds.

177.    Both banks were substantial contributors to the sale of tens-of-millions of dollars' worth of WST's unregistered franchise securities. Each bank made substantial profits by engaging in these transactions, and sale of them on the secondary market. All such profits should be disgorged.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

178.     As noted, by virtue of the reckless violations of standard loan practices committed by their employees, and each bank's substandard systems, processes, and safeguards that should have been in place to protect against fraud, each bank recklessly and unmistakably violated industry standards and rules. The banking failures at these banks were systemic. Indeed, Unibank recently amended its public reports conceding the severe credit risk posed by the WST loans and is currently under DFI investigation. Further, each bank engaged in self-serving, misleading, and deceptive conduct to the detriment of the borrower Plaintiffs. The Banking Defendants and their officers are jointly and severally liable.

**E.  Wear and WST deceived Plaintiffs by selling the same machines to multiple investors and selling machines at locations that, upon inspection, do not exist—and the banks were complicit.**

179.     Upon information and belief, rather than using investor capital for the manufacture, sale, and placement of water vending machines as promised, Wear and WST diverted investor capital to other entities and for other purposes—including the acquisition of a real estate portfolio worth well over $100 million at today's prices.

180.     Wear and WST led investors to believe that their capital would be used to purchase WST's proprietary water-vending machines. As support for this claim, Wear and WST routinely furnished investors (and, in the case of borrower Plaintiffs, the banks) with written lists bearing serial numbers and locations at which investor machines were supposed to be located. Upon analysis, however, the duplication rate between the various equipment lists furnished by WST are *significant*—in many cases more than a third of the entries are duplicates. In the case of borrower Plaintiffs, had the banks adhered to standard underwriting practices, they would have discovered that the machine lists were riddled with duplicate entries, indicating Wear and WST were, at minimum, selling the same machines to different investors. This revelation should have triggered a fraud and, of course, additional action by the banks to prevent

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 36

fraud. But, astonishingly, that did not occur.

181.    Only First Fed and Unibank had access to equipment lists from many loans they were issuing – indeed, WST would provide the banks with lists for each borrower to support the loan. Thus, only First Fed and Unibank had the opportunity to discover the duplicate entries in time to prevent the fraud. But they were willfully and/or recklessly blind to it.

182.    Had the banks done what they were supposed to do, they would have discovered that the nature of Wear and WST's fraud actually runs deeper. In connection with this case, Upon information and believe, only about 10% of the purported machine "locations" inspected so far actually have machines at that location. In other words, roughly 90% of the machines allegedly sold to investors do not exist at all. Again, had the banks adhered to basic underwriting practices, they would have discovered this information and could have prevented WST's fraud.

183.    But First Fed and Unibank did none of this. Instead, they willingly issued dozens of fraudulent loans to unsuspecting investors, always transferring the funds directly to WST. By doing so, the banks substantially contributed to and enabled WST's scheme.

**F. Wear and WST have violated the securities and franchise laws in a multitude of ways—and their deception continues to this day.**

184.    The list of all of the ways Plaintiffs allege Wear and WST violated their rights and Washington law is quite long. The following are some examples, some of which also apply to Unibank, First, and Houk:

a.   Wear and WST provided investment advice to Plaintiffs and other investors though neither Wear nor WST was not registered in Washington to do so.

b.   Wear and WST misled Plaintiffs and other investors about the safety and profitability of the investment as well as the nature of its growth, assets, and operations.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

c. Wear and WST failed to screen Plaintiffs and other investors to ensure they were qualified to invest.

d. Wear and WST deceived Plaintiffs and other investors about the returns they would receive and about the number of machines it had in operation.

e. Wear and WST deceived Plaintiffs and other investors about how it would use their funds and how many machines they had sold to them.

f. Wear and WST misled investors about who manufactured the machines.

g. Wear and WST did not function like or provide the services of a legitimate franchise despite touting the investments as franchise opportunities and signing franchise agreements with investors. Wear and WST never furnished the promised training, software, specifications and standards, or even an operations manual.

h. Wear and WST never had valuable patent rights in any proprietary technology.

i. Wear and WST did not grant Plaintiffs and other investors access to real time reporting on the performance of their machines. When such information was purportedly provided it was dysfunctional, inaccurate, and incomplete. When Plaintiffs asked for this or any other information, Wear and WST usually misled them or flat-out lied.

j. Wear and WST deceived and misled Plaintiffs and other investors about the status and profitability of their investment, and the status of the payments investors and refunds.

k. Wear and WST did not use investment capital as they assured investors they would do. Instead, they used investor funds for other purposes including the acquisition of real estate.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

185.    In addition, WST made the following non-exclusive list of material omissions that induced Plaintiffs and many other investors to invest:

a.   WST did not disclose that it was not a registered financial advisor in Washington or any other state;

b.   WST did not disclose that Plaintiffs were purchasing unregistered securities;

c.   WST did not disclose that WST Franchise Systems, the alleged franchisor, in reality provided no value or services;

d.   WST did not disclose the true risks of the transactions;

e.   WST did not disclose the truth about its ability to manufacture, install, and service the machines;

f.   WST did not disclose that the "guaranteed buyback" was actually contingent on (a) WST supplying machines, which would not happen, (b) installing them, which did not happen, and (c) generating sufficient cash flow for long enough to fulfill the guaranty, which did not happen;

g.   WST did not disclose the truth about how investor funds would be used or that it was unable to meet its payment or reimbursement obligations to investors;

h.   WST did not disclose the true risks and costs of the enterprise;

i.   WST did not disclose the true number of water-vending machines in operation;

j.   WST did not disclose that it sold the same machines to multiple investors; and

k.   WST did not disclose that it encountered liquidity shortages as well as other performance factors that inhibited its ability to actually deliver on its assurances to investors.

