**EXHIBIT P**

THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC WATER TECHNOLOGY LLC et al., <br><br> Plaintiff(s), <br><br> v. <br><br> RYAN R WEAR et al., <br><br> Defendant(s). | No. 2:24-cv-01164-TL <br><br> JOINT MOTION TO REMAND <br><br> NOTING DATE: TO BE DETERMINED PURSUANT TO 11 U.S.C. § 362(a)(1) |

**THE UNDERSIGNED PARTIES HEREBY SUBMIT THIS JOINT MOTION TO REMAND WITH A "TO BE DETERMINED" HEARING DATE IN OBSERVANCE OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(a)(1), AND CONTROLLING NINTH CIRCUIT CASE LAW REGARDING REMOVAL AND REMAND PROCEDURES IN THE CONTEXT OF A BANKRUPTCY STAY, TO ENSURE THEY HAVE PRESERVED THEIR RIGHTS TO REMAND UNDER 28 U.S. CODE § 1447 AND APPLICABLE LAW.**

**THE UNDERSIGNED PARTIES SHALL NOTE THIS REQUEST FOR HEARING UPON THE EARLIER OF (1) AN ORDER BY THE BANKRUPTCY COURT GRANTING THE UNDERSIGNED PARTIES RELIEF FROM STAY TO SEEK REMAND OR (2) FURTHER DIRECTION BY THIS COURT.**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**STIPULATION**

1. Plaintiffs in this action (the "Pacific Parties"), by and through their undersigned counsel, Defendants Kevin and Elizabeth Nooney, by and through their undersigned counsel, and Defendants Ryan Wear and Elizabeth Swain, in the state court action captioned as *Pacific Water Technology, LLC et al v. Ryan Wear et al.,* Case No. 24-2-2887-31 (the "Pacific Parties Action"), by and through their undersigned counsel, respectfully submit this Joint Stipulation to Remand[1]:

2. On April 16, 2024, the Pacific Parties – who at that time consisted of just seven investors with alleged losses in excess of $15 million – brought this action in *state* court for alleged violations of the Securities Act of Washington and other derivative *state* law violations against WST. *See* April 16, 2024 Complaint, Pacific Parties Action. Bender Decl., Ex. 1. Pacific Parties allege that they were induced to invest millions in what they were told were franchises in WST's growing and profitable network of purified water dispensary machines. *Id*. ¶¶54-64. They contend that in reality these transactions – which consistent of multiple agreements between them and WST and third parties, including banks such as UniBank and First Fed – constituted securities under the state law test for investment contracts. RCW 21.20.010(17)(a) (defining "security" under RCW 21.20 to include "investment contract"); Ex. 1 ¶70 (summarizing elements of alleged investment contract sold by Defendants). Defendants deny liability and reserve any defenses to said allegations.

3. On April 26 2024, Pacific Parties obtained a Temporary Restraining Order ("April 26 TRO") enjoining Defendants, including Ideal Property Investments, LLC ("Ideal"), from dissipating assets and from engaging in transactions outside the ordinary course of business. Bender Decl., Ex. 3. In issuing the April 26 TRO, the Court found that Pacific Parties had demonstrated "a clear legal or equitable right to rescission of the securities transactions

---

[1] Defendants deny liability and reserve all defenses to the underlying claims.

JOINT MOTION TO REMAND
(2:24-cv-01164-TL) – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

with Defendants" under Washington state law. Pacific Parties and Defendants subsequently agreed to extend the April 26 TRO and continue the hearing on Pacific Parties' Motion for Preliminary Injunction, which prior to removal was scheduled for the following upcoming date: August 30, 2024. Bender Decl. ¶9.

4. On April 17, 2024, First Fed Bank ("First Fed") commenced an action in King County Superior Court to petition for the appointment of a general receiver over Ideal, i.e. one of the Defendants in the Pacific Parties Action. *See In re Receivership of Ideal Property Investments, LLC*, KCSC Cause No. 24-2-08418-5 SEA. On May 3, 2024, King County Superior Court subsequently appointed a General Receiver over Ideal. Order Appointing Receiver in *In re Receivership of Ideal Property Investments, LLC*, Bender Decl., Ex. 4.

