**EXHIBIT U**

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| BLC WATER COMPANY, LLC, INDIANA WATER TECHNOLOGY, LLC, COLEWSTECH, LLC, RCWSTECH 1157, LLC, ROYAL RESERVOIRS, LLC, CHAURISHI RETAIL ENTERPRISES, LLC, KDAWG CRYPTO, LLC, PACIFIC WATER TECHNOLOGY, LLC, KWANSOO LEE, DDS, PLLC, KWANSOO LEE, BRIAN CHU, BRIAN CHU DDS, INC., LARINA CHU, LAURINA CHU DDS, INC., BRIAN AND LAURINA CHU DDS, INC., DAVID SCHROEDER, SARAH SCHROEDER, RON COLE, KAREN LAVIN, BASANT KUMAR, DEREN FLESHER, TYLER SADEK, NATALIE SADEK, AND FOUNDERS MOSAIC PARTNERS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST FED BANK, FIRST NORTHWEST BANCORP, NORMAN TONINA, CRAIG CURTIS, JENNIFER ZACCARDO, CINDY FINNIE, DANA BEHAR, MATTHEW DEINES, SHERILYN ANDERSON, GABRIEL GALANDA, LYNN TERWOERDS, JOHN DOES 1-10,<br><br>Defendants. | No. 24-2-20247-1 SEA<br><br>**SUBPOENA DUCES TECUM**<br><br>RELATED CASES:<br><br>No. 24-2-12567-1 SEA<br>No. 24-2-19871-7 SEA<br>No. 24-2-10753-3 SEA<br>No. 24-2-08418-5 SEA |

SUBPOENA DUCES TECUM – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | |
|---|---|
| TO: | KASI O'LEARY<br>220 VERT RD #222<br>PORT ANGELES, WA 98363 |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 1015 Second Avenue, 10th Floor<br>Seattle, WA 98104<br>(or other agreed location) | October 25, 2024 at 10:00 a.m. (PST) |
| | METHOD OF RECORDING |
| | Video/Stenograph |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or tangible things at the place, date, and time specified below (list documents or objects):

**See Exhibit/Attachment A**

| PLACE | DATE AND TIME |
|---|---|
| Corr Cronin LLP<br>1015 Second Avenue, Floor 10<br>Seattle, WA 98104-1001<br><br>**Electronically to:**<br>jbender@corrcronin.com,<br>slarussa@corrcronin.com | October 18, 2024 by 5:00 p.m. (PST) |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| CORR CRONIN LLP<br><br>*s/John T. Bender*<br>John T. Bender, WSBA No. 49658 | September 7, 2024 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John T. Bender, WSBA No. 49658
CORR CRONIN LLP
1015 Second Avenue, Floor 10

SUBPOENA DUCES TECUM – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Seattle, WA 98104-1001
Telephone: 206-625-8600
jbender@corrcronin.com

**PROOF OF SERVICE**

| DATE | PLACE SERVED |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| SERVED BY (PRINT NAME) | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the State of Washington that the foregoing information contained in the Proof of Service is true and correct.

| DATE/PLACE | SIGNATURE OF SERVER |

Executed on:

ADDRESS OF SERVER

---

CR 45, Sections (c) & (d):

(c) **Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has

SUBPOENA DUCES TECUM – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

been made, the party serving the subpoena may, upon notice to the person commanded to produce and all other parties, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
    (i) fails to allow reasonable time for compliance;
    (ii) fails to comply with RCW 5.56.010 or subsection (e)(2) of this rule;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden, provided that, the court may condition denial of the motion upon a requirement that the subpoenaing party advance the reasonable cost of producing the books, papers, documents, or tangible things.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information in camera to the court for a determination of the claim. The person responding to the subpoena must preserve the information until the claim is resolved.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**EXHIBIT A**
**INSTRUCTIONS**

1. For the below Requests, you are to produce all documents in your possession, custody or control, including, without limitation, documents in storage and documents held by agents, attorneys, or other persons on your behalf and subject to your control. In case of any ambiguity as to whether a document is called for by the Requests contained herein, such document is to be produced.

2. If in responding to these Requests you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

3. If an objection is stated with respect to a portion of a Request, the remaining portion of the Request is to be responded to notwithstanding the objection. If you object to the scope or time period of a Request, the objection is to be stated and the Request responded to for the scope and time period which you believe is appropriate.

4. If any Request cannot be responded to in full after exercising due diligence to secure the information or documents, you are to so state and respond to the extent possible, specifying your inability to respond. If for any reason a response is qualified, you shall set forth the details of such qualification.

