**EXHIBIT V**

**IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| FIRST FED BANK, a Washington state commercial bank<br><br>Plaintiff,<br><br>v.<br><br>FOUNDERS MOSAIC PARTNERS, LLC, a Indiana limited liability company; and TYLER SADEK and NATALIE SADEK<br><br>Defendant.<br><br>───────────────────<br><br>FOUNDERS MOSAIC PARTNERS, LLC, a Indiana limited liability company; and TYLER SADEK and NATALIE SADEK<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>FIRST FED BANK, FIRST NORTHWEST BANCORP, NORMAN TONINA, CRAIG CURTIS, JENNIFER ZACCARDO, CINDY FINNIE, DANA BEHAR, MATTHEW DEINES, SHERILYN ANDERSON, | No. 24-2-12567-1 SEA<br><br>**MOTION TO CONSOLIDATE FIRST FED BANK CASES**<br><br>No. 24-2-20247-1 SEA<br>No. 24-2-19871-7 SEA |

MOTION TO CONSOLIDATE
FIRST FED CASES – 1

| | |
|---|---|
| 1 | GABRIEL GALANDA, LYNN TERWOERDS, JOHN DOES 1-10 |
| 2 | Counterclaim Defendants. |

**RELIEF REQUESTED**

Founders Mosaic Partners, LLC, Tyler Sadek, and Natalie Sadek, by and through their undersigned counsel, Michael Rhodes and Tarek E. Mercho, *Pro Hac Vice,* and Pacific Water Technology, LLC, Kwansoo Lee, DDS, PLLC, and Kwansoo Lee, by and through counsel, John Bender, and Indiana Water Technology, LLC, BLC Water Company, COLEWSTECH, LLC, RCWSTECH 1157, LLC, Royal Reservoirs, LLC, Chaurishi Retail Enterprises, LLC, Brian Chu, Larina Chu, David Schroeder, Sarah Schroeder, Ron Cole, Karen Lavin, and Basant Kumar, by and through their undersigned counsel, John T. Bender of Corr Cronin LLP, (collectively, "Plaintiffs"), move to consolidate the separate lawsuits now pending in King County Superior Court (collectively the "Parallel Lawsuits"):

1. *BLC Water Company, LLC, et.al v. First Fed Bank, et. al.*, King County Superior Court Case Number 24-2-19871-7, filed **September 6, 2024** ("*BLC* lawsuit");

2. *Instant Case: First Fed Bank v. Founders Mosaic Partners, LLC, Tyler Sadek, and Natalie Sadek*, King County Superior Court Case Number 24-2-12567-1, filed **June 5, 2024** ("*Sadek* lawsuit"); and

3. *First Fed Bank v. Pacific Water Technology, LLC, Kwansoo Lee, DDS, PLLC, and Kwansoo Lee*, King County Superior Court Case Number 24-2-20247-1, filed **September 3, 2024** ("*Kwansoo* lawsuit")[1]; and

4. *BLC Water Company, LLC, et.al v. First Fed Bank, et. al.*, King County Superior Court Case Number 24-2-19871-7, filed **September 6, 2024** ("*BLC* lawsuit");

---

[1] Exhibits 1-3, attached to the Declaraiton of Michael K. Rhodes.

MOTION TO CONSOLIDATE
FIRST FED CASES – 2

The Parallel lawsuits stem from the same unlawful conduct by the Counterclaim Defendants and its officers. The lawsuits involve *common* facts, *common* loan products/offerings from First Fed, *common* real property assets that are the subject matter of the instant litigation and assert overlapping claims for relief. Most importantly, the Counterclaim Plaintiffs in this lawsuit have similar interest in the assets of the Ponzi scheme perpetrator(s), and will, necessarily, look to such common assets to recoup their individual losses as applicable.[2]

If this case proceeds as a separate lawsuit, it will put the Counterclaim Plaintiff and Counterclaim Defendants at risk of incurring separate or even conflicting legal and factual outcomes as well as inconsistent relief—including an inequitable allocation of a finite pool of assets—and continue to occupy a disproportionate amount of the Court's resources. Counterclaim Plaintiffs respectfully submit that consolidation of the Parallel Lawsuits into this matter will promote judicial economy and eliminate the risk of inconsistent rulings. In addition, these cases all arise out of the same nucleus of operative facts and, therefore, should be consolidated in the interest of judicial economy. All parties in the Parallel Lawsuits have been put on notice of this motion to consolidate.[3]

## STATEMENT OF FACTS

The Parallel Lawsuits arise out of the same nucleus of facts and make overlapping legal claims. Beginning in late 2021, First Fed issued a number of business loans to retail investors who were led to believe that they were investing in both a legitimate franchise opportunity and profitable business, Water Station ("WST"), that they could use to support themselves and their families. In reality, it was all a lie. Unbeknownst to Plaintiffs at the time, they were induced to borrow money from First Fed to invest under false pretenses and, by doing so, they

---

[2] Rhodes Dec., paragraph 8.

