THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST FED BANK, a Washington state commercial bank,<br><br>                   Plaintiff,<br><br>v.<br><br>BLC WATER COMPANY LLC, a Nevada Limited Liability Company, BRIAN S. CHU, an individual, and LARINA H. CHU, an individual,<br><br>                   Defendants. | Case No. 3:24-CV-05729-TL<br><br>**RESPONSE IN OPPOSITION TO MOTION TO STAY**<br><br>3:24-cv-05729-TL<br>3:24-cv-05730-JNW<br>3:24-cv-05731-DGE<br>3:24-cv-05732-BHS<br>3:24-cv-05736-BHS<br>2:24-cv-01389-KKE |

## **RESPONSE**

Defendants' motion to stay (Dkt. 7) is part of an aggressive forum-shopping campaign. In June 2024, Defendants added First Fed to a previously filed action in Washington Superior Court. First Fed properly removed that action to federal court under the Class Action Fairness Act (CAFA). Defendants responded by voluntarily dismissing their claims against First Fed under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

After Defendants dismissed their claims against First Fed in the removed action, First Fed filed the above-referenced declaratory judgment actions. These actions seek to clarify the rights of the parties in light of Defendants' allegations in the removed federal case that their agreements to repay the money they borrowed from First Fed were invalid. *After* First Fed filed these declaratory judgment actions, Defendants *again* sued First Fed in state court, asserting claims nearly identical to those presented in the earlier federal action that Defendants dismissed. Defendants now seek to

RESPONSE IN OPPOSITION TO
MOTION TO STAY - 1
CASE NO. 24-cv-05729-TL

134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

have the claims in these declaratory judgment actions stayed or dismissed so that they can litigate exclusively in their preferred forum, Washington Superior Court.

The Court should deny Defendants' request for a stay or dismissal, because granting this request would reward Defendants' forum-shopping efforts. More specifically, as discussed below, Defendants have not satisfied the criteria for abstention under the *Brillhart/Wilton* doctrine, which applies in federal actions that seek only declaratory relief, or the more rigorous abstention criteria under the *Colorado River* doctrine, which apply in other federal cases where there is parallel state-court litigation. The Ninth Circuit has emphasized that each of these doctrines is designed in part to foreclose forum shopping of the kind Defendants are pursuing here.

Defendants' motion also requests the consolidation of the six above-referenced declaratory judgment actions. First Fed does not oppose consolidation of these actions, so long as it is allowed to pursue its claims in each of these cases in this Court, where they were properly filed.

## I. BACKGROUND

On June 20, 2024, a large group of plaintiffs filed an amended complaint in Snohomish County Superior Court asserting claims against First Fed Bank (Pacific Action).[1] Plaintiffs in the Pacific Action included the parties that are now defendants in the six cases addressed by the Motion to Consolidate and Stay (together, Defendants). On August 1, 2024, First Fed removed the Pacific Action to this Court under CAFA, under the caption *Pacific Water Tech., LLC, et al. v. Ryan R. Wear, et al.* (Case No. 24-cv-01164-TL). *See* Decl. of John Bender (Bender Decl.) (Dkt. 8), Ex. M (Notice of Removal). The Pacific Action sought, *inter alia*, the rescission of certain loan agreements that Defendants had entered with First Fed, and a declaration that these agreements are invalid and void. Bender Decl., Ex. K (Amended Complaint).

On August 6, 2024, Defendants voluntarily dismissed their Pacific Action claims against First Fed under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Bender Decl., Ex. N (Notice of

---

[1] The Snohomish Action was initiated on April 16, 2024, but First Fed Bank was not named as a defendant until the amended complaint was filed in June.

