UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST FED BANK, a Washington state commercial bank,<br><br>Plaintiff,<br><br>vs.<br><br>BLC WATER COMPANY LLC, a Nevada Limited Liability Company, Brian S. Chu, an individual, and Larina H. Chu, an individual,<br><br>Defendants. | No. 3:24-CV-05729-TL<br><br>**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND STAY SIX DECLARATORY JUDGMENT ACTIONS FILED BY FIRST FED**<br><br>NOTING DATE: OCTOBER 1, 2024<br><br>3:24-cv-05729-JHC<br>3:24-cv-05730-JNW<br>3:24-cv-05731-DGE<br>3:24-cv-05732-BHS<br>3:24-cv-05736-BHS<br>2:24-cv-01389-KKE |

## I.    REPLY IN SUPPORT OF STAY OR DISMISSAL

Defendants in the above-captioned matter respectfully submit this reply in support of their September 10, 2024, Motion to Consolidate and Stay Six Declaratory Judgment Actions Filed By First Fed.

**A.    Factual Background Recapping First Fed Bank's Litigation Tactics.**

First Fed Bank ("First Fed") has run up the cost of litigation for several individual mom-and-pop borrowers (hereinafter the "First Fed Borrowers") since originally being named as a defendant in a state court action by the First Fed Borrowers in June. Shortly after First Fed was

REPLY IN SUPPORT OF MOTION TO CONSOLIDATE
AND STAY ACTIONS – 1
(3:24-cv-05729-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

named as a defendant in that state court action, the bank improperly removed the entire action under the Class Action Fairness Act (CAFA). Although there were many parties named on both sides of that action, the case was not a class action—the state action was about investors whose families became victims of an apparent $100+ million franchise fraud Ponzi scheme and could simply not afford to advance a case of such magnitude alone.

No individual borrower or family, alone, should be forced to litigate the complex issues involved in unraveling a Ponzi scheme against banks and the other deep-pocketed litigants. For that reason, the First Fed Borrowers came together for group representation in an effort to disperse and thereby lower litigation expenses—not to advance a class action. This effort was derailed by First Fed's improper removal of the action. In addition to the fact that removal under CAFA was improper, First Fed's removal was also improper because it violated the automatic stay imposed in the Ideal Property receivership and was therefore void.[1]

Rather than litigating these issues with First Fed, the First Fed Borrowers voluntarily dismissed the federal court action (without prejudice) as to First Fed in order to focus on out of court settlement negotiations. While this rationale may not make sense to a $2 billion bank, it makes perfect sense when looked at through the lens of an individual borrower. As already mentioned, the First Fed Borrowers are mom-and-pop type investors who were fraudulently induced to invest in a Ponzi scheme.

Indeed, First Fed loaned $28+ million directly to the Ponzi scheme and hedged its bet through a loan program for that Ponzi scheme which induced individual investors to take out loans for the same scheme—facts that were never disclosed to the First Fed Borrowers in the lending process. When the Ponzi scheme collapsed, as was inevitable, First Fed mitigated its

---

[1] *See* King County Superior Court Case No. 24-2-08418-5 SEA Order Appointing General Receiver, Filed May 3, 2024.

REPLY IN SUPPORT OF MOTION TO CONSOLIDATE
AND STAY ACTIONS – 2
(3:24-cv-05729-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

losses by aggressively pursuing enforcement of the subject loans and threatening foreclosure on the First Fed Borrowers' personal assets. As such, the First Fed Borrowers entered litigation with relatively shallow pockets to begin with.

Instead of spending lots of money to litigate the procedural issues raised by First Fed's improper removal, the First Fed Borrowers believed it was a more cost-effective strategy to dismiss the action and focus solely on out of court settlement negotiations. Of course, this came with the understanding that—as the state action was dismissed *without* prejudice—the First Fed Borrowers could re-file their state action, barring settlement. Therefore, although not actively pending, there was always a risk of adverse judgment at the end of the road if First Fed refused to engage in meaningful settlement negotiations—First Fed surely knew this.

**B.  This Court Should Stay Or Dismiss The Several Declaratory Actions.**

First Fed apparently took the First Fed Borrowers' previous voluntary dismissal as an opportunity to go on the offensive and further hijack the litigation surrounding the Ponzi scheme which the bank funded. Rather than engage in meaningful settlement discussions, First Fed prepared several declaratory judgment actions in what is clearly a forum shopping maneuver.

