1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FIRST FED BANK, a Washington state
commercial bank,

        Plaintiff,

        v.

BLC WATER COMPANY LLC, a Nevada
Limited Liability Company, Brian S. Chu, an
individual, and Larina H. Chu, an individual,

        Defendants,

_____

BLC WATER COMPANY LLC, a Nevada
Limited Liability Company, Brian S. Chu, an
individual, and Larina H. Chu, an individual,

        Counterclaim Plaintiffs,

        v.

FIRST FED BANK,

        Counterclaim Defendant,

BLC WATER COMPANY LLC, a Nevada
Limited Liability Company, Brian S. Chu, an
individual, Larina H. Chu, an individual, Brian
Chu DDS, Inc., a California Corporation,
Larina Chu DDS, Inc., a California
Corporation, and Brian and Larina Chu DDS,

No. 3:24-cv-05729-TL

**BLC WATER COMPANY LLC, BRIAN S. CHU, AND LARINA H. CHU'S ANSWER, COUNTERCLAIMS, AND THIRD PARTY CLAIMS FOR DAMAGES AND EQUITABLE RELIEF**

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Inc., a California Corporation,

Third-Party Plaintiffs,

v.

FIRST NORTHWEST BANCORP,
NORMAN TONINA, CRAIG CURTIS,
JENNIFER ZACCARDO, CINDY FINNIE,
DANA BEHAR, MATTHEW DEINES,
SHERILYN ANDERSON, GABRIEL
GALANDA, LYNN TERWOERDS, JOHN
DOES 1-10,

Third-Party Defendants.

BLC WATER COMPANY LLC, Brian S. Chu, and Larina H. Chu (collectively "Chu") answer, assert affirmative defenses, counterclaims, and third-party claims to Plaintiff's Complaint for Declaratory Relief ("Plaintiff's Complaint") as follows:

## I. ANSWER TO PRELIMINARY STATEMENT

1. Defendants Chu admit that they are claiming that a loan agreement and related agreements procured from them by Plaintiff ("First Fed") is invalid and unenforceable and that First Fed claims the loan agreement is enforceable. In all other respects, this paragraph is denied.

2. The documents referenced in this paragraph will speak for themselves. Chu denies the validity and enforceability of the documents referred to. In all other respects, this paragraph is denied.

3. Chu admits that they denied the validity and enforceability of the "Loan Documents" referred to in this paragraph, including by filing a lawsuit in Snohomish County Superior Court. Chu admits that First Fed removed that lawsuit to federal court and that Chu and others dismissed their claims against First Fed without prejudice under Rule 41(a)(1)(A)(i) on August 6, 2024. In all other respects, this paragraph is denied.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

4. Chu denies First Fed's allegations about its motivations in bringing this lawsuit and its legal conclusions. To the extent any additional answer is required: denied.

## II.     ANSWER TO PARTIES

5. Admitted.

6. Admitted.

7. Admitted that Brian Chu is a resident of California and a citizen of the United States.

8. Admitted that Larina Chu is a resident of California and a citizen of the United States.

## III.     ANSWER TO JURISDICTION AND VENUE

9. Admitted that Chu are residents of states other than Washington and that amount in controversy exceeds $75,000. In all other respects, this paragraph is denied.

10. Admitted that there is an actual controversy between the parties that is ripe and judiciable. In all other respects, this paragraph is denied.

11. Admitted that this Court sits in the judicial district and division in which a substantial part of the events giving rise to the action occurred. In all other respects, this paragraph is denied.

## IV.     ANSWER TO FACTS

12. The documents referenced in this paragraph will speak for themselves. Chu denies the validity and enforceability of the documents referred to. In all other respects, this paragraph is denied.

13. The documents referenced in this paragraph will speak for themselves. Chu denies the validity and enforceability of the documents referred to. In all other respects, this paragraph is denied.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

14.     Denied.

15.     Denied.

16.     The document referenced in this paragraph will speak for itself. In all other respects, this paragraph is denied.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Denied.

23.     Admitted.

24.     Chu admits there is a controversy between the parties. In all other respects, this paragraph is denied.

## V.     ANSWER TO FIRST CAUSE OF ACTION – DECLARATORY RELIEF

25.     All previous responses are incorporated by reference.

26.     To the extent an admission or denial is required: this paragraph, including its legal conclusions, are denied.

27.     This paragraph is a statement of First Fed's goals in this lawsuit and thus no admission or denial is required. To the extent an admission or denial is required: this paragraph, including its subparts are denied.

