UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FIRST FED BANK,<br><br>        Plaintiff,<br><br>   v.<br><br>BLC WATER COMPANY LLC; BRIAN S. CHU; and LARINA H. CHU,<br><br>        Defendants. | 3:24-cv-05729-TL<br><br>**ORDER** |
| FIRST FED BANK,<br><br>        Plaintiff,<br><br>   v.<br><br>INDIANA WATER TECHNOLOGY LLC; DAVID A. SCHROEDER; and SARAH SCHROEDER,<br><br>        Defendants. | 3:24-cv-05730-TL |
| FIRST FED BANK,<br><br>        Plaintiff,<br><br>   v.<br><br>ROYAL RESERVOIRS, LLC; and DEREN FLESHER,<br><br>        Defendants. | 3:24-cv-05731-TL |
| FIRST FED BANK,<br><br>       Plaintiff,<br><br>   v.<br><br>COLEWSTECH, LLC; RCWSTECH 1157, LLC; and RONALD N. COLE,<br><br>       Defendants. | 3:24-cv-05732-TL |

ORDER - 1

| | |
|---|---|
| FIRST FED BANK,<br>    Plaintiff,<br> v.<br>CHAURISHI RETAIL ENTERPRISES, LLC; and BASANT KUMAR,<br>    Defendants. | 3:24-cv-05736-TL |
| FIRST FED BANK,<br>    Plaintiff,<br> v.<br>KDAWG CRYPTO LLC; and KAREN LAVIN,<br>    Defendants. | 2:24-cv-01389-TL[1] |

THIS MATTER comes before the Court on a motion (C24-5729, Dkt. No. 7) to consolidate these six cases and to stay further proceedings pursuant to the abstention doctrine set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and its progeny. Having reviewed Plaintiff's response (C24-5729, Dkt. No. 16), Defendants' reply (C24-5729, Dkt. No. 17), and the relevant record, the Court GRANTS Defendants' motion.

## I. CONSOLIDATION

Pursuant to Federal Rule of Civil Procedure 42(a), the Court may consolidate actions that involve a common question of law or fact. These six matters arise from the

---

[1] This case was improperly commenced in the Seattle Division of this District. The operative pleading indicates that Plaintiff First Fed Bank has its principal place of business in Port Angeles, Washington, that Defendants Kdawg Crypto LLC and Karen Lavin are domiciled in Connecticut, and that the loan in dispute was issued in Clallam County. *First Fed Bank v. Kdawg Crypto LLC*, No. C24-1389, Dkt. No. 1 ¶¶ 5–7, 10. Thus, Case No. C24-1389 should have been assigned to the Tacoma Division. *See* LCR 3(e)(1).

ORDER - 2

same nucleus of facts and involve similar loans made in close temporal proximity by plaintiff First Fed Bank (the "Bank"). The Bank does not oppose defendants' motion to consolidate these six cases. *See* C24-5729, Dkt. No. 16 at 2, 10. The Court concludes that consolidation is appropriate. All future pleadings and other papers shall be filed in Case No. C24-5729, captioned as "First Fed Bank v. BLC Water Company LLC, et al." in the Tacoma Division of the Western District of Washington. The other five related actions shall be consolidated into Case No. C24-5729.

## II. *BRILLHART* ABSTENTION

**A. Background**

In this litigation, the Bank seeks declaratory judgment concerning the validity and enforceability of certain loan agreements and personal guaranties related to funds that were "invested" in an alleged Ponzi scheme. The collapse of the supposed Ponzi scheme spawned suits in several jurisdictions, including twelve consolidated actions commenced in Snohomish County Superior Court and removed to this District, as well as numerous cases pending in King County Superior Court. Each side here accuses the opposition of forum shopping, but the record reflects that this dispute began in state court, continues in state court, and belongs in state court.