186.    The acts, representations, and omissions alleged herein were material and created a false sense that the investments were safer and more profitable than was actually the

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

case.

187.     Plaintiffs relied on Defendants representations and omissions and were not aware of the true facts and risks when they decided to invest. Plaintiffs would not have invested but for these misrepresentations and omissions.

**G.  WST has not paid investors for months and has gone to great lengths to conceal the truth – in a case that bears all of the hallmarks of a Ponzi scheme.**

188.     As of the filing of this Complaint, Wear and WST have been delinquent on investor payments for many months—in many cases for over a year. Wear and WST have failed to demonstrate any concrete ability to repay Plaintiffs at any point in the future.

189.     Plaintiffs first learned that there could be a problem at WST when WST stopped making payments in late 2022. Since then, Wear and WST have engaged in a pattern and practice of concealing the true facts from Plaintiffs and other investors to keep them in the dark and prevent them from asserting their legal rights. Wear and WST have refused to provide investors with material information necessary for them to protect their interests despite many requests by Plaintiffs and other investors. When Wear or WST has shared details, the information has generally been false, ambiguous, and/or misleading.

190.     Since investor payments ended in late 2022 and early 2023, Wear and WST have repeatedly made false assurances about the true financial condition of WST and their ability to repay Plaintiffs the amounts they are owed. Wear and WST have repeatedly planted the seeds of phony optimism, promising over and over again that repayment was just weeks away. For example, in early 2023, Wear and WST told Plaintiffs and other investors that it would enter into purported "buyback" or "refund" agreements to repurchase investor machines – some as quickly as within a few weeks. Despite circulating and even signing dozens of these agreements with Plaintiffs and other investors, Wear and WST never followed through.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

191. The true reason for Wear and WST's sudden liquidity problems seems clear. Upon information and belief, Wear and WST diverted tens-of-millions of dollars of investor capital, primarily to acquire a real estate portfolio worth over $100 million for the benefit of Wear and his other companies. In addition, Wear and WST engaged in a string of third party transactions dating back to at least 2021 that threaten to permanently prejudice the rights and possible recovery of Plaintiffs and other investors.

192. While Plaintiffs' investigation is ongoing, they have strong reason to believe that Wear and WST intermingled tens-of-millions of investor capital with the following real property assets:

| Prop. No. | State | Address |
|:---:|:---:|:---:|
| 1. | AZ | 653 E 20th Street, Yuma, AZ, 85365 |
| 2. | AZ | 700 S. Arizona Blvd., Coolidge, AZ, 85128 |
| 3. | AZ | 1930 N 22nd Ave, Phoenix, AZ, 85009 |
| 4. | AZ | 4237 E Magnolia, Phoenix, AZ, 85034 |
| 5. | AZ | 4035 E Magnolia, Phoenix, AZ, 85034 |
| 6. | CA | 530 Opper Street, San Diego, CA, 92029 |
| 7. | CA | 25377 Huntwood Avenue, Hayward, CA, 94544 |
| 8. | FL | 877 Orange Ave., Tallahassee, FL, 32310 |
| 9. | FL | 2129 Andrea Lane, Fort Myers, FL, 33912 |
| 10. | FL | 3209 Van Buren Avenue, Naples FL, 34112 |
| 11. | GA | 1118 Virginia Avenue, Columbus, GA, 31901 |
| 12. | GA | 121-131 Bells Ferry Road, Marietta, GA, 30066 |
| 13. | IL | 1000 Nicholas Ave, Elk Grove, IL 60007 |

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 41

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | | |
|---|---|---|
| 14. | IL | 14026 S Harrison Avenue, Posen, IL, 60469 |
| 15. | IL | 1400 Greenleaf Ave, Elk Grove Village, IL, 60007 |
| 16. | IL | 8460 Thomas Avenue, Bridgeview, IL, 60455 |
| 17. | NC | 701 Eden Terrace Archdale, NC, 27263 |
| 18. | NM | 875 W Amador, Las Cruces, NM, 88005 |
| 19. | NV | 7925 Arby, Las Vegas, NV, 89113 |
| 20. | OR | 19355 SW Teton Ave, Tualatin, OR, 97062 |
| 21. | TN | 730 Middle Tenn Blvd Murfreesboro, TN, 37129 |
| 22. | TX | 11519 South Petropark Ave, Houston, TX, 77041 |
| 23. | TX | 343 Johnny Clark Road, Longview, TX, 75605 |
| 24. | TX | 204 NW Road, San Antonio, TX, 78237 |
| 25. | TX | 2709 Electronic Lane, Dallas, TX, 75220 |
| 26. | TX | 5167 Veterans Memorial Blvd, Harker Heights, Texas, 76543 |
| 27. | WA | 8825 S 228th Street, Kent, WA 98031 |
| 28. | WA | 27423 (27602) 40th Ave, Stanwood, WA, 98292 |
| 29. | WA | 14925 Smokey Point Blvd., Marysville, WA 98271 |
| 30. | WA | 3811 188th Street NW, Arlington, WA, 98223 |
| 31. | WA | 3200 Shoreline Dr., Camano Island, WA, 98282 |
| 32. | WA | 11410 Beverly Park Rd., Everett, WA, 98204 |
| 33. | WA | 12 Emery Road, Oroville, WA 98844 |
| 34. | WA | 1206 Hewitt Avenue, Everett, WA 98201 |
| 35. | VA | 313 & 315 Ewell Road, Williamsburg, VA, 23188 |

193.    Plaintiffs now bring this action, to recover their funds, through these assets if

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 42

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

necessary, and to pursue all other available legal and equitable remedies, including without limitation equitable subordination, piercing of the corporate veil, constructive trust, injunctive relief, and disgorgement or "clawing back" of funds diverted to other persons or entities or for personal gain.