5. By operation of law, the May 3 Order Appointing Receiver in *In re Receivership of Ideal Property Investments, LLC*, imposed an *automatic stay* prohibiting any party from the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the persons over whose property the Receiver is appointed…" (the "Automatic Stay"). *Id*. ¶ 2.a; *see also* RCW 7.60.110. The May 3 Order Appointing Receiver made clear that the Automatic Stay was "applicable to all persons" and would continue "until this receivership is terminated" unless otherwise ordered by the Court. *Id*. ¶ 2.[2]

6. On June 20, 2024, Pacific Parties amended their complaint in the Pacific Parties Action. Bender Decl., Ex. 2. Pacific Parties' amendment added First Fed and UniBank as Defendants, alleging that, in connection with issuing several dozen small business loans to

---

[2] On May 14, 2024, First Fed commenced a separate proceeding in King County Superior Court for the appointment of a general receiver over Defendant Creative Technologies LLC d/b/a "WaterStation Technology" ("WST"). *See In re Receivership of Creative Technologies, LLC*, KCSC Cause No. 24-2-10753-3 SEA. King County Superior Court subsequently appointed a General Receiver over Defendant Creative Technologies d/b/a "WaterStation Technology" ("WST"). Order Appointing Receiver in *In re Receivership of Creative Technologies, LLC*, Bender Decl., Ex. 5.

JOINT MOTION TO REMAND
(2:24-cv-01164-TL) – 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

investors for purposes of investing in WST, the banks engaged in behavior that rendered them liable under Chapter 21.20 RCW as substantial contributors to the sale of WST's unregistered securities. *Id*. ¶177. Pacific Parties also asserted various derivative common law claims such as breach of fiduciary duty and negligent misrepresentation on the theory that the bank's behavior went far beyond the traditional lender-borrower relationship. *See generally id*. Because Pacific Parties' direct claims against the banks brought into issue the enforceability of personal guaranties the banks obtained from the individuals ("Individual Guarantors") who organized the LLCs that make up the bulk of the Pacific Parties' group of plaintiffs, Pacific Parties also added these Individual Guarantors as plaintiffs in the Pacific Parties Action for the primary purpose of seeking declaratory and injunctive relief regarding the unenforceability of the aforementioned personal guaranties. Bender Decl. ¶8.

7. On July 12, 2024, the Hon. Judge William Steffener of Snohomish County Superior Court entered an Order consolidating 12 separate WaterStation related cases, while reserving the various parties' rights to separate trials, stating: "This order does not prejudice a party's right to move for a separate trial as permitted under CR 42." Bender Decl., Ex. 6.

8. Despite the continued existence of the Automatic Stay, on August 1, 2024, First Fed, by now a Defendant in the Pacific Parties Action along with Ideal Property Investments, LLC, filed a Notice of Removal in the Pacific Parties Action ("August 1 Notice of Removal"), relying on the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711–15 ("CAFA"). Dkt. 1.

9. On August 6, 2024, Pacific Parties filed a Notice of Dismissal Without Prejudice As to All Claims Against First Fed Defendants. Dkt. 10.

10. On August 15, 2024, Pacific Parties, as agreed, filed a Notice of Dismissal Without Prejudice as to All Claims Against UniBank Defendants. Dkt. 12.

11. On August 16 and August 21, 2024, Pacific Parties filed Notices of Dismissal

JOINT MOTION TO REMAND
(2:24-cv-01164-TL) – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  Without Prejudice as to Certain Claimants, removing from this action the Individual Guarantors that had previously been added. Dkt. 13, Dkt. 14.

12. On August 21, 2024, Pacific Parties filed a Notice of Dismissal Without Prejudice as to All Claims Against Houk Defendants. Dkt. 15.