5. If you withhold any document or information based on the attorney-client privilege, the attorney work-product immunity, or any other privilege or immunity, you must identify the document or information withheld and provide the following information: (i) a description of the document or information, including the nature of the document or information (e.g., email, letter, or database); (ii) the author(s) and/or creator(s) of the document or information; (iii) the recipient(s) or addressee(s) of the document or information; (iv) the date

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of the document or information; (v) the subject matter of the document or information; (vi) the nature of all privileges or immunities claimed; and (vii) all such additional information as is necessary for Plaintiffs to understand and challenge the withholding of the document or information, as appropriate.

6. These Requests are intended to cover all information and documents in your possession, custody or control. If any document described in the Requests or responses thereto was, but no longer is, in your possession, custody or control, or in existence, state whether:

    a. It is missing or lost;

    b. It has been destroyed;

    c. It has been transferred, voluntarily or involuntarily, to others;

    d. It has been disposed of otherwise.

7. In each instance identified in response to Instruction No. 6 above, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof, including but not limited to a copy of the document retention policy. Identify each document by listing its author, the author's address, type of document, date, subject matter, present location(s) and custodian(s), and state whether the document (or copies) are still in existence.

8. If the requested document is known to exist, but you do not possess or have custody or control over the document, it shall be so indicated along with the name of the person who has possession, custody or control of the document.

9. The relevant time period for these Requests is January 1, 2018 to the present, unless otherwise indicated in or by the context of a particular Request.

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

10. You are required to produce the requested documents in such manner as will facilitate their identification with the particular Request or category of Requests to which they are responsive.

11. These Requests include within their scope electronically stored information, including all data stored, available from, or maintained by electronic means, including: any electronic/computer media, including, but not limited to, stand-alone computers, laptops, document management systems, networks, on-site servers, cloud storage, project management platforms, such as Slack or SmartSheet, messaging platforms, such as Microsoft Teams or iMessage, virtual meeting platforms, such as Zoom Video or Cisco Web-Ex, voice mail systems, social media accounts, cell phones, tablets or other similar handheld digital devices. You have an obligation to preserve and protect all such information for purposes of this litigation. You are, therefore, instructed to do the following:

   a. Do not initiate any procedures that would alter any active, deleted, or fragmented files that might be relevant to this litigation;

   b. Immediately cease any over-writing, alteration, deletion, or destruction of electronic media that may result in the alteration or loss of any electronically stored information, including any document retention or destruction policies you would normally follow in the ordinary course of business;

   c. Do not dispose of any electronic media storage device that may contain electronically stored information that might be relevant to this litigation;

   d. E-mails and other electronic Documents may appear to have been "deleted" from a desktop or other computer device; however, they are not necessarily irretrievable. Therefore, you should search for evidence on hard drives, networks, backup tapes, or wherever else data may be stored.

12. Deliver each document produced in response to these Requests contained herein in a manner that preserves its sequential relationship with other documents being produced, including the file folder and folder tab associated with its file location, and if not apparent on the folder or tab, accompanied by identification of the person or location from which the files

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

were taken and such additional source information as is necessary to enable the parties to determine the document's original pre-production location. E-mails and other electronic documents should be produced as single-page TIFF images with companion text files. The images should be unitized by each individual logical document, endorsed with a sequential alphanumeric Bates number (e.g. ABC000001), and named to correspond to the Bates number endorsement on the first page of the document (e.g. ABC000001.txt). To the extent practicable, each individual document and communication based on an electronic file should be accompanied by a corresponding text file containing the searchable text for the document. The text file should be named to correspond to the Bates number endorsement on the first page of the document or communication (e.g. ABC000001.txt). In addition to the extracted text files, all productions should include a load file for Relativity with DAT and Opticon files that include the following metadata fields:

| Field | Description/Example |
|---|---|
| BegBates | ABC0000001 |
| EndBates | ABC0000002 |
| BegAttach | ABC0000001 |
| EndAttach | ABC0000004 |
| Custodian | Last Name, First Name |
| From | Address(es) of sender |
| To | Address(es) of recipients |
| CC | Address(es) of copied recipients |
| BCC | Address(es) of blind copied recipients |
| Subject-Email | Subject line of the email |
| FileName | Name of the original native file, including extension |
| DateSent | Date the email was sent |
| TimeSent | Time the email was sent |
| DateReceived | Date the email was received |
| TimeReceived | Time the email was received |
| TimeZone Processed | The time zone in which the emails were standardized during conversion |
| FileExtension | The file type extension representing the Email or native file document |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| Field | Description/Example |
|---|---|
| Author | Author of the document |
| DateCreated | Date the document was created |
| TimeCreated | Time the document was created |
| DateLastModified | Date the document was last modified |
| TimeLastModified | Time the document was last modified |
| DateLastAccessed | Date the document was last accessed |
| TimeLastAccessed | Time the document was last accessed |
| PageCount | Number of pages in document/file |
| InternalFilePath | Original location of email including original file |
| MessageID (INTMSGID) | Unique Message ID |
| MD5Hash | MD5 Hash value of the document. |
| TextPath | Path to extracted text file associated with the |
| NativeLink/FilePath | Path to the native file (if applicable) |