[3] Rhodes Dec., paragraph 9.

became the victims of a heartbreaking fraud. Upon information and belief, WST raised over $150 million through individual small business loans that it induced investors to obtain and collateralize with their personal assets. The underlying case is about First Fed's failures to observe its standard underwriting responsibilities and failures to disclose information that would have been material to Plaintiffs' decisions to transact with First Fed.[4]

Under these fraudulently-induced agreements, First Fed's bad faith continues to this day, and its ongoing demands that Plaintiffs repay the fraudulently induced loans at all costs. Defendants' fraudulent scheme is the subject of each of the Parallel Lawsuits that Plaintiffs seek to consolidate. Each of the Parallel Lawsuits allege that the Defendants have failed to perform their repayment obligations, leading to these lawsuits—each of which state claims for breach of contract, among other similar claims involving fraudulently induced given to them by First Fed.[5]

Undersigned counsel has provided notice of this motion to consolidate to all parties in the Parallel Lawsuits, contemporaneously with the filing of the below motion.[6]

## STATEMENT OF ISSUES

Should the Court order the Parallel Lawsuits be consolidated into the *Sadek* case pursuant to CR 42 when all cases present common issues of law and fact and consolidation will promote the interests of judicial economy and prevent the risk of inconsistent decisions?

## EVIDENCE RELIED UPON

This motion is based on the concurrently filed Declaration of Michael K. Rhodes and exhibits thereto, the records filed in the above-captioned lawsuit, and the records contained within the Parallel Lawsuits.

---

[4] See Exhibit 1, to Rhodes declaration.
[5] Id.
[6] Rhodes Declaration, paragraph 5.

# AUTHORITY

**A. This Court has Ample Authority to Consolidate Cases in the Interest of Judicial Economy and to Promote Justice.**

CR 42 provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This rule provides courts with significant discretion to consolidate cases where necessary to serve judicial economy, justice to the parties or both. *See W.R. Grace & Co.-- Conn. v. State, Dep't of Revenue*, 137 Wn.2d 580, 590, 973 P.2d 1011, 1015 (1999) (affirming consolidation); *Angelo v. Angelo*, 142 Wn. App. 622, 641, 175 P.3d 1096, 1105 (2008), *as amended* (Jan. 29, 2008) (Consolidation may be appropriate where it will "simplify discovery and improve efficiency.").

Based on the liberal standard applied under Rule 42, consolidation of cases arising from the same operative facts or events has become the norm, even when brought by different plaintiffs against different defendants alleging different theories. *See, e.g., Mariani v. United Air Lines, Inc.,* No. 01 CIV-11628 (S.D.N.Y. July 24, 2002) (consolidating all actions "currently pending or hereinafter filed" against any airline "for wrongful death, personal injury, and property damage or business loss" resulting from or relating to September 11, 2001); *In re Air Crash Disaster,* 549 F.2d 1006, 1013 (5th Cir. 1977) (approving of consolidation of cases which "embraced more than 150 claims for death and injuries arising from the crash of a large Eastern Airlines passenger plane," noting that trial courts are "urged to make good use of Rule 42(a) . . . in order to **expedite** the trial and eliminate unnecessary repetition and confusion"); *see also Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990) ("Consolidation of tort actions sharing common questions of law and fact is commonplace.").

**B. An Overwhelming Number of Common Questions of Law and Fact Clearly Warrant Consolidation.**

Here, the above-captioned matter and the Parallel Lawsuits clearly involve common questions of law and fact.

Common questions of fact abound because the investors in all cases allege that they invested in WST's apparent Ponzi scheme via the First Fed Bank after its failed underwriting endeavors. There are too many common questions of fact to list in a single brief – but they include and are not limited to: whether Plaintiffs (Defendants in the Parallel Suits) should be required to repay the monies given to them by First Fed; whether Defendants engaged in unsafe and deceptive banking practices; whether Plaintiff's were induced to invest with small business loans under false pretenses and without knowing the extent of First Fed's financial interest in WST; whether Defendants engaged in reckless underwriting and improper loan practices; whether Defendants had access to data that uncovered the Ponzi scheme of WST and when; whether Defendants substantially contributed to WST's sale of unregistered securities to Plaintiffs.[7]

Similarly, common questions of law abound but include and are not limited to at least the following: whether Defendants breached their contractual obligations to Plaintiffs and other investors; whether Defendants' offer and sale of purported "franchise opportunities" constituted the offer and sale of unregistered securities to Plaintiffs and other investors; whether Defendants made material misrepresentations to Plaintiffs and other investors; whether Defendants' conduct constitutes securities fraud; whether Defendants' conduct constitutes common law fraud; whether Defendants' conduct violated the Washington Consumer Protection Act; whether Defendants should be held jointly and severally liable for Plaintiffs' and other investors' damages; whether and to what extent various real estate holdings should be used to

---

[7] Rhodes Dec., paragraph 10.

satisfy Plaintiffs and other investors' claims and, if so, how should a limited pool of assets be distributed among Plaintiffs and other investors' competing claims.[8]

### C. Consolidation will Promote the Efficient use of Party- and Judicial Resources and Eliminate the Risk of Inconsistent Decisions.