RESPONSE IN OPPOSITION TO
MOTION TO STAY - 2
CASE NO. 24-cv-05729-TL

134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Voluntary Dismissal). It appears likely Defendants dismissed their claims in the Pacific Action to avoid litigating in federal court—in other words, as a form of forum shopping.[2]

On September 3, 2024, First Fed filed in this Court each of the six declaratory judgment actions that Defendants are now seeking to consolidate and stay (Dec Actions).[3] The Dec Actions arise from the fact that "Defendants . . . called into question the validity and enforceability of [their loan agreements with First Fed] by filing" the Pacific Action. *See, e.g., First Fed Bank v. BLC Water Co. LLC, et al.*, 24-CV-05729-JHC, Dkt. 1 (Complaint), ¶ 3. Each of the Dec Actions seeks relief that is the inverse of relief sought in the dismissed Pacific Action—namely, a declaration the loan agreements are valid, enforceable, and not subject to rescission. *See, e.g., id.* at ¶ 26. First Fed intends to amend its complaints in one or more of the Dec Actions to assert claims for monies due.

*After* First Fed filed the Dec Actions in this Court on September 3, 2024, Defendants, along with various other plaintiffs, filed a new, competing action in Washington state court on September 6, under the caption *BLC Water Co., LLC, et al. v. First Fed Bank, et al.* (King County Superior Court, Case No. 24-2-20247-1 SEA) (BLC Action). Bender Decl., Ex. A (BLC Action Complaint). The BLC Action seeks largely the same relief from First Fed that Defendants previously sought in the dismissed Pacific Action, including a declaration that the loan agreements are invalid, and the rescission of the loan agreements. *See, e.g., id.* at ¶¶ 6, 72, 89, 105, 112–14. First Fed has moved for a stay of the BLC Action under Washington's priority of action doctrine, based on the fact that the Dec Actions were filed *before* Defendants filed the BLC Action in state court.

---

[2] Defendants claim that they dismissed the Pacific Action "in part to facilitate settlement discussions." Motion at 3. This explanation makes little sense. As Defendants' counsel is surely aware, litigants routinely discuss settlement while litigation is pending. Indeed, the fact that an action is pending usually heightens the incentive to settle, since litigation imposes ongoing costs, and parties want to avoid the risk of an adverse judgment.

[3] Specifically, these cases include *First Fed Bank v. BLC Water Co. LLC, et al.* (W.D. Wash., Case No. 24-cv-05729); *First Fed Bank v. Indiana Water Tech., et al.* (W.D. Wash., Case No. 24-cv-05730); *First Fed Bank v. Royal Reservoirs LLC, et al.* (W.D. Wash., Case No. 24-cv-05731); *First Fed Bank v. COLEWSTECH LLC, et al.* (W.D. Wash., Case No. 24-cv-05732); *First Fed Bank v. Chaurishi Retail Enterprises, LLC, et al.* (W.D. Wash., Case No. 24-cv-05736); and *First Fed Bank v. Kdawg Crypto LLC, et al.* (W.D. Wash., Case No. 24-cv-01389).

RESPONSE IN OPPOSITION TO
MOTION TO STAY - 3
CASE NO. 24-cv-05729-TL

134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Defendants in the Dec Actions, who are also plaintiffs in the BLC Action, now seek to (1) consolidate the six Dec Actions under Case No. 24-CV-05729-JHC; and (2) stay the Dec Actions pending resolution of the BLC Action in King County Superior Court based abstention principles. Dkt. 7 at 1. As noted above, First Fed does not oppose consolidation of the Dec Actions. First Fed does, however, oppose the stay sought here by Defendants.

## II. ARGUMENT

Defendants have moved to stay the consolidated action based on two abstention doctrines: (1) the *Wilton/Brillhart* doctrine, which allows a federal district court to decline jurisdiction over a declaratory judgment action if certain factors are present; and (2) the *Colorado River* doctrine, which in rare cases permits a federal district court to decline jurisdiction over other types of claims. For the reasons set forth below, the factors relevant to these doctrines weigh against abstention in this case, and the Court should therefore deny Defendants' motion to stay.