Notably, First Fed's response does not address preemptive declaratory judgment filings and instead only discusses reactive filings. First Fed argues that *Brillhart* and *Wilton* do not create a general presumption in favor of abstention in declaratory judgment actions and that a district court cannot decline to entertain such an action as a matter of whim or personal disinclination. (Dkt. 16 at 4). First Fed's response misses the point of the First Fed Borrowers' motion.

Rather than rely on a presumption or personal disinclination, *Brillhart, Wilton,* and *Colorado River* lay out several factors that provide this Court ample discretion to abstain from exercising jurisdiction over declaratory actions that are filed as preemptive strikes. As relevant,

REPLY IN SUPPORT OF MOTION TO CONSOLIDATE
AND STAY ACTIONS – 3
(3:24-cv-05729-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

those factors include, *inter alia*, 1) whether there is a pending state action in which all of the matters in a controversy may be fully litigated; 2) whether the plaintiff filed suit in anticipation of the lawsuit filed by the defendant; 3) whether the plaintiff engaged in forum shopping; 4) whether inequities exist; 5) whether the federal court is a convenient forum; and 6) whether retaining the lawsuit would serve purposes of judicial economy. *Brillhart v. Excess Insurance Co. of* America, 316 U.S. 491, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *see also Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (explaining that countervailing interests in state actions may constitute exceptional circumstances for a federal court to abstain from declaratory relief); *Ivy-Mar Co., Inc. v. Weber-Stephen Products, Co.*, 1993 WL 535166 (S.D.N.Y. Dec. 22, 1993) (parties advancing affirmative claims for damages, rather than for declaratory judgment, are "true plaintiffs").

This Court should grant the stay or dismissal because, *inter alia*, 1) there is a pending state action in which all of the matters in controversy may be fully litigated; 2) the six lawsuits pending in this Court were all filed in anticipation of the borrowers re-filing their affirmative claims in state court; 3) First Fed engaged in forum shopping; 4) inequity would result from the limited relief available to the First Fed Borrowers in this forum; and 5) this action does not turn on any federal issues and King County Superior Court is a competent forum of general jurisdiction that can adequately protect the rights of the litigants; and 6) judicial economy is better served by this Court deferring to the state action where the same issues are being heard and are subsumed in a more complex case where more progress has been made.

First Fed does not argue that the declaratory judgment actions were not filed preemptively (because they were), but only that the filings were not "reactive." (Dkt. 16 at 6). This Court should decline such a rigid interpretation of the case law. Although the declaratory

REPLY IN SUPPORT OF MOTION TO CONSOLIDATE
AND STAY ACTIONS – 4
(3:24-cv-05729-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

actions were filed first, they were filed after a voluntary dismissal of the first lawsuit against First Fed. First Fed was on notice that the affirmative claims against it would be renewed barring settlement. The six pending declaratory action were filed in anticipation of the new claims in an effort to procure a preferred forum for those claims. Whether considered preemptive or reactive, these maneuvers favor a dismissal or stay of the federal actions.

## II. CONCLUSION

The several filings of declaratory actions are just the latest of multiple improper forum shopping maneuvers engaged in by First Fed since being named a party to the state action in June. This Court has ample discretion to dismiss or stay declaratory actions when they are preemptively or reactively filed. First Fed does not oppose consolidation of the six declaratory actions filed in this Court. For the foregoing reasons, the First Fed Borrowers respectfully submit that this Court should consolidate and dismiss (or stay) the six declaratory judgment actions filed by First Fed in favor of the parallel state court proceedings.

DATED this 1st day of October, 2024.

CORR CRONIN LLP

*s/Jack Lovejoy*
Jack Lovejoy, WSBA No. 36962
Kristen Barnhart, WSBA No. 51135
Jakob C. Goldfarb, WSBA No. 62165
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Telephone: 206-625-8600
jlovejoy@corrcronin.com
kbarnhart@corrcronin.com
jgoldfarb@corrcronin.com

*Attorneys for Defendants*

REPLY IN SUPPORT OF MOTION TO CONSOLIDATE
AND STAY ACTIONS – 5
(3:24-cv-05729-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*I certify that this memorandum contains 1,284 words, incompliance with the local Civil Rules.*

REPLY IN SUPPORT OF MOTION TO CONSOLIDATE
AND STAY ACTIONS – 6
(3:24-cv-05729-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All parties (if any) shall be served in accordance of the Federal Civil Rules of Procedure.

DATED October 1, 2024, at Bremerton, Washington.

*s/Cambria Love*
Cambria Love, Legal Assistant
clove@corrcronin.com

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE – 7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900