### ANSWER TO REQUEST FOR RELIEF

Chu denies that the Court should award any of the relief requested by First Fed.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# VI. AFFIRMATIVE DEFENSES

Chu reserves the right to assert all affirmative and other defenses. Without waiver of any other defenses, Chu asserts the following affirmative defenses:

28.     The Loan Documents referenced in the Complaint are invalid and unenforceable, including for reasons discussed in the Counterclaims below (fraud and mistake, etc.).

29.     Assumption of risk.

30.     Breach of contract.

31.     Circuity of action.

32.     Estoppel.

33.     Failure to mitigate.

34.     Failure to state a claim.

35.     Failure to join a party.

36.     Unclean hands.

37.     Unconscionability.

# VII. COUNTERCLAIMS AND THIRD PARTY CLAIMS

BLC WATER COMPANY LLC, Brian S. Chu, Larina H. Chu, Brian Chu DDS, Inc., Larina Chu DDS, Inc., and Brian and Larina Chu DDS, Inc. (collectively "Chu") bring the following counterclaims against First Fed Bank ("First Fed"), First Northwest Bancorp, Norman Tonina, Craig Curtis, Jennifer Zaccardo, Cindy Finnie, Dana Behar, Matthew Deines, Sherilyn Anderson, Gabriel Galanda, Lynn Terwoerds, and John Does 1-10 ("Counterclaim Defendants").

Chu notes that they are a plaintiff in a lawsuit filed and served on September 6, 2024 in King County in which they are bringing the same claims against the same parties along with

ANSWER, COUNTERCLAIMS, AND THIRD-PARTY
CLAIMS FOR DAMAGES AND EQUITABLE RELIEF
3:24-cv-05729-TL – 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

other plaintiffs. Chu is not seeking a double recovery. Chu believes their claims should be consolidated with the other lawsuits in King County involving First Fed for purposes of judicial economy, to mitigate the cost of litigation to any individual person, and for other reasons.

## **NATURE OF ACTION**

1.      This suit arises out of First Fed's violation of its state law duties to Chu (in these Counterclaims, "Plaintiffs") and substantial contribution to sales of unregistered securities.

2.      First Fed is a Washington State chartered bank with total assets of over $2 billion and a history of engaging in unsafe, unsound, and deceptive business practices.

3.      Beginning in late 2021, First Fed issued a number of business loans to retail investors who were led to believe that they were investing in both a legitimate franchise opportunity and profitable business that they could use to support themselves and their families. In reality, it was all a lie. Unbeknownst to Plaintiffs at the time, they were induced to borrow money from First Fed to invest under false pretenses and, by doing so, they became the victims of a heartbreaking fraud.

4.      This case is about First Fed's failures to observe its standard underwriting responsibilities and failures to disclose information that would have been material to Plaintiffs' decisions to transact with First Fed. It is also about First Fed's bad faith that continues to this day, and its ongoing demands that Plaintiffs repay the fraudulently induced loans at all costs. At its core, this case is about a bank that chose to elevate its own financial interests over the interests of its borrowers.

5.      Plaintiffs have been placed in a position that is simply unconscionable. In the first instance, Plaintiffs were duped into financing the investment with loans from First Fed,

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

who failed to disclose material information and its conflicts of interests. And now, due to First Fed's insistence that Plaintiffs bear the entire economic loss, Plaintiffs face either the loss of their homes or bankruptcy absent protective action by this Court.

6.    Accordingly, Plaintiffs now bring this action for orders voiding or rescinding their fraudulently induced loan agreements and for any other relief the Court deems just and equitable.

## PARTIES

7.    BLC Water Company, LLC, is a limited liability company registered in Nevada and a borrower-investor with First Fed. Brian Chu is married to Larina Chu. Brian Chu is the owner of BLC Water Company and the Chus, residents of California, Brian Chu DDS, Inc., Larina Chu DDS, Inc., and Brian and Larina Chu DDS, Inc., California corporations owned by Brian and Larina Chu, were also harmed by Defendants.

8.    First Fed Bank is a state chartered commercial bank organized in Washington that, upon information and belief, engages in business activities in Snohomish County. Upon information and belief, First Fed Bank is a wholly owned subsidiary of First Northwest Bancorp.