In April 2024, seven "investors" initiated proceedings in Snohomish County Superior Court against the alleged architects of the Ponzi scheme, namely Ryan R. Wear, his wife Rebecca A. Swain, Kevin Nooney, and his wife Elizabeth Nooney, as well as over thirty businesses, including Water Station Management LLC ("WSM"). *See* Dkt. No. 8-3. The investors' action subsequently expanded to assert claims against the Bank,

its parent company, and its officers and governors (the "First Fed Defendants"), was consolidated with eleven other cases that did not involve the Bank and was removed by the First Fed Defendants to this District as an alleged "mass action" pursuant to 28 U.S.C. § 1453(b). *See* C24-1164, Dkt. Nos. 1, 1-1, 1-5. Meanwhile, in King County Superior Court, the Bank successfully sought the appointment of receivers for two of the WSM-related entities, namely Ideal Property Investments, LLC and Creative Technologies, L.L.C. (*see* C24-5729, Dkt. Nos. 8-6 & 8-8), and it brought an action in King County Superior Court against Founders Mosaic Partners LLC, Tyler Sadek,[2] and Natalie Sadek (collectively, the "Sadek Parties"), who had borrowed from the Bank to "invest" in the WSM enterprise (*see* C24-5729, Dkt. No. 8-23).

Shortly after the First Fed Defendants removed the alleged "mass action" from Snohomish County Superior Court to this District, all claims in that matter against the First Fed Defendants were voluntarily dismissed without prejudice. *See* C24-1164, Dkt. No. 10. The claims against the First Fed Defendants were reasserted in King County Superior Court Case No. 24-2-20247-1 SEA ("King Case No. 20247-1"). *See* C24-5729, Dkt. No. 8 ¶ 2; Dkt. No. 8-1. The plaintiffs in King Case No. 20247-1 (collectively, "Borrowers") consist of the defendants in the now consolidated declaratory judgment

---

[2] Tyler Sadek commenced litigation in Hamilton County, Indiana against Wear (and his various businesses) to enforce a promissory note in the principal amount of $10,635,157.55, and was granted partial summary judgment on June 27, 2024. *See* C24-1172, Dkt. No. 8-2. As a result, a court-appointed commissioner effectuated transfers on August 1, 2024, to Sadek of all membership interests in *inter alia* Creative Technologies L.L.C., Ideal Property Investments, LLC, Refreshing USA LLC, and WSM. *Id.* Each of these entities is now in proceedings pursuant to Chapter 11 of the United States Bankruptcy Code, and the validity of these transfers will likely be litigated during those proceedings.

action pending before the Court (Case No. C24-5729) and the Sadek Parties, as well as Pacific Water Technology, LLC ("Pacific Water"), Kwansoo Lee, DDS PLLS, and Kwansoo Lee (collectively, the "Pacific Water Parties"). *See* C24-5729, Dkt. No. 8-1. In addition to being plaintiffs in King Case No. 20247-1, the Pacific Water Parties are defendants in another declaratory judgment action similar to the six now before this Court, which was filed by the Bank in King County Superior Court. *See* C24-5729, Dkt. No. 8-17.

**B. Discussion**

Pursuant to the Declaratory Judgment Act ("DJA"), the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. To be justiciable under the DJA, a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and must be "real and substantial," seeking "specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). Even when, as here, a suit satisfies the "case or controversy" and other jurisdictional prerequisites, the Court may exercise its discretion to decline to entertain an action under the DJA, so long as its discretion is appropriately guided by the non-exhaustive factors set forth in *Brillhart* and its progeny. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223–25 (9th Cir. 1998) (en banc).

ORDER - 5

*Brillhart* contemplates that the ordinarily applied principle of requiring federal courts to adjudicate claims within their jurisdiction should yield to "considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. The factors to be considered by the Court include: (i) avoiding needless determination of state law issues; (ii) discouraging litigants from filing declaratory judgment actions as a means of forum shopping; and (iii) avoiding duplicative litigation. *See Dizol*, 133 F.3d at 1225. The *Brillhart* factors are non-exhaustive, and the Court may also consider *inter alia* whether the declaratory action (a) will settle all aspects of the controversy, (b) will serve "a useful purpose in clarifying the legal relations at issue," (c) will result in "entanglement between the federal and state court systems," or (d) "is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage." *Id.* at 1225 n.5. If declining to entertain an action is appropriate under *Brillhart*, a district court may either stay or dismiss a DJA claim. *See Wilton*, 515 U.S. at 290 (affirming a stay of a declaratory judgment action); *Brillhart*, 316 U.S. at 498 (remanding for the district court to "exercise its discretion in passing upon the petitioner's motion to dismiss this suit").