**H. The banks continue to seek to enforce the fraudulently induced loans despite their direct culpability and facilitation of the WST scheme.**

194.    As noted, First and Unibank played a major role in the WST scheme by facilitating nearly 90 loans to WST investors due to reckless lending practices and breaches of fiduciary duty. The subject loan agreements and related guaranty and collateral agreements were part and parcel to the offer and sale of WST's unregistered securities and are unenforceable on the basis of mutual or unilateral mistake, RCW 21.20, and other legal and equitable doctrines.

195.    However, First Fed and Unibank refuse to take responsibility and continue to seek to enforce the subject loans against Plaintiffs and other investors. Because WST stopped making payments to investors many months ago, the borrower Plaintiffs have been forced to choose between continuing to pay the banks thousands of dollars each month out of their remaining savings, declaring personal bankruptcy, or facing a lawsuit brought by the bank and, in many cases, the potential loss of their family homes.

196.    Despite their clear culpability in facilitating the WST scheme, the banks continue to require the borrower Plaintiffs to make payments under threat of litigation if they ever stop making payments. Indeed, both First Fed and Unibank have already sued individual borrowers that had to stop making payments as a result of the WST fraud.

197.    Plaintiffs experienced significant mental and emotional distress once payments from WST suddenly stopped in late 2022 and early 2023. Their distress has only been increased

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

by First Fed and Unibank's insistence that the investor-borrowers continue making payments under the threat of being sued for default or losing their homes to the banks. Faced with this situation, most borrower Plaintiffs continued making payments even if that meant total exhaustion of their life savings. These payments, like other payments by the borrower Plaintiffs to their respective banks, totaling millions of dollars, were induced by the fraud—and made at a time when WST was assuring investors that payments would resume shortly and that there would be no long-term problem. These payments were also made before the borrower Plaintiffs learned that WST was a likely fraud, and, of course, before learning of their respective claims against the banks despite the banks many failures to disclose material facts. Therefore, all such funds should be immediately returned. To date, the banks have improperly retained possession of the borrower Plaintiffs' funds.

198.    The banks past and ongoing conduct has inflicted and is inflicting the borrower Plaintiffs with serious harm. The borrower Plaintiffs and their guarantors and/or pledgers seek this Court's assistance in restraining the banks from further collection action and ultimately resolving the matter in a fair and equitable manner.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### VIOLATIONS OF CHAPTER 19.100 RCW

199.    Plaintiffs reallege and incorporate all allegations of this Complaint.

200.    As alleged herein, WST raised tens-of-millions of dollars from Plaintiffs and other investors through the offer and sale of franchise opportunities subject to RCW 19.100.

201.    WST offered and sold franchise opportunities that were not registered with the State of Washington.

202.    WST required franchise investors to enter into written franchise agreements

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

with WST and to agree to pay franchise fees.

203.    As alleged herein, WST made untrue statements of material fact and/or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. In addition, WST employed devices, schemes, and artifices to defraud Plaintiffs; and have engaged in acts, practices, and courses of conduct that operate as a fraud or deceit upon Plaintiffs in connection with the subject transaction(s) and after.

204.    Wear and WST's statements, assurances, and omissions alleged herein induced Plaintiffs to invest their personal capital and/or finance the investment through consumer business loans, in many cases from banks with whom WST had close ties. Later, WST concealed its misconduct and induced Plaintiffs to delay seeking the full return of their funds and otherwise assert their legal rights. WST is responsible for perpetuating a continuing fraud and misrepresentation. Upon information and belief, WST worked in concert with and/or were aided and abetted by others who may be added to this claim and Plaintiffs reserve the right to do so based upon further discovery.

205.    WST induced Plaintiffs to enter into purported written agreements with WST and third parties (such as Celtic Bank, First Federal Bank, and Unibank) that are void and/or should be rescinded. Plaintiffs reincorporate the express statements and omissions set forth above that induced Plaintiffs and other investors to invest, and maintain their investments, and every other material misrepresentation and omissions that were made, as well as those that will be identified in discovery.

206.    WST made the assurances and omissions alleged herein to induce Plaintiffs to invest and/or with reason to expect that Plaintiffs would act or refrain from acting to assert their rights. To the extent required, WST's statements and omissions were material and

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

justifiably relied upon by Plaintiffs.

207.    WST's untrue representations and/or omissions induced Plaintiffs to invest in the franchise securities at issue, and maintain their investments, and/or put off taking action to protect themselves, causing Plaintiffs to suffer damages in an amount to be proven at trial.

208.    WST acted knowingly or recklessly in that, among other things, they failed to ascertain and disclose the true facts to Plaintiffs even though those facts were available to it. Plaintiffs actually and justifiably relied upon the statements and omissions made by Wear and WST in investing in WST and maintaining their investments in WST.

209.    DFI commenced an administrative investigation of Wear and WST in 2021, and at least one of the banks at some point thereafter, which continues to this day. As applicable, the statute of limitations has been tolled and/or extended by statute, by Defendants' conduct, and, later, by agreement.

210.    By virtue of Defendants' violations of RCW 19.100 *et seq.*, Plaintiffs are entitled to all remedies available under RCW 19.100 and Washington law, including, without limitation, equitable relief, rescission, constructive trust, actual damages in an amount proven at trial, and treble damages in the amount of three times their actual damages, as well as attorney's fees and costs.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF CHAPTER 21.20 RCW

211.    Plaintiffs reallege and incorporate all allegations of this Complaint.

212.    The transactions Plaintiffs were induced to enter into with WST and Unibank and First Fed were unregistered securities transactions under Washington law. These transactions consisted of purchase orders, franchise agreements, service agreements and the disputed loan documents and agreements as part of a single securities transaction.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 46

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

213. As alleged herein, Defendants made untrue statements of material fact and/or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. In addition, Wear and WST employed devices, schemes, and artifices to defraud Plaintiffs; and Defendants have engaged in acts, practices, and courses of conduct that operates as a fraud or deceit upon Plaintiffs in connection with the subject transaction(s) and after.