12. The August 1 Notice of Removal violated the Automatic Stay in *In re Receivership of Ideal Property Investments, LLC,* and therefore the removal attempt was void and remand is required.[3]

13. In addition, the plain text of CAFA's mass action provision excludes "claims that have been consolidated or coordinated solely for pretrial proceedings," 28 U.S.C. § 1332(d)(11)(B)(ii)(IV), and Judge Steffener's July 12 Order consolidating the cases was clear it did not prejudice any party's right to a separate trial, *see* Bender Decl. Ex. 6, and the moving parties made clear at the consolidation hearing that the request was for pretrial proceedings only. August 30, 2024 Suppl. Bender Decl., Ex. A. Moreover, the dismissal of the Individual Guarantors from the Pacific Parties Action leaves 63 claimants seeking monetary relief in this action, which is well below CAFA's mandatory numerosity threshold of over 100 claimants with "monetary relief claims[.]" 28 U.S.C. §§ 1332(d)(11)(A). Therefore, remand is appropriate.[4]

---

[3] The language of the automatic stay provision of Washington's receivership statute, RCW 7.60.110(1)(a), is virtually identical to the automatic stay under the U.S. Bankruptcy Code. 11 U.S.C. § 362(1)(a) (both statutes prohibit "the commencement or continuation, including the issuance or employment of process, of a judicial, administration or other action or proceeding against" the debtor or person whose property the receiver was appointed). The May 3 Order Appointing Receiver in *In re Receivership of Ideal Property Investments, LLC*, incorporated this same language for purposes of the Automatic Stay, and made clear that the stay extends until termination of the case absent further order by the court. Bender Decl., Ex. 4, ¶ 2. Interpreting such language in the bankruptcy stay context, the 9th Circuit has instructed that the automatic stay prohibits removing a state case to federal court. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir.1997) ("[A party] could not remove the state court proceeding until the bankruptcy court officially lifted the automatic stay."); *see also Bank of New York Mellon ex. rel. Certificateholders of CWALT, Inc. v. Enchantment at Sunset Bay Condo. Ass'n*, 2 F.4th 1229, 1235 (9th Cir. 2021) ("We have consistently reapplied *In re Schwartz* to affirm that any violations of the automatic stay provision are indeed void—full stop." (citing *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992)).

[4] In addition, Pacific Parties are the alleged holders of alleged unregistered securities allegedly issued by

JOINT MOTION TO REMAND
(2:24-cv-01164-TL) – 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Now, therefore, the undersigned parties stipulate to entry of the following order remanding the above-captioned case to the Washington Superior Court for Snohomish County.

### **[PROPOSED] ORDER**

Pursuant to the parties' stipulation, it is so ordered. The case is remanded to the Washington Superior Court for Snohomish County. The Clerk of this Court is directed to close the case.

DATED this ___ day of _____, 2024.

_____
Tana Lin
United States District Court Judge

/ /

/ /

/ /

---

Defendants, and their claims would not exist but for the rights, duties, and obligation related to such alleged securities. In issuing the April 26 TRO, the Snohomish County court explicitly ruled that Plaintiffs had demonstrated "a clear legal or equitable right to rescission of the securities transactions with Defendants" under Washington state law. Bender Decl., Ex. 3 at 2. Accordingly, this action should be exempt from removal jurisdiction under CAFA because Pacific Parties' claims "relate[] to the rights, duties (including fiduciary duties), and obligations related to or created by or pursuant to any securities[.]" 28 U.S.C. § 1453(d)(3); *see, e.g., Eminence Investors, L.L.L.P v. Bank of New York Mellon*, 782 F.3d 504 (9th Cir. 2015) (applying CAFA's securities exception to claims by holders of mortgage-backed securities).

JOINT MOTION TO REMAND
(2:24-cv-01164-TL) – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*We certify that this memorandum contains 1,718 words, in compliance with the Local Civil Rules*