Native File Productions: When producing files that cannot be imaged such as Microsoft Excel or other spreadsheet files, it is preferred that these are produced in their native format, but should include a TIFF image as a placeholder for the file to represent the file in the production set. The TIFF image placeholder for a native file should be branded with a unique Bates number and state "Document Produced in Native Format" on the TIFF image. The native file should then be renamed to match the Bates number assigned to the document with its original file extension. The filename field produced in the production load file that reflects the original metadata should maintain the original file name.

## DEFINITIONS

1. The term "Wear" refers to Ryan Wear and/or the business known as "WaterStation Technology," and any of its present and former affiliates, subsidiaries, agents, employees, servants, attorneys, representatives, and any and all persons acting or who have acted for or on their behalf, including, without limitation, Kevin Nooney or Larry Houk.

2. The terms "you," and "your," refer to the addressee, Kasi O'Leary.

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

3. The term "document" has the full meaning ascribed to it in CR 34, including the original (and every cop of the original which differs in any way from it) of all written, recorded, or graphic matter in any and all media however produced or reproduced, including but not limited to any handwriting, typewriting, printing, photographing and every other means of recording upon any tangible thing any form of communication or representation, including electronic records, e-mails, letters, words, pictures, sounds, symbols or combinations thereof.

4. The term "communication" is used in its broadest sense and shall mean the transmission, sending, and/or receipt of information of any kind by and/or through any means, whether face-to-face or otherwise, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including e-mail), magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio, and/or video signal, telephone, teletype, telecommunication, telegram, facsimile, e-mail, .pst., text message, transmission, microfilm, microfiche, and/or photographic film of any type.

5. The words "all" and "any" mean "any and all"; and the word "including" means "including without limitation."

6. "Identify each writing and its custodian" means to describe each writing with particularity sufficient to identify the same by subpoena duces tecum and state the name, address, telephone number and job title or position of the person having possession, custody or control thereof.

**DOCUMENTS TO BE PRODUCED**

1. All documents and communications referencing or regarding any of the following:

   a. Wear;

   b. Wear investors, including Plaintiffs;

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

c. Wear's purported sale of machines to investors;

d. Loans to Wear and/or default of said loans;

e. Wear-related loan programs for investors;

f. Brokers for Wear investors;

g. Wear related depository or credit accounts or activity in those accounts;

h. Wear related bonds or proceeds thereof;

i. Wear's financial condition or solvency; and

j. Wear's business practices.

**PRESERVATION DEMAND**

WHETHER OR NOT SPECIFICALLY REQUESTED BY THE DOCUMENT REQUESTS OF THIS PARTICULAR SUBPOENA, DEMAND IS HEREBY MADE THAT YOU PRESERVE ALL RELEVANT AND POTENTIALLY RELEVANT DOCUMENTS, COMMUNICATIONS, AND ELECTRONICALLY STORED INFORMATION, AND THAT YOU NOT ALTER OR DESTROY ANY DEVICES OR DATA STORED ON DEVICES OR EQUIPMENT THAT COULD CONTAIN POTENTIALLY RELEVANT DOCUMENTS, COMMUNICATIONS, AND/OR ELECTRONICALLY STORED INFORMATION. NOTICE IS HEREBY GIVEN THAT THE ISSUING PARTY DEEMS SUCH MATERIAL AN INVALUABLE SOURCE OF EVIDENCE AND/OR OTHERWISE DISCOVERABLE INFORMATION IN THE ABOVE-REFERENCED ACTION. THE ISSUING PARTY HEREBY EXPRESSLY RESERVES THE RIGHT TO ISSUE ADDITIONAL SUBPOENAS FOR THE PRODUCTION OF ADDITIONAL DOCUMENTS, TESTIMONY, AND/OR DISCLOSURE OF DISCOVERABLE INFORMATION DURING THE PENDENCY OF THE ABOVE-REFERENCED CASE.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900