The inherent inefficiencies and burdens imposed on parties, witnesses, and judicial resources, and the significant risks of inconsistent adjudications posed by cases presenting similar questions of law and fact, are major factors warranting consolidation here. *See, e.g.,* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 23 83 (3d ed. 1998); *Ultimate Timing, L. L. C. v. Simms,* No. 08-CV-0 1632, 2010 WL 1881868, at *2 (W.D. Wash. May 10, 2010).

Requiring piecemeal adjudication of the same facts and the same legal issues in segregated cases is inherently inefficient. The duplication of effort and risks of unfairness will only multiply as these matters move into discovery and toward trial. Consolidation will eliminate the duplicative judicial work, prevent duplicative discovery and depositions, and avoid conflicting outcomes. *See Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) ("One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results."); *see also Cornell*, C20-1218-RSL-MLP, 2021 WL 1663924, at *4 (considering judicial efficiency of resolving similar factual and legal issues in a consolidated action).

Accordingly, Plaintiffs respectfully submit that the requirements for consolidation under CR 42 have been.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and enter an order consolidating the Parallel Lawsuits with this matter.

---

[8] Id, at paragraph 11.

MOTION TO CONSOLIDATE
FIRST FED CASES – 7

Dated this 9th day of September, 2024

MIX SANDERS THOMPSON, PLLC

*s/Michael K. Rhodes*
Michael K Rhodes, WSBA No. 41911
Mix Sanders Thompson, PLLC
1601 5th Ave., Ste. 1800
Seattle, WA 98101
Phone: 206-678-1000
Fax: 888-521-5980

MERCHO STRZYNSKI LLP
Tarek E. Mercho (Pro Hac Vice)
8935 N. Meridian St., Suite 112
Indianapolis, IN 46260
317-722-0607
tk@msfirm.law

*Counsel for Defendants /Counter Claim Plaintiffs Mosaic Capital Partners and Tyler Sadek*


CORR CRONIN LLP

*s/ John T. Bender*
John T. Bender, WSBA No. 49658
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Telephone: 206-625-8600
Email: jbender@corrcronin.com,

Jack M. Lovejoy
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Telephone: 206-625-8600
Email: jlovejoy@corrcronin.com

*Counsel for Indiana Water*

MOTION TO CONSOLIDATE
FIRST FED CASES – 8

*Technology, LLC, BLC Water Company, COLEWSTECH, LLC, RCWSTECH 1157, LLC, Royal Reservoirs, LLC, Chaurishi Retail Enterprises, LLC, Pacific Water Technology, LLC, Kwansoo Lee, Brian Chu, Larina Chu, David Schroeder, Sarah Schroeder, Ron Cole, Karen Lavin, and Basant Kumar*

# CERTIFICATE OF SERVICE

I, Jennifer Knapp, certify that on September 9, 2024, I caused to be served a true and correct copy of the foregoing **Motion to Consolidate First Fed Cases** via the method indicated below and addressed to the following:

*Attorney for First Fed Parties*
Andrew Gordon Yates, WSBA #34239
Gregory R. Fox, WSBA #30559
Lane Powell PC
1420 Fifth Ave, Ste 4200
Seattle, WA 98111
206-223-7034
yatesa@lanepowell.com
foxg@lanepowell.com
☒E-mail
☒KCLGR 30 electronic service

*Pro Hac Vice Attorney for Defendants*
Tarek E. Mercho, Bar #26487-49
Mercho Strzynski
8935 N Meridian St, Ste 112
Indianapolis, IN 46260
317-722-0607
tk@msfirm.law
☒E-mail
☒KCLGR 30 electronic service

*Attorney for Indiana Water Technology, LLC, BLC Water Company, COLEWSTECH, LLC, RCWSTECH 1157, LLC, Royal Reservoirs, LLC, Chaurishi Retail Enterprises, LLC, Pacific Water Technology, LLC, Kwansoo Lee, Brian Chu, Larina Chu, David Schroeder, Sarah Schroeder, Ron Cole, Karen Lavin, and Basant Kumar*
John T. Bender, WSBA No. 49658
Jack M. Lovejoy
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
206-625-8600
jbender@corrcronin.com
jlovejoy@corrcronin.com
☒E-mail
☒KCLGR 30 electronic service

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

1
2   *s/Jennifer Knapp*
    Jennifer Knapp, Legal Assistant
3   Mix Sanders Thompson, PLLC
    1601 5th Ave., Ste. 1800
4   Seattle, WA  98101
    Tel:    206-521-5989
5   Fax:    888-521-5980
    Email: jennifer@mixsanders.com
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

MOTION TO CONSOLIDATE
FIRST FED CASES – 11