### A. Defendants have not satisfied the criteria for *Wilton/Brillhart* abstention.

Under the Declaratory Judgment Act, a federal court may decline to exercise jurisdiction over a declaratory judgment action. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). However, "'a district court cannot decline to entertain such an action as a matter of whim or personal disinclination.'" *Id.* (quoting *Public Affairs Assoc. v. Rickover*, 369 U.S. 111, 112 (1962)). Rather, the court must consider the prudential guidance found in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) and its progeny, including *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). *Dizol*, 133 F.3d at 1223. *Brillhart* and *Wilton* do not create a general presumption in favor of abstention in declaratory judgment actions. *Id.* at 1225.

In *Brillhart*, the Supreme Court listed three factors courts should consider when examining the propriety of entertaining a declaratory judgment action: (1) avoiding "needless determination of state law issues"; (2) discouraging "forum shopping"; and (3) avoiding "duplicative litigation." *R.R. St. & Co. Inc. v. Transp. Ins. Co.,* 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Dizol*, 133 F.3d

RESPONSE IN OPPOSITION TO
MOTION TO STAY - 4
CASE NO. 24-cv-05729-TL

134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

at 1225)). "Although courts may also consider a number of other factors, the three *Brillhart* factors remain the philosophic touchstone for the *Wilton/Brillhart* analysis." *Id.*[4]

### 1. The Dec Actions do not involve complex or unsettled questions of state law.

"In assessing whether the exercise of jurisdiction over a declaratory judgment action involves a needless determination of state law, courts focus on 'unsettled issues of state law, not fact-finding in the specific case.'" *Allstate Property & Cas. Ins. Co. v. Plautz*, No. 22-CV-00068-BAT, 2022 WL 1591556, at *5 (W.D. Wash. May 19, 2022) (quoting *Allstate Ins. Co. v. Davis*, 430 F.Supp.2d 1112, 1120 (D. Haw. 2006); *see also Hartford Underwriters Ins. Co. v. Masters*, No. 10-CV-00629-JMS, 2011 WL 2173779, at *9 (D. Haw. June 2, 2011) ("the court assesses not merely whether the action raises a state law issue (which is the case for almost all diversity actions), but rather whether it presents an unsettled issue of state law"). The concern contemplated by this factor is that a federal court may face difficulty in applying "scattered opinions" of state courts on a challenging or unsettled topic, where state courts would face no similar difficulty. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991) (citing *Brillhart*, 316 U.S. at 497).

Not so here. This factor weighs against abstention here because the Dec Actions do not raise complex or unsettled questions of Washington law. The legal questions implicated by the Dec Actions are simple: are the loan agreements enforceable contracts, or are they invalid, void, and subject to rescission? Although answering these questions will require the application of Washington contract law, and potentially of certain state statutes (such as the Washington State Securities Act, RCW 21.20), it is unlikely that this Court will need to resolve any challenging or unsettled questions of Washington law.

---

[4] Secondary factors include: "[1] Whether the declaratory action will settle all aspects of the controversy; [2] whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory action is being sought merely for the purpose of procedural fencing or to obtain a 'res judicata' advantage; or [4] whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider [5] the convenience of the parties; and [6] the availability and relative convenience of other remedies." *Dizol*, 133 F.3d at 1225 n. 5.

RESPONSE IN OPPOSITION TO
MOTION TO STAY - 5
CASE NO. 24-cv-05729-TL

134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## 2. Defendants—not First Fed—have engaged in forum shopping.

The second consideration identified in *Brillhart* is whether the plaintiff is engaged in forum shopping. In particular, the Ninth Circuit has said that "federal courts should generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225. A "reactive" declaratory judgment action is one that is filed to obtain a tactical advantage "'during the pendency of a non-removable state court action presenting the same issues of state law.'" *R.R. St.*, 656 F.3d at 976 (quoting *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–72 (9th Cir. 1991), *overruled in part on other grounds by Dizol*, 133 F.3d at 1220)).