9.    First Northwest Bancorp is a holding company which, upon information and belief, owns and controls all shares of First Fed Bank and engages in business activities in Snohomish County.

10.    Upon information and belief, Norman Tonina, Craig Curtis, Jennifer Zaccardo, Cindy Finnie, Dana Behar, Matthew Deines, Sherilyn Anderson, Gabriel Galanda, and Lynn Terwoerds are Washington residents. At present, Tonina, Curtis, Zaccardo, Finnie, Behar, Deines, Anderson, Galanda, and Terwoerds are officers and Governors of First Northwest Bancorp.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

11.     The Defendants listed in Paragraph 10 are referred to collectively herein as the "Bank Governor Defendants."

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction and venue is appropriate as First Fed engages in business in King County, Washington, and the fraudulently induced agreements that are the subject of this action designate King County, Washington, as a permissible venue for disputes. By bringing this action, however, Plaintiffs are not acquiescing to the subject agreements and do not waive any rights, remedies, or claims applicable to these facts, all of which are expressly reserved.

## FACTUAL ALLEGATIONS

**A. First Fed is a Washington State bank that has a history of engaging in unsafe and deceptive banking practices.**

13.     First Fed is a state chartered bank and wholly owned subsidiary of First Northwest Bancorp. According to recent regulatory filings, First Fed and its parent claim over $2 billion in assets, primarily consisting of receivables from loans to the public.

14.     First Fed has a history of engaging in unsafe and deceptive banking practices.

**B. Plaintiffs were induced to invest with small business loans under false pretenses and without knowing the extent of First Fed's financial interest in Wear's scheme.**

15.     In late 2021, Plaintiffs were induced to invest in a Washington based company founded by Ryan Wear known as "WaterStation Technology."

16.     Plaintiffs learned about the investment opportunity from a variety of sources. They were told that they would be purchasing a franchise to operate Wear's proprietary machines ("WST 700s") at revenue-generating locations around the country. They were told that they would receive annual returns ranging from 12% to 20%. They were assured that they

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

would play an active role in the operation of their franchise and that they were investing in a turnkey business with low overhead and positive cash flow that would generate steady revenues.

17. Plaintiffs were encouraged to finance the investment with small business loans from First Fed. Plaintiffs were assured that the value of the machines and monthly revenue payments would more than offset their liabilities.

18. However, at the time they invested, Plaintiffs did not know the full extent of First Fed's financial interest in Wear's operations.

19. In 2020, First Fed agreed to issue three loans to Wear's alter ego entities for a total of $28 million.

20. As part of the underwriting process for these loans, First Fed obtained substantial financial information from these entities as well as Ryan Wear and his business partner (and father) Richard Wear.

21. In parallel to issuing direct loans to Wear, First Fed also entered into a referral agreement with Wear and his companies.

22. Under the referral agreement, First Fed agreed to issue high risk loans to Wear's investors and it developed a custom loan program through which to do so.

23. Under this custom loan program, First Fed employed a streamlined approval process that gave Wear the appearance of legitimacy.

24. According to insider testimony, First Fed's custom loan program contributed substantially to numerous securities sales. *See* Appendix A.

25. In addition, First Fed's direct loans to Wear required him to submit audited financials of his business by a certain deadline and, of course, make certain regular payments.

26. According to insider testimony, Wear and his companies defaulted on First Fed's direct loans in or about 2022.

ANSWER, COUNTERCLAIMS, AND THIRD-PARTY
CLAIMS FOR DAMAGES AND EQUITABLE RELIEF
3:24-cv-05729-TL – 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

27.     After declaring Wear and his entities in default, First Fed acted aggressively to protect its own financial interests at Plaintiffs' expense.

28.     Among other things, in exchange for forbearance, First Fed obtained deeds of trust on 33 real properties owned and controlled by Wear and his family, which at today's prices are worth over $100 million.

29.     Prior to their investments, First Fed did not disclose its role as one of Wear's main lending and depository institutions or the information it alone had access to as a result.

30.     First Fed did not disclose that it had previously loaned Wear $28 million, or the conflict of interest this posed.

31.     First Fed did not disclose that with every loan to Plaintiffs, it was enabling Wear to repay his and his entity's direct loans to First Fed, or the conflict of interest this posed.

32.     First Fed did not disclose that its loan officers were in near daily text communication with Wear's representatives about approving and processing investor loans. *See* Appendix B.