All of the factors enumerated above weigh in favor of abstention. First, the Bank's claims for declaratory judgment involve solely state law issues, namely the validity and enforceability of loan documents. *See, e.g.*, C24-5729, Dkt. No. 1 ¶¶ 26–27. Similarly, the Bank's claims for breach of contract and monies due, which have been asserted in amended pleadings in three of the six cases, present only state law matters. *See* C24-5730, Dkt. No. 13); C24-5731, Dkt. No. 12; C24-5732, Dkt. No. 13. The Bank's apparent contention that these contractual claims preclude *Brillhart* abstention lacks

merit. These state law claims for pecuniary (as opposed to declaratory) relief were added after the pending motion for stay was noted and fully briefed, and after Borrowers commenced suit in King County Superior Court against the First Fed Defendants. The contractual claims asserted in Case Nos. C24-5730, C24-5731, and C24-5732 are therefore more appropriately raised as counterclaims in King Case No. 20247-1.

Second, notwithstanding the Bank's arguments to the contrary, the declaratory judgment actions were filed as a means of forum shopping. The Bank was actually the first of the parties to file in *state* court, suing the Sadek Parties in early June 2024, a little over two weeks before Pacific Water and others asserted claims against the First Fed Defendants, also in *state* court. After the First Fed Defendants improperly removed the latter lawsuit to this District (*see* C24-1164, Dkt. No. 61), the claims against the First Fed Defendants were voluntarily dismissed without prejudice, but before Borrowers could file (or refile) such claims in King County Superior Court, the Bank instituted the DJA cases now at issue. The Bank's conduct constitutes exactly the type of procedural fencing that the *Brillhart* doctrine was designed to discourage.

Finally, the Bank's assertion that abstention is unwarranted because this DJA matter does not raise complex or unsettled questions of Washington law ignores both the substance and the procedural posture of the defenses raised and counterclaims asserted in these now consolidated cases. In particular, the counterclaims raise potentially thorny issues of Washington law relating to unregistered securities, and they overlap with the claims brought by Borrowers in the King County Superior Court action. *Compare*, *e.g.*, C24-5729, Dkt. No. 18, *with* C24-5729, Dkt. No. 8-1 (complaint in King Case

ORDER - 7

No. 20247-1). Moreover, because the Bank could not commence a declaratory judgment action against the Pacific Water Parties in federal court, an almost identical case involving the Bank and the Pacific Water Parties is now pending in state court. Proceeding forward with this duplicative DJA matter will require the Court to address perhaps difficult questions of state law that are unlikely to entirely resolve the parties' dispute or define their relationships with any finality, while also risking entanglement between the federal and state court systems, as well as inconsistent results. The Court CONCLUDES that exercising its discretion to abstain pursuant to *Brillhart* and stay this matter best serves the principles of "wise judicial administration." *Wilton*, 515 U.S. at 288. In light of this ruling, the Court does not address the alternative request for a stay pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1) Defendants' motion (C24-5729, Dkt. No. 7) to consolidate and stay these actions is GRANTED;

(2) Case Nos. C24-5730, C24-5731, C24-5732, C24-5736, and C24-1389 are CONSOLIDATED into Case No. C24-5729; all future pleadings and other papers shall be filed in only Case No. C24-5729 and captioned as "First Fed Bank v. BLC Water Company LLC, et al." in the Tacoma Division of the Western District of Washington;

(3) This now consolidated action is hereby STAYED pursuant to *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and its progeny, until further Order of the Court;

(4) The parties are DIRECTED to file a Joint Status Report on the earliest of: (a) six (6) months after the date of this Order and every six (6) months thereafter, or (b) within fourteen (14) days after resolution of (i) *BLC Water Co., LLC v. First Fed Bank*, King County Superior Court Case No. 24-2-20247-1 SEA, (ii) *First Fed Bank v. Pacific Water Technology, LLC*, King County Superior Court Case No. 24-2-19871-7 SEA, or (iii) *First Fed Bank v. Founders Mosaic Partners, LLC*, King County Superior Court Case No. 24-2-12567-1 SEA; and

(5) The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 3rd day of December, 2024.

Tana Lin
United States District Judge

ORDER - 9