214. Defendants' representations, assurances, and omissions alleged herein induced Plaintiffs to invest their personal capital and/or finance the investment through consumer business loans, in many cases from banks with whom WST said it had strong ties such as First Fed and Unibank. Defendants' representations, assurances, and/or omissions induced the borrower Plaintiffs to pay First Fed and Unibank substantial sums prior to or at closing and continuing thereafter, even after WST's payments to them ceased.

215. Defendants' misrepresentations and/or omissions concerned, among other things, the quality and safety of the investment in WST. They were material because a reasonable person would attach importance to them in determining whether to engage in the investment transaction at issue, because the maker had reason to know Plaintiffs considered the matter important, and/or the misrepresentation or omission constituted an ambiguous representation capable of false interpretation.

216. Defendants knew or should have known that their misrepresentations and/or omissions would induce Plaintiffs to act or refrain from acting to their detriment. Defendants knew or should have known that their representations were false and/or were ignorant of the truth and/or reckless in ascertaining the truth or falsity of their representations. Defendants' non-disclosures of material information where they had a duty to speak were tantamount to an affirmative misrepresentation. By way of example, WST told Plaintiffs they would become

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 47

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

owners of individual machines located all over the country and furnished machine lists for multiple investors to Unibank and First Fed during the pre-closing process which showed, at minimum, that WST was selling duplicate machines to multiple investors. Only Defendants had access to this information.

217. Defendants owed Plaintiffs fiduciary duties and were on notice that Plaintiffs were acting on the basis of mistake as to undisclosed facts. First Fed and Unibank assumed fiduciary duties to the borrower Plaintiffs through words and conduct that induced the borrower Plaintiffs to relax their vigilance that they would have otherwise exercised. Plaintiffs were justified in relying on Defendants, as applicable, by virtue of their respective positions in the transactions and Defendants' knowledge, expertise, and superior access to information.

218. Plaintiffs incorporate the statements, assurances, conduct and omissions set forth above as if set forth in full herein in support of their claims sounding in fraud. In brief, Defendants' false statements pertained to the relative quality, safety, propriety, and intentions regarding the investment transactions and legal obligations at issue. Defendants' various statements and assurances created the false sense that the investment in WST was safer and of a quality beyond what it truly was. And as applicable to borrower Plaintiffs, Defendants' respective statements and assurances created the false sense that financing the investment with consumer business loans was safer and more secure than it truly was under the circumstances. Moreover, Defendants' omissions and affirmative conduct likewise created a false impression that the investment of personal capital in WST and/or financing the investment with consumer business loans was safer or of a quality beyond what it truly was under the circumstances.

219. Upon information and belief, Wear and WST committed a continuing fraud

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and concealment and were aided and abetted by Unibank and First Fed, who had constructive knowledge and/or were deliberately ignorant and yet substantially assisted Wear and WST's scheme. Defendants' acts and omissions concealed their misconduct and induced Plaintiffs to delay asserting their legal rights. Defendants induced Plaintiffs to enter into alleged franchise transactions and, as applicable, written loan agreements and third party guaranties and other collateral agreements on the basis of their fraudulent misrepresentations, omissions and misleading conduct.

220. WST concealed its misconduct and induced Plaintiffs to delay seeking the full return of their funds and otherwise assert their legal rights. First Fed and Unibank concealed material facts and conflicts of interest. Defendants are responsible for perpetuating a continuing fraud and misrepresentation. Upon information and belief, WST worked in concert with and/or were aided and abetted by others who Plaintiffs reserve the right to add to this claim upon further discovery. As applicable, the statute of limitations has been tolled and/or extended by Defendants' conduct, and, later, by agreement.

221. Defendants induced Plaintiffs to enter into purported written agreements with WST and Unibank and First Fed, as applicable, that are void and/or should be rescinded. Plaintiffs reincorporate the representations and omissions set forth above that induced Plaintiffs and other investors to invest, and maintain their investments, and every other material misrepresentation and omissions alleged herein, as well as those that will be identified in discovery.

222. Defendants acted knowingly or recklessly in that, among other things, they failed to ascertain and disclose the true facts to Plaintiffs even though those facts were available.

223. Defendants' misrepresentations and/or omissions induced Plaintiffs to invest

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 49

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

in the securities at issue, and maintain their investments, and/or put off taking action to protect themselves, causing Plaintiffs to suffer damages in an amount to be proven at trial.

224. Wear, WST, Unibank, and First Fed (and or their agents, parents, and affiliates as applicable) are liable as sellers of unregistered securities and they and their personnel acted as unregistered securities brokers, advisors, and sales persons, and violated the suitability rule under RCW 21.20.

225. WST and Wear and, as applicable to the borrower defendants, Unibank, and First Fed, and potentially other third parties, are primarily, secondarily, and jointly and severally liable to Plaintiffs (as applicable) for their deceptive acts and omissions, and for the offer and sale of unregistered securities. Plaintiffs are entitled to all rights and remedies provided by Washington law and RCW 21.20, including, without limitation, rescission and return of their investment funds, together with interest, costs, and reasonable attorneys' fees, legal and equitable subordination, and constructive trust. To the extent required, Plaintiffs hereby tender back to Wear and WST and, as applied to the borrower Plaintiffs, Unibank and First Fed, all securities purchased. Plaintiffs are entitled to all remedies and damages available under RCW 21.20 and Washington law in an amount to be proven at trial.