STIPULATED AND PRESENTED this 30th day of August, 2024, by:

| | |
|---|---|
| CORR CRONIN LLP | PATRICK L. VAIL PLLC |
| *s/ John T. Bender* | */s Patrick L. Vail* |
| John T. Bender, WSBA No. 49658 | Patrick L. Vail, WSBA No. 34513 |
| Kristen F. Barnhart, WSBA No. 51135 | 1000 2nd Ave St 1770 |
| 1015 Second Avenue, Floor 10 | Seattle, WA 98104 |
| Seattle, WA 98104-1001 | Email: pvail@pvaillaw.com |
| (206) 625-8600 | *Counsel for Defendants Ryan Wear and Elizabeth Swain* |
| jbender@corrcronin.com | |
| kbarnhart@corrcronin.com | |
| *Counsel for Pacific Parties* | |
| | |
| ARD LAW GROUP PLLC | BENDER LAW PLLC |
| *s/ Joel Ard* | *s/ John A. Bender Jr.* |
| Joel Ard | John A. Bender Jr., WSBA No. 19540 |
| PO Box 11633 | 4634 East Marginal Way S I Suite C-150 |
| Bainbridge Island, WA 98110-5633 | Seattle, WA 98134 |
| (206) 701-9243 | (206) 577-7987 |
| joel@ard.law | John@bender-law.com |
| *Attorneys for Defendants Kevin and Elizabeth Nooney* | *Attorneys for Plaintiff Axial Tilt, LLC and MOD Holdings, LLC* |
| | |
| SMITH CURRIE OLES | BORDE LAW PLLC |
| *s/ Trevor H. Lane* | *s/ Manish Borde* |
| Samuel E. Baker Jr., WSBA No. 3872 | Manish Borde, WSBA No. 39503 |
| Trevor H. Lane, WSBA No. 55739 | 1700 Seventh Ave., Ste 2100 |
| 600 University St, Ste 1800 | Seattle, WA 98101 |
| Seattle, WA 98101-3930 | (206) 531-2722 |
| (206) 623-3427 | mborde@bordelaw.com |
| sebaker@smithcurrie.com | *Attorneys for Plaintiff Emmatoine LLC* |
| thlane@smithcurrie.com | |
| *Attorneys for Plaintiff Dennis Demirjian* | |

JOINT MOTION TO REMAND
(2:24-cv-01164-TL) – 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | |
|---|---|
| SEYFARTH SHAW LLP | MDK LAW |
| *s/ Andrew R. Escobar* | *s/ Alex Larkin* |
| Andrew R. Escobar, WSBA No. 42793 | Alex Larkin, WSBA No. 36613 |
| 999 Third Ave., Ste 4700 | Unsa Manzoor, WSBA No. 60440 |
| Seattle, WA 98104 | 777 108th Ave. NE, Ste 2000 |
| (206) 946-4910 | Bellevue, WA 98004 |
| aescobar@seyfarth.com | (425 l 455-9610 |
| *Attorneys for Plaintiff JRC Real Estate III, LLC* | alarkin@mdklaw.com |
| | umanzoor@mdklaw.com |
| | *Attorneys for Plaintiff Rex Ventures, LLC* |

LAW OFFICE OF G. MICHAEL ZENO, JR., P.S.

*s/ Michael Zeno, Jr.*
G. Michael Zeno, Jr., WSBA No. 14589
135 Lake St. S Ste 257
Kirkland, WA 98033
(425) 947-8050
mikez@zenolawfirm.com
*Attorneys for Plaintiff Tanushka Water Vending LLC and Aarana Water Vending LLC*

JOINT MOTION TO REMAND
(2:24-cv-01164-TL) – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## **CERTIFICATION**

Undersigned counsel hereby certifies that they have conferred with all parties telephonically and/or via e-mail prior to filing the above motion. *See Declaration of Kristen F. Barnhart* dated August 29, 2024, Docket 29, as well as *Supplemental Declaration of John T. Bender in Support of Remand*, filed herewith.

Certified and dated this 30th day of August, 2024, by

CORR CRONIN LLP

*s/ Kristen F. Barnhart*
John T. Bender, WSBA No. 49658
Kristen F. Barnhart, WSBA No. 51135
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Telephone: 206-625-8600
jbender@corrcronin.com
kbarnhart@corrcronin.com
*Counsel for Pacific Parties*

JOINT MOTION TO REMAND
(2:24-cv-01164-TL) – 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All parties (if any) shall be served in accordance of the Federal Civil Rules of Procedure.

DATED this 30th day of August, 2024.

*s/ Wen Cruz*
Wen Cruz, Legal Assistant

JOINT MOTION TO REMAND
(2:24-cv-01164-TL) – 10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900