First Fed has not engaged in forum shopping, and the Dec Actions are not "reactive" actions of the kind in which the Ninth Circuit favors abstention. Indeed, it is *Defendants,* not First Fed, that have engaged in forum shopping. As explained above, Defendants initially sued First Fed in Washington state court in the Pacific Action, then dismissed their claims after First Fed removed the Pacific Action to this Court. They presumably did so to avoid litigating their Pacific Action claims in federal court. Since the Dec Actions address the validity of the loan agreements that were at issue in the Pacific Action, First Fed has simply returned the litigation of this issue to the forum in which it would have proceeded if Defendants had not dismissed the Pacific Action.

The Dec Actions are not "reactive" because they were filed at a time when there were no cases pending between First Fed and Defendants regarding the validity of the loan agreements. In fact, it is *Defendants* who initiated a reactive lawsuit—the BLC Action in King County Superior Court, filed September 6, 2024—*after* First Fed filed the Dec Actions in this Court on September 6. Granting the stay requested by Defendants in this case would reward their tactical maneuvering and their efforts at forum shopping to avoid federal court. This would conflict with the principles justifying *Wilton/Brillhart* abstention.

## 3. Defendants' parallel state court action was filed after the Dec Actions.

"If there are parallel state proceedings involving the same issues and parties pending *at the time the federal declaratory action is filed*, there is a presumption that the entire suit should be

RESPONSE IN OPPOSITION TO
MOTION TO STAY - 6
CASE NO. 24-cv-05729-TL

134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

heard in state court." *Chamberlain*, 931 F.2d at 1366–67 (emph. added). Pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. *Id.* at 1367.

The BLC Action in King County Superior Court is a parallel case in certain respects, but that action was filed by Defendants *after* they were sued here in the pending Dec Actions. As noted above, no parallel state court action was pending when First Fed initiated the Dec Actions. Under these circumstances, the imposition of a stay under *Brillhart* and *Wilton* would create an incentive for improper gamesmanship. The Court should deny Defendants' stay request, and allow First Fed to prosecute its claims in this Court, where they were properly filed.

**B.     Defendants have not satisfied the criteria for *Colorado River* abstention.**

In any action involving a claim for damages, including a declaratory judgment action that seeks more than declaratory relief, any request for federal abstention must be analyzed using the framework set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 840 (9th Cir. 2017). This standard is relevant because First Fed intends to file claims for damages in one or more of the Dec Actions. Abstention under *Colorado River* involves a different analysis than abstention under *Wilton* and *Brillhart*; "courts do not possess the same discretion over actions for damages that they possess over declaratory judgment actions." *R.R. St.,* 656 F.3d at 977 (quoting *Wilton*, 515 U.S. at 286).

Under *Colorado River*, "abstention from the exercise of federal jurisdiction is the exception, not the rule." 424 U.S. at 813. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," including in cases involving parallel state litigation. *Id.* at 817. "Abdication of the obligation to decide cases can be justified . . . only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 813. The Ninth Circuit has repeatedly emphasized that abstention under *Colorado River* is only appropriate under "'exceedingly rare' circumstances." *Seneca,* 862 F.3d at 841 (quoting *Smith v. Central Ariz. Water Conservation Dist.,* 418 F.3d 1028, 1033 (9th Cir. 2005)).

RESPONSE IN OPPOSITION TO
MOTION TO STAY - 7
CASE NO. 24-cv-05729-TL

134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

"To decide whether a particular case presents the exceptional circumstances that warrant a *Colorado River* stay or dismissal, the district court must carefully consider 'both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.'" *R.R. St.*, 656 F.3d at 978 (quoting *Colorado River*, 424 U.S. at 818). The Ninth Circuit has identified eight factors to guide this analysis: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *Id.* at 978–79 (citing *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002)). "Any doubt as to whether a factor exists should be resolved against a stay or dismissal." *Id.* at 979 (citing *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990)).

The first two factors have no bearing on this case because there is no real property at issue, and because both this Court and the state court are convenient for the parties. *Id.*; *see also* Motion at 13. First Fed also acknowledges that the validity of the loan agreements at issue here turns on questions of state law, but notes that "the presence of state-law issues may weigh in favor of [the surrender of jurisdiction] only in some rare circumstances." *Id.* at 980. Such circumstances are not present here because the state-law issues involved are "routine." *Id.* With this background, First Fed turns to the other factors identified by the Ninth Circuit.