33.     First Fed also did not disclose that, in the event of insolvency, it would have competing claims with its own borrowers by virtue of its direct loans to Wear, or the conflict of interest this posed.

34.     Upon information and belief, First Fed did not disclose other material information about Wear's operations and finances that would have been material to Plaintiffs' decision to invest.

35.     First Fed's failure to disclose prolonged the period before which Plaintiffs' learned of their claims in this action.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**C. First Fed engaged in reckless underwriting and other improper loan practices.**

36.     In addition to failing to disclose information that would have been material to Plaintiffs' decision to take out loans, First Fed owed and breached state law duties of care with respect its handling of the loan process before and after closing.

37.     First Fed held itself out to its customers as "more than a bank" that provided "services and expertise" designed to help "small and mid-size businesses grow and personal customers to achieve their financial goals and dreams."

38.     First Fed told its customers its mission was to "design and deliver delightful, accessible and effortless financial solutions by empowering our team members to improve the lives of those we serve."

39.     First Fed told its customers that "[c]ommercial loans have unique considerations" and that it would use its knowledge to offer "custom solutions" for their small business needs.

40.     First Fed also claimed that it was "accountable" and that it took "responsibility for [its] actions and decisions."

41.     Plaintiffs reasonably and justifiably relied on First Fed and its team of professionals to guide and support them through the process and to disclose any material information bearing on the transaction.

42.     As noted, First Fed's loans to Plaintiffs were issued as part of a custom loan program that it developed specifically for Wear's investors.

43.     On information and belief, First Fed agreed to refer investors to brokers and insurance companies.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

44. First Fed had superior access to information as well as specialized knowledge and expertise that Plaintiffs relied on in making the decision to invest and sign the subject agreements.

45. In addition, Plaintiffs' decision to invest, and do so with a loan, was premised on the expectation that the loan proceeds would be used to purchase Wear's machines—machines they would then own and that would secure the investment. This was fundamental to the validity and viability of the transaction.

46. An integral part of Wear's deception was furnishing fraudulent machine lists to First Fed, which ostensibly contained serial numbers and address locations at which investor machines were located.

47. Indeed, a critical part of underwriting any loan from the standpoint of a bank is implementing sufficient controls and safeguards to confirm collateral and root out fraud.

48. Because First Fed issued multiple loans to Plaintiffs, it had access to more than one machine list. Each investor was only provided with their own machine list.

49. Only First Fed and Wear had access to more than one machine list.

50. Had First Fed performed a simple comparison of the machine lists provided by Wear, it would have detected that the machine lists were riddled with duplicate entries.

51. Upon comparison the machine lists show significant duplication of both serial numbers and addresses, indicating Wear was, at minimum, selling the same machines to different investors.

52. At minimum, this revelation should have triggered a fraud alert and prompted follow up actions to prevent a fraud on the bank and its borrowers. But this did not occur.

53. Had First Fed performed a minimum level of due diligence, it would have also discovered that Wear's fraud ran deeper.

ANSWER, COUNTERCLAIMS, AND THIRD-PARTY
CLAIMS FOR DAMAGES AND EQUITABLE RELIEF
3:24-cv-05729-TL – 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

54.     An examination conducted by Plaintiffs has revealed that no more than 10% of the purported machine "locations" actually have machines at that location. In other words, roughly 90% of the machines allegedly sold to investors do not exist at all.

55.     First Fed's access to machine lists riddled with duplicate or overlapping entries put First Fed on notice of the fraud and gave rise to an affirmative duty to disclose to Plaintiffs.

56.     Among other things alleged herein, in connection with the loan transactions with Plaintiffs, First Fed negligently and recklessly engaged in the following acts and omissions:

     a.  First Fed failed to disclose that, by virtue of its direct loans to Wear, it had a conflict of interest with Plaintiffs;

     b.  First Fed failed to disclose that, by virtue of its direct lending relationship with Wear, First Fed and Plaintiffs would hold competing claims in the event of insolvency;

     c.  First Fed failed to disclose that the machine lists it had been provided were riddled with duplication and repeats;

     d.  First Fed knew or should have known that Wear was selling the same machines to multiple investors and/or that the machines did not exist;

     e.  First Fed failed to disclose that it was not doing site visits or requiring independent verification of the existence of the machines Wear claimed to be selling;

     f.  First Fed failed to disclose that UCC-1 searches revealed substantial duplication between machines ostensibly sold to investors or, alternatively, that it was not performing UCC-1 searches and charged for the service anyway;