226. Furthermore, Wear and the Bank Governor Defendants are liable as officers, directors and control persons pursuant to RCW 21.20.430. They are jointly and severally liable to the borrower Plaintiffs for the damages caused by their respective banks' violations of RCW 21.20 in an amount to be proven at trial, including but not limited to all sums received and retained from the borrower Plaintiffs by the subject banks.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF WASHINGTON CONSUMER PROTECTION ACT

227. The borrower Plaintiffs reallege and incorporate all allegations of this

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Complaint.

228. WST, Wear, Unibank, and First Fed engaged in unfair or deceptive acts or practices in connection with the offer and sale of franchises and/or securities and lending in the state of Washington. Defendants' unfair or deceptive acts or practices continued after the point of sale.

229. WST, Wear, Unibank, and First Fed's unfair or deceptive acts or practices occurred in trade or commerce, affect the public interest, and continue to this very day.

230. The borrower Plaintiffs have been injured in their business and property, as Defendants accepted investor funds both before and after closing, and have failed to return these funds or otherwise deal with them in a fair and honest manner after the subject transactions were executed. Unibank and First Fed continue to demand payments from borrower Plaintiffs despite their clear facilitation of and culpability in the WST scheme.

231. WST, Wear, Unibank, and First Fed's unfair or deceptive acts or practices are ongoing and are a proximate cause of Plaintiffs' injuries. Wear and WST concealed their misconduct, inducing Plaintiffs to delay seeking the return of their funds and otherwise assert their legal rights. As applicable, the statute of limitations has been tolled and/or extended by Defendants' conduct, and, later, by agreement.

232. WST, Wear, Unibank, and First Fed have committed per se violations of RCW 19.86, including but not limited to violations of RCW 21.20 and RCW 19.100.

233. Plaintiffs have been damaged in an amount to be proven at trial. Plaintiffs are entitled to all remedies available under Washington law, including treble damages, attorney's fees, equitable relief, constructive trust, and general and emotional distress damages.

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# FOURTH CAUSE OF ACTION

## FRAUD AND DECEIT / FRAUDULENT INDUCEMENT / FRAUDULENT CONCEALMENT / CONTINUING FRAUD / AIDING AND ABETTING

234. Plaintiffs reallege and incorporate all allegations of this Complaint.

235. Defendants made false representations and/or nondisclosures through words and/or conduct that were material to, and induced, Plaintiffs' decision to invest as applicable.

236. Defendants' misrepresentations and/or omissions concerned, among other things, the quality and safety of the investment in WST. They were material because a reasonable person would attach importance to them in determining whether to engage in the investment transaction at issue, because the maker had reason to know Plaintiffs considered the matter important, and/or the misrepresentation or omission constituted an ambiguous representation capable of false interpretation.

237. Defendants knew or should have known that their misrepresentations and/or omissions would induce Plaintiffs to act or refrain from acting to their detriment. Defendants knew or should have known that their representations were false and/or were ignorant of the truth and/or reckless in ascertaining the truth or falsity of their representations. Defendants' non-disclosures of material information where they had a duty to speak were tantamount to an affirmative misrepresentation. By way of example, WST told Plaintiffs they would become owners of individual machines located all over the country and furnished machine lists for multiple investors to Unibank and First Fed during the pre-closing process which showed, at minimum, that WST was selling duplicate machines to multiple investors. Only Defendants had access to this information.

238. Defendants owed Plaintiffs fiduciary duties and were on notice that Plaintiffs

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

were acting on the basis of mistake as to undisclosed facts. First Fed and Unibank assumed fiduciary duties to the borrower Plaintiffs through words and conduct that induced the borrower Plaintiffs to relax their vigilance that they would have otherwise exercised. Plaintiffs were justified in relying on Defendants, as applicable, by virtue of their respective positions in the transactions and Defendants' knowledge, expertise, and superior access to information.

239.    Plaintiffs incorporate the statements, assurances, conduct and omissions set forth above as if set forth in full herein in support of their claims sounding in fraud. In brief, Defendants' false statements pertained to the relative quality, safety, propriety, and intentions regarding the investment transactions and legal obligations at issue. Defendants' various statements and assurances created the false sense that the investment in WST was safer and of a quality beyond what it truly was. And as applicable to borrower Plaintiffs, Defendants' respective statements and assurances created the false sense that financing the investment with consumer business loans was safer and more secure than it truly was under the circumstances. Moreover, Defendants' omissions and affirmative conduct likewise created a false impression that the investment of personal capital in WST and/or financing the investment with consumer business loans was safer or of a quality beyond what it truly was under the circumstances.

240.    Upon information and belief, Wear and WST committed a continuing fraud and concealment and were aided and abetted by Unibank and First Fed, who had constructive knowledge and/or were deliberately ignorant and yet substantially assisted Wear and WST's scheme. Defendants' acts and omissions concealed their misconduct and induced Plaintiffs to delay asserting their legal rights. Defendants induced Plaintiffs to enter into alleged franchise transactions and, as applicable, written loan agreements and third party guaranties and other

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 53

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

collateral agreements on the basis of their fraudulent misrepresentations, omissions and misleading conduct. As applicable, the statute of limitations has been tolled and/or extended by Defendants' conduct, and, later, by agreement.

241.     Plaintiffs are entitled to all rights and remedies provided by Washington law, including, without limitation, rescission and general and economic damages in an amount to be proven at trial, legal and equitable subordination, together with interest, costs, and reasonable attorneys' fees. Plaintiffs further seek a constructive trust on all fraudulently transferred assets and ill-gotten gains.

## FIFTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY AND NEGLIGENCE

242.     Plaintiffs reallege and incorporate all allegations of this Complaint.

243.     Through their statements and conduct, WST, First Fed, Unibank, Houk, and NWFS assumed fiduciary, quasi-fiduciary and/or extra-contractual common law duties to Plaintiffs with respect to the investments at issue herein by virtue of their acts, omissions, superior knowledge, expertise, and superior access to information.

244.     Defendants breached their assumed duties to Plaintiffs proximately causing them harm.

245.     Plaintiffs have been damaged in an amount to be proven at trial. Plaintiffs are entitled to all remedies under Washington law on account of Defendants' breach of fiduciary and assumed legal duties including constructive trust and general and emotional damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

246.     Plaintiffs reallege and incorporate all allegations of this Complaint.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

247. Wear, WST, First Fed, and Unibank are also liable under the law of negligent misrepresentation.

248. The investment transactions at issue were transactions in which these Defendants had a pecuniary interest. They supplied information to guide Plaintiffs in making the decision to transact, as applicable, in connection with such transactions. Defendants' false statements pertained to the relative quality, safety, propriety, and even their intentions regarding the investment transactions and legal obligations at issue.

249. Defendants knew or should have known that the information was supplied to guide Plaintiffs in their business transactions and were negligent in obtaining or communicating the false information.

250. Plaintiffs relied on the false information supplied by Defendants as applicable and their reliance was reasonable.

251. Defendants also violated duties to disclose by virtue of (a) Defendants' fiduciary or quasi-fiduciary duties, (b) Defendants' knowledge of facts which were peculiarly within the knowledge of Defendants and not readily obtainable by Plaintiffs, (c) particular Plaintiffs lack of relevant business experience, (d) Plaintiffs' reliance on Defendants' specialized knowledge and experience, and/or (e) the existence of an independent statutory or legal duty.

252. The false information communicated by Defendants proximately caused Plaintiffs' damages in an amount to be proven respectively at trial. Plaintiffs are entitled to all legal and equitable remedies available under Washington law including without limitation general damages, damages for emotional distress, and constructive trust.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## SEVENTH CAUSE OF ACTION

## CIVIL CONSPIRACY

253.    Plaintiffs reallege and incorporate all allegations of this Complaint.

254.    Upon information and belief, Defendants developed a plan or scheme to engage in the acts and omissions alleged herein, Defendants combined to accomplish an unlawful purpose and/or a lawful purpose by unlawful means. Defendants committed overt acts in furtherance of this scheme as alleged herein. Defendants further entered into express or implied agreements to accomplish the object of said conspiracy. Defendants worked in concert with and/or were aided and abetted by third parties.

255.    Defendants are jointly and severally liable to Plaintiffs for damages and attorneys' fees and costs, in an amount to be proven at trial, for any conspiracy that existed. Plaintiffs are entitled to all legal and equitable remedies by virtue of Defendants' conspiracy including constructive trust.

## EIGHTH CAUSE OF ACTION

## VIOLATIONS OF CHAPTER 19.40 RCW

256.    Plaintiffs reallege and incorporate all allegations of this Complaint.

257.    Upon information and belief, Defendants Wear, WST and First Fed have engaged in one or more transactions between themselves, affiliates, including Defendant Ideal Property Investments, LLCs, and/or others, without fair consideration or reasonably equivalent value, and to hinder, delay, or secrete funds away from Plaintiffs, who are creditors of such Defendants and who are entitled to repayment.

258.    WST was not paying its debts, was insolvent at the time and/or became insolvent as a result of such transfer.

259.    Such transaction(s) were undertaken with the requisite "intent" for purposes of

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

RCW 19.40.041 and .051.

260.     The transfers of assets alleged herein were voidable transfer under Ch. 19.40 RCW and thus should be voided to the extent necessary to satisfy Plaintiffs' claims.

261.     Plaintiffs seek all available remedies under Chapter 19.40 RCW, including, without limitation:

    a.   Money damages for the value of the asset transferred in the amount necessary to satisfy Plaintiffs' claims in an amount to be proven at trial;

    b.   Avoidance of the transfer to the extent necessary to satisfy Plaintiffs' claims;

    c.   Attachment or any other provisional remedy against the asset transferred or other property of the transferee as available under applicable law;

    d.   Temporary, preliminary, and permanent injunctive relief;

    e.   Appointment of a receiver to take charge of the asset transferred or other property of the transferee; and

    f.   Any other relief the circumstances may require, including damages payable by the Sunset Buyers to fully compensate Plaintiffs for their losses.

262.     Plaintiffs reserve the right to supplement and request that their claims under RCW 19.40 be conformed to the evidence obtained in discovery and admissible at trial. Plaintiffs seek a constructive trust on all fraudulently transferred assets and ill-gotten gains.

### NINTH CAUSE OF ACTION

### MONEY HAD AND RECEIVED / CONVERSION

263.     Plaintiffs reallege and incorporate all allegations of this Complaint.

264.     Plaintiffs collectively invested their savings with WST. The borrower Plaintiffs have in addition paid substantial sums to First Fed and Unibank in the form of down payments, fees, monthly payments, interest, penalties, and other loan related payments.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

265.    Defendants received, benefited from, and have wrongfully retained Plaintiffs' funds despite Plaintiffs' demands.

266.    Plaintiffs are entitled to restoration of the amount of money conferred to Defendants, and all other relief afforded by Washington law, in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

### UNJUST ENRICHMENT / RESTITUTION

267.    Plaintiffs reallege and incorporate all allegations of this Complaint.

268.    Plaintiffs collectively invested their savings with WST. The borrower Plaintiffs have in addition paid substantial sums to First Fed and Unibank in the form of down payments, fees, monthly payments, interest, penalties, and other loan related payments.