**1. *Defendants have engaged in forum-shopping.***

To avoid forum shopping, courts may consider "'the vexatious or reactive nature of either the federal or the state litigation.'" *Id.* at 681 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n. 20 (1983)). As explained above, it is *Defendants*, not First Fed, that have engaged in forum shopping here. Defendants previously filed an action in which the parties could have resolved the issues raised in the Dec Actions (the Pacific Action), but dismissed their claims against First Fed to stay out of federal court. *After* First Fed filed the Dec Actions,
RESPONSE IN OPPOSITION TO
MOTION TO STAY - 8
CASE NO. 24-cv-05729-TL

134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Defendants filed a reactive action in state court—namely, the BLC Action. Their request for a stay in this case is part of an aggressive forum-shopping campaign, which weighs against the imposition of such a stay under *Colorado River*.

**2.     *This Court first obtained jurisdiction.***

The Dec Actions were filed in this Court on September 3, 2024. Defendants reacted to the filing of the Dec Actions by filing the BLC Action in King County Superior Court on September 6. Little progress has been made in either set of cases, since they were all filed earlier this month, but this Court obtained jurisdiction over the Dec Actions before the BLC Action was filed.

**3.     *Other factors.***

None of the other factors relevant to the *Colorado River* analysis weighs in favor of the stay requested by Defendants. Although there is overlap between issues raised in the Dec Actions and BLC Actions, "a general preference for avoiding piecemeal litigation is insufficient to warrant abstention." *Seneca*, 862 F.3d at 842. "Any case in which *Colorado River* is implicated will inevitably involve the possibility of 'conflicting results, piecemeal litigation, and some duplication of judicial efforts,' which are the "unavoidable price of preserving access to . . . federal relief.'" *Id.* (quoting *Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1195 (9th Cir. 1991)). There must be "exceptional circumstances present that demonstrate that piecemeal litigation would be particularly problematic," *id.* at 842-43 (citing *Madonna*, 914 F.2d at 1369), and Defendants have identified no such circumstances here. *See* Motion at 14-15.

Similarly, although the parties' rights could theoretically be adjudicated in state court, and the state-court litigation could resolve the issues presented here, there is nothing exceptional about this case that would warrant abstention. Because of the very strong presumption against abstention under *Colorado River,* these factors are assigned more weight when they weigh in favor of federal jurisdiction, and not against. *Madonna,* 914 F.2d at 1371 (citing *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986)).

RESPONSE IN OPPOSITION TO
MOTION TO STAY - 9
CASE NO. 24-cv-05729-TL

134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## CONCLUSION

First Fed does not oppose Defendants' request to consolidate the six Dec Actions—this Court was poised to resolve the parties' dispute in the single removed action before Defendants dismissed the removed action. The Court has a virtually unflagging obligation to exercise its jurisdiction. Defendants' elaborate forum shopping efforts do not warrant the Court's abstention under either of the doctrines Defendants invoke. For all the reasons set forth above, however, the Court should deny Defendants' motion to stay or dismiss First Fed's claims in those actions, and allow those claims to proceed in this Court.

DATED: September 25, 2024

LANE POWELL PC

By: *s/ Andrew G. Yates*
Gregory R. Fox, WSBA No. 30559
Andrew G. Yates, WSBA No. 34239
Devon J. McCurdy, WSBA No. 52663
Dailey Koga, WSBA No. 58683
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
foxg@lanepowell.com
yatesa@lanepowell.com
mccurdyd@lanepowell.com
kogad@lanepowell.com

*Attorneys for Plaintiff First Fed Bank*

I certify that this memorandum contains 3,353 words, in compliance with the Local Civil Rules.

RESPONSE IN OPPOSITION TO
MOTION TO STAY - 10
CASE NO. 24-cv-05729-TL
134777.0006/9891255.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107