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

g. First Fed failed to disclose that it was not doing site visits or requiring sufficient independent verification of the existence of the machines that Wear claimed it was selling;

h. To the extent that Wear's activities ever triggered fraud alerts or other compliance warnings at First Fed, these were never disclosed to Plaintiffs;

i. First Fed failed to disclose that Wear's companies defaulted on its First Fed Street loans, were insolvent, or were otherwise unable to fulfill their financial obligations;

j. First Fed failed to disclose that it was acting aggressively to secure its own financial position to the detriment of Plaintiffs;

k. First Fed took security interests in collateral it had reason to know had been acquired or intermingled with improperly diverted funds;

l. First Fed negligently and recklessly failed to follow prudent lending practices with respect to Plaintiffs' loans; and

m. First Fed engaged in unfair and deceptive conduct as to Plaintiffs both before and after closing of the loans.

**D. First Fed profited in more ways than one.**

57. In connection with the transactions involving Plaintiffs, First Fed profited from the scheme in several ways.

58. Upon information and belief, First Fed received hundreds of thousands, if not millions of dollars in down payments, monthly payments with interest and fees in connection with each loan.

59. Some Plaintiffs have been forced to continue making payments on their loans even after the fraud has been exposed out of fear that First Fed would take aggressive legal

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

action. As First Fed has already brought suit against multiple investors despite the fraud, Plaintiffs' fears were more than justified.

60.     Upon information and belief, First Fed also profited from Plaintiffs' loans by bundling and selling them on the secondary market.

61.     Plaintiffs' loans also injected millions of dollars in capital that Wear could use to repay First Fed for the $28 million it had previously loaned Wear.

62.     First Fed also benefited from the fact that, in the process of facilitating WST's scheme by providing financing, it harvested documents purporting to convey the bank security interests in Plaintiffs' personal assets, albeit under false pretenses.

**E.  First Fed substantially contributed to Wear's sales of unregistered securities to Plaintiffs.**

63.     While Plaintiffs' financed investments were disguised to look like the sale of franchise opportunities, the transactions actually constituted sales of unregistered securities. For investors such as Plaintiffs, these unregistered securities were comprised of several legal documents, which included Plaintiffs' loan agreements and related documents with First Fed.

64.     First Fed played an indispensable role in facilitating the sale of Wear's unregistered securities to Plaintiffs. It provided the liquid capital that was essential for the transaction to take place, and for the expectations of the parties to be met.

**F.  First Fed has engaged in aggressive and bad faith litigation tactics designed to intimidate and harass Plaintiffs.**

65.     All loan agreements, personal guaranties and other documents Plaintiffs have been induced to sign related to this matter are void and/or should be rescinded based on the facts stated above.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

66.     As noted, Plaintiffs have made payments on their fraudulent loans to this today – out of fear that First Fed will foreclose on them and take their personal assets unless they continue paying.

67.     First Fed has insisted that Plaintiffs continue making payments under the constant threat of legal action and the loss of their homes and other assets.

68.     First Fed has sued multiple investors for failing to make payments and have engaged in other aggressive litigation tactics designed to intimidate and harass.

69.     Upon information and belief, First Fed has disclosed confidential borrower information to the counsel of at least one other bank that issued loans to Wear's investors.

70.     To gain a tactical advantage over these same Plaintiffs, First Fed, through counsel, violated the automatic stay that was imposed in connection with receivership proceedings originally initiated by First Fed itself.

71.     First Fed has also unfairly and deceptively induced represented and unrepresented parties to sign purported absolute and unconditional releases of First Fed without informing them of the language or notifying their counsel. These agreements are void and unenforceable.

72.     Plaintiffs seek all legal and equitable remedies necessary to bring this nightmare to an end.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATIONS OF WASHINGTON CONSUMER PROTECTION ACT

73.     Plaintiffs reallege and incorporate all allegations of this Complaint.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

74.     As alleged herein, and under the facts of this case, First Fed has engaged in, and is engaging in unfair or deceptive acts or practices in connection with the business of lending and the sale of investment products in the state of Washington.

75.     First Fed's unfair or deceptive acts or practices have continued since before the point of sale, to this very day.