269.    WST and the banks received, benefited from, and have wrongfully retained Plaintiffs' funds despite Plaintiffs' demands.

270.    Plaintiffs are entitled to restoration of the value of the benefits conferred and or restitution in the amount to be proven at trial, and all other relief afforded by Washington law, including but not limited to equitable subordination and constructive trust in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION (IN THE ALTERNATIVE)

### BREACH OF CONTRACT / BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING / ANTICIPATORY REPUDIATION

271.    Plaintiffs reallege and incorporate all allegations of this Complaint.

272.    This cause of action is pled in the alternative to Causes of Action One through Ten insofar as any of the written purchase orders, franchise agreements, buyback agreements, service agreements, loan agreements, guaranties, security agreements, or any other related

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 58

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

agreements, as applicable, are deemed valid and enforceable, and Plaintiffs make an election to proceed on a breach of contract theory at trial. Plaintiffs reserve all rights to make this election before trial:

273. To the extent such agreements are deemed validly formed and enforceable, WST has repudiated and breached its agreements with Plaintiffs by, among other things, failing to perform all material terms of said agreements, including, but not limited to, failing to remit the payments promised to Plaintiffs and failing to promptly cure defective performance.

274. WST and the banks also violated the duty of good faith and fair dealing, as well as verbal and implied agreements, related to such agreements and breached extrinsic promises and assurances to Plaintiffs related to WST's promised performance of the subject purchase orders, franchise agreements, buyback agreements, and service agreements.

275. To the extent such agreements are deemed validly formed and enforceable, WST has anticipatorily repudiated said agreements. Among other things, WST has failed to tender and deliver the machines that were originally paid for, failed to present and/or deliver the machines upon demand, and stopped making the promised payments for many months—in some cases for over a year. Further, WST has expressly or impliedly confirmed its inability to make such payments or resume making such payments or other performance with its obligations under said agreements. WST's repudiation has substantially impaired the value of such agreements and caused Plaintiffs substantial harm.

276. Plaintiffs have complied with or substantially complied with in good faith any and all notice of default provisions under any applicable agreement under the circumstances and/or the requirement to comply with such conditions has been waived by anticipatory breach or applicable legal or equitable basis. Any and all agreements have been breached,

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

repudiated and/or anticipatorily repudiated by WST.

277.    Plaintiffs are entitled to all available damages and remedies under Washington at law for breach of contract, in an amount and of a nature proven at trial, including but not limited to rescission and return of their principal investments plus interest, expectation damages, consequential losses, constructive trust, and incidental damages.

## TWELFTH CAUSE OF ACTION

### PROMISSORY ESTOPPEL / IMPLIED CONTRACT

278.    Plaintiffs reallege and incorporate all allegations of this Complaint.

279.    Defendants are liable to Plaintiffs under the law of estoppel and implied contract.

280.    Defendants made promises to Plaintiffs that they should have reasonably expected to make Plaintiffs change their position. Plaintiffs reasonably relied on these promises and changed their positions as a result of such promises. Injustice can only be avoided by enforcing Defendants' promises.

281.    Plaintiffs are entitled all legal and equitable remedies, protections, and/or rulings available under the law of estoppel including damages in an amount to be proven at trial and constructive trust.

## THIRTEENTH CAUSE OF ACTION

### VARIOUS STATE LAW CLAIMS (IN THE ALTERNATIVE)

282.    Plaintiffs reallege and incorporate all allegations of this Complaint.

283.    Alternatively, Defendants are liable to Plaintiffs under the law of the states in which Plaintiffs are residents based upon the facts alleged herein and facts developed in discovery.

284.    Based on the litany of misrepresentations, omissions, unfair or deceptive

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

conduct, failure to register financial products and/or register as a broker or salesperson, breaches of fiduciary duty, breaches of common law and contractual duties alleged herein, and other violations alleged herein, each Plaintiff hereby asserts in the alternative any and all claims, rights, remedies, damages, and/or protections that they have under the securities laws, consumer protection laws, franchise laws, tort law, law of contracts, and/or common law of their following residential states without limitation: Arizona, California, Colorado, Connecticut, Florida, Kansas, Illinois, Indiana, Maryland, Michigan, Minnesota, North Carolina, New York, Oregon, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, and West Virginia.

285.    In addition to claims and remedies under such state's common law, such state laws include, without limitation, the following: Ariz. Revised Statutes, Title 44, Chapters 1, 8-10, 12-1, and applicable rules; Cal. Penal Code § 496, Cal. Business and Professions Code § 17200, Civil Code §§ 1573, 1750-1784, Cal. Civil Procedure Sections 10399.8, 3372, and/or 3294, Cal. Corp. Code 31000 et seq., and Cal. Corporate Securities Law of 1968, and applicable rules; Col. Revised Statutes, Title 6, Part 1, Title 51-54, and applicable rules; Conn. General Statutes, Title 21a, Title 36b, and applicable rules; Florida Securities and Investor Protection Act, and applicable rules; Kan. Statutes, Chapter 17, Article 12a, Chapter 50, Articles 6, 10, and applicable rules; Ill. Consumer Fraud and Deceptive Business Practices Act, Illinois Securities Law, and Illinois Franchise Disclosure Law, and applicable rules; Indiana Code, Title 24, Chapters .05 and 8, and Indiana Uniform Securities Act, and applicable rules; Maryl. Code, Titles 11 and 13, and applicable rules; Mich. Consumer Protection Act, Mich. Uniform Securities Act, and Mich. Franchise Investment Law, and applicable rules; Minn. Code, Chapters 80A, 80C, 325F.69, and applicable rules; North Carolina Securities Act, Consumer Protection Act, and applicable rules; NY General Business