76.     First Fed's unfair or deceptive acts or practices occurred in trade or commerce and affect the public interest.

77.     First Fed's dealings with Plaintiffs since the Ponzi scheme has come to light have also been unfair and deceptive. First Fed has unfairly and deceptively induced represented and unrepresented parties to sign agreements with fine print releasing First Fed from all claims without notice to the other party's counsel.

78.     First Fed's collection and litigation activity has been unfair and deceptive.

79.     Plaintiffs have been injured in their business and property, as First Fed accepted investor funds – down payments, interest, and other fees – both before and after closing, and have failed to return these funds or otherwise deal with them in a fair and honest manner after the subject transactions were executed.

80.     First Fed's unfair or deceptive acts or practices are ongoing and are a proximate cause of Plaintiffs' injuries.

81.     Plaintiffs have been damaged in an amount to be proven at trial. Plaintiffs are entitled to all remedies available under Washington law, including treble damages, attorney's fees, equitable relief, constructive trust, and general and emotional distress damages.

82.     As noted, the Declaratory Relief Plaintiffs seek only declaratory and/or injunctive relief that their agreements are rescinded.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## SECOND CAUSE OF ACTION

### NEGLIGENCE

83.     Plaintiffs reallege and incorporate all allegations of this Complaint.

84.     As alleged herein, and under the facts of this case, First Fed owed duties to Plaintiffs under Washington state law that it negligently and recklessly breached.

85.     First Fed's duties under state law included, without limitation, duties to exercise reasonable care in all phases of the loan process including loan underwriting and to exercise reasonable care to disclose matters Plaintiffs were entitled to know and/or matters First Fed knew were necessary to make partial or ambiguous statements not misleading.

86.     As alleged herein, First Fed breached their state law duties to Plaintiffs proximately causing them harm.

87.     Plaintiffs have been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

88.     Plaintiffs reallege and incorporate all allegations of this Complaint.

89.     As alleged herein, and under the facts of this case, First Fed assumed fiduciary, quasi-fiduciary and/or other heightened extra-contractual common law duties under Washington state law to Plaintiffs.

90.     Special circumstances permeated First Fed's relationship with Plaintiffs. First Fed had superior access to information and superior knowledge and expertise that Plaintiffs relied upon in choosing to invest.

91.     Plaintiffs reasonably and justifiably relied on First Fed to guide them through the loan process and to disclose any material information bearing on the transaction.

92.     First Fed breached these state law duties causing Plaintiffs harm.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

93.     Plaintiffs have been damaged in an amount to be proven at trial. Plaintiffs are entitled to all remedies under Washington law on account of First Fed's breach of fiduciary or heightened duties.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF CHAPTER 21.20 RCW

94.     Plaintiffs reallege and incorporate all allegations of this Complaint.

95.     As alleged herein, and under the facts of this case, transactions Plaintiffs were induced to enter into with Wear and First Fed were unregistered securities transactions under Washington law.

96.     First Fed is liable as a seller of unregistered securities under RCW 21.20 in that that it was a substantial contributor to the sale of unregistered securities.

97.     First Fed played a necessary and material role in the consummation of the transactions with Wear. But for the funds supplied by First Fed, the transactions would never have occurred in the first place.

98.     Plaintiffs are entitled to all rights and remedies provided by Washington law and RCW 21.20, including, without limitation, rescission and recessionary damages such as down payments, monthly payments, interest and fees, together with prejudgment interest, costs, and reasonable attorneys' fees.

99.     To the extent required, Plaintiffs hereby tender back to First Fed all securities purchased.

100.    Furthermore, the Bank Governor Defendants are liable as officers, directors and control persons pursuant to RCW 21.20.430. They are jointly and severally liable for the damages caused by First Fed's violations of RCW 21.20 in an amount to be proven at trial.

ANSWER, COUNTERCLAIMS, AND THIRD-PARTY
CLAIMS FOR DAMAGES AND EQUITABLE RELIEF
3:24-cv-05729-TL – 19

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**FIFTH CAUSE OF ACTION**

**COMMON LAW MISREPRESENTATION / DUTIES OF DISCLOSURE**

101.    Plaintiffs reallege and incorporate all allegations of this Complaint.

102.    As alleged herein, and under the facts of this case, First Fed is also liable to Plaintiffs under the law of misrepresentation.