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Law § 349, New York Code Rules and Regulations Title 13, and applicable rules; Or. Unlawful Trade Practices Act, Or. Securities Law, and Or. Franchise Act, and applicable rules; Ok. Consumer Protection Act, Ok. Uniform Securities Act, and applicable rules; S.C. Consumer Protection Code, S.C. Uniform Securities Law, and applicable rules; Tennessee Consumer Protection Act, Tennessee Securities Act, and applicable rules; Tex. Uniform Deceptive Trade Practices Act, Tex. Securities Act, and applicable rules; Utah Consumer Sales Protection Act, Utah Business Opportunity Disclosure Act, Utah Uniform Securities Act, and applicable rules; Virginia Consumer Protection Act, Virginia Securities Act, and Virginia Retail Franchising Act, and applicable rules; W.V. Consumer Credit and Protection Act, W.V. Uniform Securities Act, and applicable rules; Pennsylvania Unfair Trade Practices and Consumer Protection Law, and applicable rules, Pennsylvania Securities Act, and applicable rules.

286.     As set for herein, Plaintiffs are entitled all legal and equitable remedies, and rights and protections, afforded by the laws of these states, in an amount and nature to be proven at trial, and, to the extent required, in accord with their pre-trial election.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court award the following relief:

1.     For orders conforming Plaintiffs' claims to the evidence developed in discovery;

2.     For any and all legal or equitable remedies available under applicable law;

3.     For awards of economic and non-economic damages and equitable relief against Defendants in an amount and of a nature to be determined at trial;

4.     For prejudgment interest on any portion of the damages award that is for a

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 62

liquidated amount;

5.　For awards of all remedies available under RCW 21.20 and/or RCW 19.100, including without limitation rescission, money damages in an amount to be proven at trial, and attorney's fees and costs;

6.　For temporary, preliminary, and permanent injunctive relief staying further disputed loan payments to Unibank and First Fed and preventing the banks from defaulting or accelerating the loans in the borrower Plaintiffs' names pending the outcome of this litigation;

7.　For orders finding the disputed agreements - including loan agreements, guaranties, and other loan documents of the borrower Plaintiffs - void, invalid, rescinded, and/or unenforceable under applicable law;

8.　For temporary, preliminary, and permanent injunctive relief enjoining and restraining Wear, WST, and WST's representatives, officers, agents, affiliates, owners, or successors, from continuing to engage in the unlawful conduct complained of herein, including transferring any funds or assets away from or between Defendants, or otherwise hindering or delaying the recovery of assets, and/or appointing a receiver;

9.　For all available remedies under Chapter 19.40 RCW, including, without limitation:

    a. Money damages for the value of the assets transferred in the amount necessary to satisfy Plaintiffs' claims and in an amount to be proven at trial;

    b. Avoidance of transfers to the extent necessary to satisfy Plaintiffs' claims;

    c. Attachment or any other provisional remedy against assets transferred or other property as available under applicable law;

    d. Temporary, preliminary, and permanent injunctive relief enjoining and

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 63

restraining further disposition by Defendants of assets and other property sufficient to satisfy Plaintiffs' claims;

    e. Appointment of a receiver to take charge of the asset transferred or other property of the transferee; and

    f. Any other relief the circumstances may require, including damages payable by Defendants or third parties.

10. For alter ego liability / piercing the corporate veil as applicable;

11. For joint and several liability under applicable law;

12. For an award of attorneys' fees and costs incurred in this action;

13. For restitution, rescission, and legal or equitable subordination in favor of Plaintiffs' claims;

14. The imposition of a constructive trust on WST and Ryan Wear's assets and ill-gotten gains, including any and all real estate in Wear or any Wear entity's name;

15. Civil penalties under applicable statutes;

16. Damages for emotional distress, mental anguish, and any other general damages;

17. Disgorgement of ill-gotten gains and unjust enrichment;

18. Punitive and treble damages;

19. Subordination of competing priority interests;

20. Any and all remedies available to Plaintiffs under applicable foreign state law;

21. Leave to amend to add additional claims and Defendants based on further discovery; and

22. For such other and further relief as the Court deems just, equitable, or warranted by law.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 20th day of June, 2024.

CORR CRONIN LLP


*s/John T. Bender*
John T. Bender, WSBA No. 49658
Kristen Barnhart, WSBA No. 51135
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA  98104-1001
Telephone: 206-625-8600
Email: jbender@corrcronin.com,
*Counsel for Plaintiffs*

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

The undersigned certifies as follows that on the below date, I caused a true and correct copy of the foregoing document to be served on the following parties via electronic mail:

Patrick L. Vail, WSBA No. 34513
PATRICK L. VAIL, PLLC
1000 2 Avenue, Suite 1770
Seattle, WA 98104
(206) 624-5824 Phone
(206) 694-4601 Fax
pvail@pvaillaw.com
ljduenas@pvaillaw.com
*Attorneys for Defendants*

Joel Ard, WSBA No. 40104
ARD LAW GROUP PLLC
PO Box 11633
Bainbridge Island, WA 98110-5633
Phone: (206) 701-9243
joel@ard.law
*Attorney for the Nooney Parties*

Nathan Riordan, WSBA No. 33926
600 Stewart St Ste 1300
Seattle, WA 98101-1255
Phone: (206) 903-0401
nate@wrlawgroup.com
*Attorney for Defendants*

Aimee S. Willig, WSBA #22859
Armand J. Kornfeld, WSBA #17214
BUSH KORNFELD LLP LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
jkornfeld@bskd.com
awillig@bskd.com
*Attorneys for Plaintiffs*

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: June 20, 2024, at Seattle, Washington.

_s/ Tia Uy_
Tia Uy, Legal Assistant
tuy@corrcronin.com

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 67

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900