103.    First Fed owed Plaintiffs state law duties to disclose material information by virtue of (a) fiduciary, quasi-fiduciary, or heightened duties, (b) First Fed's knowledge of facts which were peculiarly within the knowledge of First Fed and not readily obtainable by Plaintiffs, (c) particular Plaintiffs lack of relevant business experience, (d) Plaintiffs' reliance on First Fed's specialized knowledge and experience, and/or (e) other state statutory or legal duty.

104.    First Fed's failure to disclose proximately caused Plaintiffs' damages in an amount to be proven respectively at trial. Plaintiffs are entitled to all legal and equitable remedies available under Washington law including without limitation damages in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**

**DECLARATORY AND INJUNCTIVE RELIEF**

105.    Plaintiffs reallege and incorporate all allegations of this Complaint.

106.    Plaintiffs seek declaratory relief from the Court finding that the loan agreements, personal guaranties and other security instrument that Plaintiffs were induced to sign are void and unenforceable against them.

107.    Plaintiffs seek injunctive relief against First Fed precluding First Fed from forcing the subject agreements against them.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court award the following relief:

1.    For orders conforming Plaintiffs' claims to the evidence developed in discovery and presented at trial under state law;

2.    For any and all legal or equitable remedies available under state law;

3.    For awards of damages and equitable relief available under state law against First Fed in an amount and of a nature to be determined at trial;

4.    For awards of all remedies available under RCW 21.20 and/or RCW 19.86;

5.    For prejudgment interest on any portion of the damages award that is for a liquidated amount;

6.    For injunctive and declaratory relief as requested herein or otherwise supported by the evidence under state law;

7.    For alter ego liability and piercing the corporate veil as applicable;

8.    For joint and several liability under applicable law;

9.    For an award of attorneys' fees and costs incurred in this action;

10.    Civil penalties under state law;

11.    Damages for emotional distress, mental anguish, and any other general damages;

12.    Punitive and treble damages;

13.    Any and all remedies available to Plaintiffs under applicable foreign state law;

14.    Leave to amend to add additional claims and Defendants based on further discovery; and

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

15.     For such other and further relief as the Court deems just, equitable, or warranted by law.

DATED this October 30, 2024.

K&L GATES LLP

*s/John T. Bender*
John T. Bender, WSBA No. 49658
925 Fourth Avenue, Suite 2900
Seattle, Washington  98104-1158
Telephone: 206-370-5871
Email: john.bender@klgates.com

*Counsel for Defendants, Counterclaim*
*Plaintiffs, and/or Third-Party Plaintiffs*
*BLC Water Company LLC, Brian Chu*
*DDS, Inc., and Larina Chu DDS, Inc.*

CORR CRONIN LLP

*s/Jack M. Lovejoy*
Kristen F. Barnhart, WSBA No. 51135
Jack M. Lovejoy, WSBA No. 36962
1015 Second Avenue, Floor 10
Seattle, WA  98104-1001
Telephone: 206-625-8600
Email: kbarnhart@corrcronin.com
Email: jlovejoy@corrcronin.com

*Counsel for Defendants, Counterclaim*
*Plaintiffs, and Third-Party Plaintiffs Brian*
*S. Chu and Larina H. Chu*

ANSWER, COUNTERCLAIMS, AND THIRD-PARTY
CLAIMS FOR DAMAGES AND EQUITABLE RELIEF
3:24-cv-05729-TL – 22

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## **CERTIFICATE OF SERVICE**

I, Suzanne M. Petersen, declare as follows:

I certify under penalty of perjury under the laws of the state of Washington that on October 30, 2024, a true and correct copy of the foregoing document was sent for service on the following persons as indicated below via ECF and electronic mail:

Gregory R. Fox, WSBA No. 30559
Andrew G. Yates, WSBA No. 34239
Devon McCurdy, WSBA No. 52663
Dailey Koga, WSBA No. 58683
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Ph. 206.223.7000
Fax: 206.223.7107
foxg@lanepowell.com
YatesA@LanePowell.com
mccurdyd@lanepowell.com
kogad@lanepowell.com

*Attorneys for Plaintiff*

DATED October 30, 2024 in Seattle, Washington.

*/s/ Suzanne M. Petersen*
Suzanne M. Petersen
Legal Assistant

ANSWER, COUNTERCLAIMS, AND THIRD-PARTY
CLAIMS FOR DAMAGES AND EQUITABLE RELIEF
3:24-cv-05729-TL – 23

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022